

**FOLEY HOAG** LLP
ATTORNEYS AT LAW

March 8, 2005

Colin J. Zick
617.832.1275
czick@foleyhoag.com

The Honorable Nancy Gertner
United States District Judge
United States District Court for the District of Massachusetts
One Courthouse Way
Boston, MA 02109

    Re:    Copyright Infringement Actions

Dear Judge Gertner:

    I am writing on behalf of the Plaintiff record companies, as a follow-up to the Court's December 9, 2004 orders issued on Plaintiffs' Motion for Leave to Take Immediate Discovery.[1]

    In our letter to you of December 27, 2004 regarding those orders, we stated that we would submit to the Court the form of letter that we intend to send to Doe defendants once they had been identified by their ISPs (but prior to the Doe defendants being named in a complaint on the public record), and the form of letter we intend to accompany service of the summons and complaint in actions against named defendants commenced in this Division of this District. These letters seek to inform defendants about the Plaintiffs' lawsuit against them and to indicate Plaintiffs' willingness to discuss settlement. Models of these two letters are enclosed for your review; the actual letters will be identical, except that they will be prepared on law firm letterhead.

---

[1] The copyright infringement matters with Doe defendants that have been filed to date by the Plaintiff record companies in the Eastern Division of the District of Massachusetts are:

    04-CV-12434-NG, London-Sire Records Inc., et al. v. Does 1-4;

    04-CV-12435-NG, Interscope Records, et al. v. John Doe;

    04-CV-12436-NG, Maverick Recording Company, et al. v. John Doe;

    04-CV-12437-NG, Atlantic Recording Corporation, et al. v. Does 1-5;

    04-CV-12438-NG, Capitol Records, Inc., et al. v. John Doe;

    04-CV-12439-NG, Loud Records, LLC, et al. v. Does 1-5;

    05-CV-10159-NG, Motown Record Company, L.P, et al. v. Does 1-2;

    05-CV-10160-NG, Interscope Records, et al. v. Does 1-2;

    05-CV-10168-NG, BMG Music, et al. v. Does 1-2; and

    05-CV-10169-NG, UMG Recordings, Inc., et al. v. Does 1-2.

The Honorable Nancy Gertner
March 8, 2005
Page 2

settlement. Models of these two letters are enclosed for your review; the actual letters will be identical, except that they will be prepared on law firm letterhead.

Both letters are identical to those that have already been approved by Judge Rufe in the Eastern District of Pennsylvania, which I understand to be the only other court in which pre-approval of such communications has been required. We therefore look forward to receiving the court's authorization to use these letters in this jurisdiction.

If the Court or its clerks have any questions regarding these issues, please do not hesitate to call me to discuss them.

Very truly yours,

Colin J. Zick

cjz
Enclosures
cc:   Gabriel M. Helmer, Esq. (w/encl.)

FHBOSTON/2835928.2

[NAME]
[ADDRESS]
[ADDRESS]

      Re:    [Case Name]
             **United States District Court for the District of Massachusetts**
             **Case No. [    ]**

Dear [Name]:

      This letter is written to inform you that you have been sued by a number of record companies for copyright infringement. This law firm is counsel to the record company plaintiffs. You are being sued because we have obtained evidence that, through your account with your Internet Service Provider ("ISP"), you have made copyrighted sound recordings owned by the record company plaintiffs available for mass distribution over a peer-to-peer network.

      Although you have already been sued, you have not yet been named as a defendant. At the time of filing the lawsuit, we knew only the Internet Protocol ("IP") address associated with your Internet usage. Therefore, you were sued anonymously as a "Doe Defendant" in the above-referenced lawsuit. Pursuant to a Court Order issued by the judge in that case, your ISP provided us with your identifying information, including your name and address. By law, we may use that information to identify you by name in a lawsuit and serve you with a copy of the new complaint. We are writing in advance of serving a new complaint, in the event that you have an interest in resolving these claims.

      In deciding whether you wish to discuss this matter, here are some things we believe you should consider:

- Making copyrighted recordings available for others to download by putting those recording into your so-called "shared" folder is copyright infringement, as is the unauthorized downloading of copyrighted recordings.

- The Copyright Act imposes a range of statutory damages for copyright infringement. Except for conduct deemed "innocent" or "willful," the damages range is $750 to $30,000 for *each* copyrighted work infringed. In addition to damages, you may also be responsible for paying record company plaintiffs' legal fees and costs, and may have an injunction entered against you prohibiting you from further infringing activity.

- If you choose not to settle the case, then we will name you as a defendant and serve you with a copy of the complaint. You must then file a response to the complaint. Failure to do so can result in a default judgment being entered against you. That default will include the entry of a monetary judgment and an injunction.

0778283.1

- Now that you are aware that a lawsuit has been filed against you, there is an obligation for you to preserve evidence that relates to the claims against you. In this case, that means, at a minimum, the entire library of recordings that has been made available for distribution as well as any recordings that have been downloaded, need to be maintained as evidence. The evidence necessary for the record companies to prevail in this action has already been secured. Nevertheless, any destruction of evidence would be a serious matter.

**WE ARE NOT YOUR LAWYERS, NOR ARE WE GIVING YOU LEGAL ADVICE. WE URGE YOU TO CONSULT WITH AN ATTORNEY IMMEDIATELY TO ADVISE YOU ON YOUR RIGHTS AND RESPONSIBILITIES.**

The record companies would like you to know the reasons they take copyright infringement, as alleged in the Complaint, seriously. Copyright infringement is not victimless conduct. People spend countless hours working hard to create music – not just recording artists and songwriters, but also session players, backup singers, sound engineers and other technicians. In addition, the music industry employs thousands of other people, such as CD-plant workers, warehouse personnel, and record store clerks. They all depend on the sale of recordings to earn a living. So do the record companies, which routinely invest millions of dollars to discover and sign promising artists, and then to produce and market their recordings. If piracy eats away at the investment dollars available to fund new music – and it does – what happens to the future of music? A creatively gifted, but commercially risky, artist may not get signed. A talented songwriter may be forced to make songwriting a hobby instead of a career. In the end, the music suffers, along with everyone who cares about it – from the people who make it to the consumers who enjoy it.

If you have an interest in discussing this matter, including settlement, the record companies request, with our consent, that you contact their representatives on or before ten (10) calendar days from the date of this letter. You or your attorney can contact them by phone at (206) 973-4145, by facsimile at (206) 242-0905, or by e-mail at info@settlementsupportcenter.com. If you are under 18, your attorney (or your parent or other guardian) must be present during any discussions. If you do not contact them within that time, the litigation will continue.

## NOTICE TO DEFENDANT

### Re: Copyright Infringement Claims

The documents you received with this notice are a Complaint and Summons. Please note, this law firm is counsel to the record company plaintiffs. You are being sued because we have obtained evidence that, through your account with your internet service provider, copyrighted sound recordings owned by the record company plaintiffs have been made available for mass distribution over a peer-to-peer network. A complete copy of those files offered for distribution is attached to the Complaint. **FAILURE TO FILE A TIMELY RESPONSE TO THE COMPLAINT MAY RESULT IN THE ENTRY OF A JUDGMENT AGAINST YOU.**

The record company plaintiffs are prepared to prosecute this lawsuit. However, as discussed below, they are willing to consider settling the case promptly. In deciding whether you wish to discuss settlement, here are some things we believe you should consider:

- Making copyrighted recordings available for others to download by putting those recording into your so-called "shared" folder is copyright infringement, as is the unauthorized downloading of copyrighted recordings.

- The Copyright Act imposes a range of statutory damages for copyright infringement. Except for conduct deemed "innocent" or "willful," the damages range is $750 to $30,000 for *each* copyrighted work infringed. In addition to damages, you may also be responsible for paying record company plaintiffs' legal fees and costs, and may have an injunction entered against you prohibiting you from further infringing activity.

- Being named a defendant in a lawsuit creates an obligation for you to preserve evidence that relates to the claims against you. In this case, that would mean, at a minimum, the entire library of recordings that has been made available for distribution as well as any recordings that have been downloaded.

**WE ARE NOT YOUR LAWYERS, NOR ARE WE GIVING YOU LEGAL ADVICE. WE URGE YOU TO CONSULT WITH AN ATTORNEY IMMEDIATELY TO ADVISE YOU ON YOUR RIGHTS AND RESPONSIBILITIES.**

The record companies would like you to know the reasons they take copyright infringement, as alleged in the Complaint, seriously. Copyright infringement is not victimless conduct. People spend countless hours working hard to create music – not just recording artists and songwriters, but also session players, backup singers, sound engineers and other technicians. In addition, the music industry employs thousands of other people, such as CD-plant workers, warehouse personnel, and record store clerks. They all depend on the sale of recordings to earn a living. So do the record companies, which routinely invest millions of dollars to discover and sign promising artists, and then to produce and market their recordings. If piracy eats away at the investment dollars available to fund new music – and it does – what happens to the future of music? A creatively gifted, but commercially risky, artist may not get signed. A talented songwriter may be forced to make songwriting a hobby instead of a career. In the end, the music

-2-

suffers, along with everyone who cares about it – from the people who make it to the consumers who enjoy it.

If you or your attorney would like to discuss settlement, the record companies request, with our consent, that you contact their representatives by phone at (206) 973-4145, by facsimile at (206) 242-0905, or by e-mail at info@settlementsupportcenter.com. If you or your attorney would like to discuss the litigation, you may contact us at (310) 235-2442. If you are under 18, your attorney (or your parent or other guardian) must be present during any discussions.