UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARISTA RECORDS LLC, a Delaware limited ) <br> liability company; WARNER BROS. ) <br> RECORDS INC., a Delaware corporation; ) <br> ATLANTIC RECORDING CORPORATION, a ) <br> Delaware corporation; VIRGIN RECORDS ) <br> AMERICA, INC., a California corporation; ) <br> UMG RECORDINGS, INC., a Delaware ) <br> corporation; BMG MUSIC, a New York general ) <br> partnership; CAPITOL RECORDS, INC., a ) <br> Delaware corporation; SONY BMG MUSIC ) <br> ENTERTAINMENT, a Delaware general ) <br> partnership; MOTOWN RECORD ) <br> COMPANY, L.P., a California limited ) <br> partnership; MAVERICK RECORDING ) <br> COMPANY, a California joint venture; ) <br> ELEKTRA ENTERTAINMENT GROUP INC., ) <br> a Delaware corporation; LAFACE RECORDS ) <br> LLC, a Delaware limited liability company; and ) <br> INTERSCOPE RECORDS, a California general ) <br> partnership, ) <br> ) <br>               Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DOES 1 - 21, ) <br> ) <br>               Defendants. ) | CIVIL ACTION No. 04-cv-12434-NG <br> (CONSOLIDATED DOCKET NUMBER) <br> <br> CIVIL ACTION No. 07-cv-10834-NG <br> (ORIGINAL DOCKET NUMBER) |

**PLAINTIFFS' OPPOSITION TO MOTION TO QUASH SUBPOENA**

Plaintiffs respectfully submit this opposition to Defendant John Doe's ("Doe's" or "Defendant's") motion to quash a subpoena issued by Plaintiffs to Boston University (the "University"). For the reasons discussed below, Defendant's motion should be denied.

As an initial matter, Defendant's counsel, Mr. Sayeg, has misrepresented the scope of his representation to this Court. Mr. Sayeg signed the Motion to Quash ("Motion") [Docket No. 10] and the accompanying "Memorandum of Law of Boston University In Support of Its Motion to

Quash Subpoena" ("Mem. Supp. Mot.) [Docket No. 11] on behalf of "John Does 1-21," despite

the fact that he does not represent each of the Doe defendants in this matter.[1] Mr. Sayeg has

continuously refused to comply with repeated requests from Plaintiffs' counsel to identify which

Doe defendant he represents and to file a clarifying statement with this Court. *See* June 15, 2007

Letter from M. Rothman to R. Sayeg; June 21, 2007; Letter from R. Sayeg to J. Bauer, attached

collectively hereto as Exhibit A. Mr. Sayeg has also refused to identify his client to the

University, despite the ease with which the University can determine the Doe number for Mr.

Sayeg's client. *See* June 25, 2007 Letter from C. Talley to J. Bauer, attached hereto as Exhibit B.

Mr. Sayeg's continued refusal to identify his client and clarify the scope of his representation

raises a number of issues and has caused unnecessary delay and confusion in this case.

First, Mr. Sayeg may have moved to quash the subpoena on behalf of a number of Doe

defendants who may not have consented to the Motion. Those defendants who have contacted

Plaintiffs' counsel to discuss settlement, either directly or through counsel, may wish to take

advantage of settlement terms that are more favorable this early in the litigation than may be

available after the motion to quash has been litigated and this case progresses. By moving to

quash the subpoena purportedly on behalf of those defendants without their consent, Mr. Sayeg

is taking that decision out of their hands and possibly harming their best interests.

Second, Mr. Sayeg's refusal to identify which Doe defendant(s) he represents has

engendered confusion and uncertainty with respect to *all* of the Doe defendants in this case.

That confusion and uncertainty is preventing Plaintiffs' counsel from engaging in discussions

with several different Doe defendants who have contacted them to discuss various issues,

---

[1] It is clear from Plaintiffs' counsel's communications with Mr. Sayeg and with other attorneys who are representing different Doe defendants in this case that Mr. Sayeg does not represent each of the Doe defendants.

including settlement.  Plaintiffs' counsel are understandably concerned about communicating directly with any defendant who is represented by counsel.  Mr. Sayeg's representation to the Court and to Plaintiffs' counsel that he represents all of the Doe defendants, which Plaintiffs' counsel knows is incorrect, makes it impossible for Plaintiffs' counsel to determine with certainty whether defendants who have contacted Plaintiffs' counsel are represented by counsel.  Until Mr. Sayeg clarifies which of the Doe defendants he does not represent, he is interfering with the ability of those defendants to enter into settlement negotiations.

Finally, because it cannot determine which Doe defendant is objecting to the subpoena, the University is refusing to provide *any* response to the subpoena until Mr. Sayeg's Motion is resolved.  *See* Letter from C. Talley to Clerk of Courts [Docket No. 13].

Defendant asks this Court to quash the subpoena and vacate its Order allowing Plaintiffs to serve the subpoena identifying who the Defendant is on the ground that Plaintiffs have failed to make a prima facie showing of copyright infringement.  This argument does not present a proper basis on which to quash a subpoena under Fed. R. Civ. P. 45(c)(3) and would serve solely to immunize the Defendant and all of the other Doe defendants in this lawsuit from liability for violating Plaintiffs' copyrights.  This argument is also irrelevant at this stage of the litigation – the proper standard for determining the sufficiency of Plaintiffs' complaint is whether Plaintiffs' have met the liberal pleading standard of Fed. R. Civ. P. 8(a).  Furthermore, even if Plaintiffs were required to make a prima facie showing of copyright infringement at this stage of the litigation, many courts have agreed in similar cases that Plaintiffs' complaint is more than sufficient to state a prima facie claim for copyright infringement.

## BACKGROUND

The Court is well-versed in the background of this case.  Plaintiffs are major recording companies who own copyrights in sound recordings.  Collectively, they face a massive problem

of digital piracy over the Internet.  Every month, copyright infringers unlawfully disseminate billions of perfect digital copies of Plaintiffs' copyrighted sound recordings over peer-to-peer ("P2P") networks.  *See* Lev Grossman, *It's All Free*, Time, May 5, 2003.  A P2P network is an online media distribution system that allows users to transform their computers into interactive Internet sites, disseminating files for other users to copy.  As a direct result of piracy on P2P networks, Plaintiffs have and continue to sustain substantial financial losses.

P2P users who disseminate (upload) and copy (download) copyrighted material violate the copyright laws.  *See, e.g., Metro-Goldwyn-Mayer Studios, Inc., et al. v. Grokster Ltd., et al.,* 125 S.Ct. 2764, 2770-72 (2005) (noting that users of P2P networks share copyrighted music and video files on an enormous scale, and, as such, even the providers of those networks "concede infringement" by the individual users); *In re Aimster Copyright Litigation*, 334 F.3d 643.  Copyright infringement over P2P networks is widespread, however, because users can conceal their identities by means of an alias, copyright owners can observe infringement occurring on P2P networks, but cannot (without assistance) identify the true names and locations of the infringers.

The Defendant in this case is an active participant on a P2P network, offering copyrighted sound recordings stored on his computer for others to download and downloading copyrighted sound recordings from other users of the P2P network.  Plaintiffs discovered Defendant openly disseminating sound recordings whose copyrights are owned by Plaintiffs.  By logging onto the P2P network, Plaintiffs viewed the files that Defendant was offering to other users.  The Defendant in this case is a significant infringer.  He has chosen to distribute from his computer as many as 699[2] sound recordings whose copyrights are owned by various of the

---

[2] Though Plaintiffs do not know which Doe defendant has brought the present motion,

Plaintiffs. In conjunction with the complaint filed in this case, Plaintiffs listed a sample of the songs that the defendants were disseminating without authorization (*see* Exhibit A to the Complaint).[3]

As has previously been explained to the Court in the Linares Declaration filed with the original *Ex Parte* Motion to Take Immediate Discovery ("Discovery Motion"), upon finding Defendant disseminating large numbers of copyrighted works, Plaintiffs gathered substantial evidence of Defendant's illegal conduct. Plaintiffs could not ascertain Defendant's name, address, or any other contact information, but could identify the Internet Protocol ("IP") address from which the Defendant was unlawfully disseminating Plaintiffs' copyrighted works. *See* Linares Decl. ¶ 18. Using the IP address, Plaintiffs determined that Defendant was using the University's internet service to disseminate copyrighted works unlawfully. *Id.* The University maintains logs that match IP addresses with their users' computers. *Id.* ¶ 12. By looking at its IP address logs, the University can match the IP address, date, and time with the computer that was using the IP address when Plaintiffs observed the infringement. Thus, the University—and only the University—can identify the Defendant in this case.

---

each of the Doe defendants in this case made available for distribution between 100 and 699 of Plaintiffs' copyrighted sound recordings.

[3] Plaintiffs discovered each Defendant with at least 100 – and several with more than 600 – sound recordings on his or her computer, many of which are owned by Plaintiffs. Each Defendant was distributing these sound recordings freely to the millions of people who use similar P2P networks. On information and belief, Defendant downloaded (copied) all or many of the sound recordings without permission of the record company copyright owners.

## ARGUMENT

I.  **DEFENDANT FAILS TO PROVIDE A PROPER BASIS ON WHICH TO QUASH PLAINTIFFS' RULE 45 SUBPOENA**

    A.    <u>Defendant Has Failed To Articulate A Valid Basis For Quashing The Subpoena.</u>

        Rule 45(c)(3) specifies four grounds on which a subpoena may be quashed. Specifically, a subpoena may be quashed if it: (1) fails to allow reasonable time for compliance; (2) requires a person who is not a party to travel to a place more than 100 miles from the place where that person resides; (3) requires disclosure of privileged or other protected matter; or (4) subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3). Defendant fails to identify any basis under Rule 45(c)(3) on which he is moving to quash the subpoena. Defendant's failure to identify such a basis is not coincidental. Defendant's arguments regarding the sufficiency of Plaintiffs' complaint and Plaintiffs' supposed failure to make a prima facie showing of copyright infringement are simply not valid bases on which to quash a subpoena. There will be a time for Defendant to deny Plaintiffs' allegations and to contest Plaintiffs' theory of their case, but that time is not now. For this reason alone the Motion should be denied.

    B.    <u>The Court's Order Granting Plaintiffs' Motion For Expedited Discovery Was Properly Granted.</u>

        Plaintiffs' use of a "John Doe" complaint in this matter and the Court's grant of Plaintiffs' motion for expedited discovery were both proper. Most courts apply a flexible good cause standard in deciding whether to grant orders for expedited discovery in circumstances like those presented here.[4] Under this standard, courts examine the reasonableness of the discovery

---

    [4] The cases Defendant cites in support of his claim that discovery should be allowed only after a defendant has been served not only do not help his argument, but in fact support Plaintiffs' position. In *Sony Music Entertainment, Inc. v. Does 1-40*, 326 F. Supp. 2d 556, a case very similar to this one, the Court denied the Defendant's Motion to Quash the subpoena and held that the plaintiff copyright owners were entitled to discovery. The Court stated that plaintiffs, on evidence very similar to that submitted in the case at hand, had "made a concrete

request in light of all of the surrounding circumstances, *see, e.g., Ayyash v. Bank Al-Madina*, 2005 U.S. Dist. LEXIS 14276 (S.D.N.Y. 2005), and generally find good cause in cases involving claims of infringement. *Qwest Communs. Int'l Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003) ("The good cause standard may be satisfied ... where the moving party has asserted claims of infringement ..."); *Benham Jewelry Corp. v. Aron Basha Corp.,* 1997 U.S. Dist. LEXIS 15957 (S.D.N.Y. 1997).

As this Court has already found, both in this case and in similar copyright infringement cases, Plaintiffs' request for expedited discovery is reasonable under the good cause standard, in light of the allegations of Plaintiffs' Complaint, the harm to Plaintiffs of having Defendant infringe hundreds of Plaintiffs' copyrighted works, Plaintiffs' inability to pursue the case against Defendant absent expedited discovery, the opportunity that Defendant would have to defend against Plaintiffs' claims at the appropriate time, and the low burden on the University of complying with the discovery order. *See*, *e.g.*, Order, *London-Sire Records, Inc. v. Does 1-4*, Civil Action No. 04-142434-NG (D. Mass. June 20, 2005). Nothing in Defendant's motion changes the fact that Plaintiffs have met the good cause standard for granting expedited discovery. Defendant's motion to quash and request to vacate should therefore be denied.

## II.    PLAINTIFFS HAVE STATED A CLAIM FOR COPYRIGHT INFRINGEMENT

Defendant's argument that Plaintiffs have failed to make a prima facie showing of copyright infringement is a red herring. As discussed above, this is not the standard by which Plaintiff's Discovery Motion is to be judged and does not present a valid basis for quashing the subpoena. However, even if Defendant's arguments were appropriate at this stage, which is not

---

showing of a prima facie claim of copyright infringement." *Id.* at 565. Similarly, in *Columbia Insurance Co. v. Seescandy,* 185 F.R.D. 573, 580 (N.D. Cal. 1999), the Court found that the plaintiffs had made the showing required to state a claim of copyright infringement, as plaintiffs' complaint was sufficient to survive a motion to dismiss. The other case on which Defendant relies reached different results based on the unique and distinguishable facts before that court.

the case,[5] Plaintiffs have made a prima facie showing of copyright infringement.  Defendant's

argument to the contrary is based on a misunderstanding of Plaintiffs' allegations and of the

Copyright Act.

     A.    <u>Plaintiffs Have Sufficiently Alleged Copyright Infringement By The Doe
Defendants</u>.

In the context of a copyright infringement claim, a plaintiff need only allege: (1) that the

plaintiff owns valid copyrights and (2) that Defendant violated one or more of the exclusive

rights in 17 U.S.C. § 106 by, for example, copying or distributing Plaintiffs' copyrighted works.

*See Susan Wakeen Doll Co., Inc. v. Ashton Drake Galleries*, 272 F.3d 441, 450 (7th Cir. 2001);

*see also, e.g., Feist Pub., Inc. v. Rural Tel. Serv. Co., Inc.,* 499 U.S. 340, 361 (1991) ("To

establish copyright infringement, two elements must be proven: (1) ownership of a valid

copyright, and (2) copying of constituent elements of the work that are original."); 4 Melville

Nimmer & David Nimmer, NIMMER ON COPYRIGHT § 13.01, at 13-5 & n.4 (2002) ("Reduced to

most fundamental terms, there are only two elements necessary to the plaintiff's case in an

infringement action: ownership of the copyright by the plaintiff and copying [or public

distribution or public display] by the defendant.").

Plaintiffs have met this burden.  Plaintiffs have alleged that they own valid copyrights in

the sounds recordings identified in Exhibit A of the Complaint.  Plaintiffs have further alleged

that the Doe defendant has used and continues to use an online media distribution system to

download and distribute the sound recordings identified in Exhibit A, in violation of Plaintiffs'

copyrights and exclusive rights under the Copyright Act.  (Complaint ¶ 22.)  Such allegations

suffice to establish a copyright claim because they establish Plaintiffs' ownership of valid

---

[5] Should the Court nonetheless wish to consider Defendants' argument that Plaintiffs
have allegedly provided insufficient evidence to state a prima facie claim of copyright
infringement, Plaintiffs respectfully request an opportunity to provide such evidence.

copyrights in clearly specified works and because they expressly state the acts by which and the time during which copyright infringement took place, namely the continuous and ongoing reproduction and distribution of the Copyrighted Recordings using an online media distribution system.

Every court that has considered a motion to dismiss virtually identical allegations against other defendants in similar copyright cases has determined that the plaintiff record companies' allegations satisfy Rule 8 and Rule 12. In addition to many unpublished decisions, the following decisions are available on Lexis and Westlaw: *Elektra Entm't Group, Inc. v. Crawford*, 226 F.R.D. 388, 390 (C.D. Cal. 2005); *Elektra Entertainment Group, Inc. v. Santangelo*, 2005 U.S. Dist. LEXIS 30388, No. 05-CV-2414-CM (S.D.N.Y. Nov. 28, 2005) (denying the defendants' motion to dismiss, finding that Plaintiffs' Complaint satisfied Rule 8's pleading requirements, as applied to copyright infringement claims.); *Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d 556, at 565 (S.D.N.Y. 2004) (in rejecting a similar motion to quash the Court noted that "Plaintiffs have made a concrete showing of a prima facie claim of copyright infringement"); *Arista Records LLC v. Gruebel*, 453 F.Supp 2d 961 (N.D. Tex. 2006); *Interscope Records v. Duty*, 2006 U.S. Dist. LEXIS 20214 (D. Ariz.); *Maverick Recording Co. v. Goldshetyen*, 2006 U.S. Dist. LEXIS 52422 (E.D.N.Y.); *Warner Bros. Records, Inc. v. Payne*, 2006 U.S. Dist. LEXIS 65765 (W.D. Tex.).

Moreover, Plaintiffs allegations of Doe defendants' unlawful distribution are well supported on the face of the Complaint, which shows massive infringement by each of the Doe defendants. For example, Plaintiffs have gathered substantial evidence that each Doe defendant has unlawfully disseminated hundreds of Plaintiffs' copyrighted works and have attached to the Complaint a partial list of the sound recordings each Doe defendant downloaded and/or

distributed to the public. *See* Ex. A, Complaint. Thus, Plaintiffs have already presented

competent evidence that Defendant was disseminating hundreds of copyrighted sound recordings

without authorization and had previously illegally downloaded hundreds of copyrighted sound

recordings. Defendant may dispute that evidence, and may deny Plaintiffs' claims, but that is not

a basis for quashing the subpoena.

    B.    <u>Plaintiffs' Theory of Copyright Infringement Is Well-Supported Under The Law</u>.

    As discussed above, Plaintiffs' Complaint stands on its own and is sufficient to state a

claim for copyright infringement. The Linares Declaration, which Defendant appears to confuse

with Plaintiffs' Complaint, simply provides factual support for Plaintiffs' contention that good

cause existed for this Court to grant Plaintiffs' request for expedited discovery. As such,

Defendant's argument that "the theory advanced in the Linares Declaration," in support of

Plaintiffs' Discovery Motion, is "incorrect under the law," (Mem. Supp. Mot. at 5), is unavailing.

    Moreover, the "theory" of copyright infringement contained in the Linares Declaration,

and in Plaintiffs' Complaint, is well supported. Defendant misconstrues the nature of Plaintiffs'

claims when he states that "the grounds" for Plaintiffs' Discovery Motion is "that the individual

users of internet services infringed plaintiffs' copyrights by storing music files on the their

computers while connected to the internet without sufficient protection to prevent third parties

from accessing those music files and copying them."[6] (Mem. Supp. Mot. at 3-4.) Plaintiffs'

---

    [6] Defendant's arguments that Plaintiffs' complaint is deficient because they have failed to allege "that individual users invited anyone to copy their music files," that "individual users were aware that any [sic] copied their music files," that "the individual users were even aware that their music files could be copied by third parties," and that there exists "a duty for individual users to protect their music files from copying by third parties over the internet" are equally misplaced. (Mem. Supp. Mot., at 4.) None of the "missing" allegations are necessary to state a claim for copyright infringement. Copyright infringement is a strict liability claim, the defendant's "motive or intent is irrelevant to establishing liability." *Flyte Time Tunes v. BSB Inns, Ltd.*, 1990 U.S. Dist. LEXIS 9330, *8, No. 89-cv-564 (N.D.N.Y. July 16, 1990); *Ford Motor Co. v. Summit Motor Products, Inc.*, 930 F.2d 277, 299 (3d Cir. 1991) (it "is settled law

claims for copyright infringement are based on the *direct* copying and distribution of Plaintiffs' copyrighted sound recordings by each of the Doe defendants. Uploading and downloading copyrighted works over a P2P network, which Plaintiffs have alleged each Doe defendant has done on a massive scale, clearly violates federal law and Plaintiffs' exclusive rights under the Copyright Act. *See e.g.*, *BMG Music v. Gonzalez*, 430 F.3d 888 (7th Cir. 2005); *In re Aimster Copyright Litigation*, 334 F.3d 643, 645 (7th Cir. 2003) ("swap[ping] computer files containing popular music . . . infringes copyright"); *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013-14 (9th Cir. 2001); *Sony Music Corp., et al. v. James Scott*, No. 03-Civ.6886-BSJ (Feb. 18, 2005 S.D.N.Y) (finding "no genuine issue of material fact as to Defendant's liability for infringing Plaintiffs' copyrights.").

As to Plaintiffs' allegation that Defendant improperly distributed such files, Defendant does not appear to dispute the truth of that allegation, but rather contends that Defendant is not liable for making available the copyrighted sound recordings to millions of people because "nothing in the Complaint . . . alleges any Doe defendant received a commercial advantage by storing copyrighted files in a place where others could access them and make copies." (Mem. Supp. Mot. at 5.) Defendant's presumption is incorrect because there is no requirement that a plaintiff must allege the defendant received a commercial advantage in order to state a claim for copyright infringement. Section 106 of the Copyright Act, 17 U.S.C. § 101, *et seq.*, which sets forth the rights that a copyright holder may enforce, "contains no 'for profit' requirement." *LaSalle Music Publrs., Inc. v. Highfill*, 831 F.2d 300 (8th Cir. 1987) ("Title 17 U.S.C. § 106 sets forth the rights that a copyright holder may enforce" and does not contain a "for profit"

---

that innocent intent is generally not a defense to copyright infringement."). For the same reasons, Defendant's argument that "there was not even an allegation that the individuals intentionally made the files available on their computers for distribution to others," (Mem. Supp. Mot., at 6), is irrelevant.

requirement); *see also Ford Motor Co. v. Summit Motor Products, Inc.*, 930 F.2d 277, 299 (3d Cir. 1991) (noting that legislative intent was to grant the copyright owner has the right to control public distribution, "whether by sale, *gift*, loan, or some rental or lease arrangement") (emphasis added) (citation omitted); *Pedrosillo Music v. Radio Musical, Inc.*, 815 F. Supp. 511, 514 (D.P.R. 1993) ("showing of profit" not necessary "to make out a cause of action for copyright infringement."); *Almo Music Corp. v. 77 East Adams, Inc.*, 647 F. Supp. 123, 125 (N.D. Ill. 1986) ("plaintiffs did not have to plead that their copyrighted work was performed for profit in order to survive a motion to dismiss.").

Similarly, the cases Defendant cites in support of his claim that their "theory of copyright infringement has been considered by courts in prior cases and has never been adopted," (Mem. Supp. Mot., at 5), either support *Plaintiffs'* "theory", or are inapposite because they were decided on the unique and distinguishable facts before those courts. *Arista Records, Inc. v. MP3Board, Inc.*, 2002 U.S. Dist. LEXIS 16165 (S.D.N.Y. Aug. 29, 2002) supports Plaintiffs' position because the court found Plaintiffs' allegations sufficient to survive the defendant's motion for summary judgment and allowed the case to proceed. *Obolensky v. G.P. Putnam's Sons*, 628 F. Supp. 1552, 1554 (S.D.N.Y. 1986) is distinguishable because it involved a defendant who identified itself as the publisher of Plaintiffs' book; there were no allegations of copying or distribution of the copyrighted material as there are here. The primary issue in *National Car Rental Sys., Inc. v. Computer Assocs. Int'l, Inc.*, 991 F.2d 426, 434 (8th Cir. 1993) was whether the Copyright Act preempted the plaintiff's claim for breach of a licensing agreement regarding the use of computer software. The court commented on the distribution requirement only in the context of rejecting the defendant's argument that simply using the plaintiff's computer program to benefit another constituted a distribution. *Id.* at 434. *SBK Catalogue Partnership v. Orion*

*Pictures Corp.*, 723 F. Supp. 1053 (D.N.J. 1989) and *CACI Intern., Inc. v. Pentagen Tech.*

*Intern.*, 1994 U.S. Dist. LEXIS 21457, *12, 93 Civ. 1631 (E.D.Va. June 16, 1994) (Appendix 3)

are inapposite because they did not involve the direct copying and distribution of copyrighted

works over a P2P network that is alleged here.

In sum, Plaintiffs have stated a claim for copyright infringement and have provided more

than sufficient information to warrant the limited discovery they seek. Thus, this Court correctly

found that Plaintiffs have met the standard for expedited discovery. Indeed, it was for these

reasons that this Court—like the hundreds of other courts across the country that relied on

precisely the same kind of evidence in parallel cases—granted Plaintiffs leave to serve the

subpoena seeking the defendants' identifying information. (*See* attached <u>Exhibit C</u> for a partial

list of cases in which courts have granted motions for leave to take expedited discovery in

parallel cases.)

## CONCLUSION

Defendant has not presented a single valid basis for quashing the subpoena. Even if

Defendant's arguments did present a potential basis for quashing the subpoena, for all of the

foregoing reasons, Plaintiffs have stated a claim for, and made a prima facie showing of,

copyright infringement against each of the Doe defendants. Accordingly, Plaintiffs respectfully

request that this Court deny Defendant's motion to quash the subpoena and order the University

to fully comply with the subpoena forthwith.

13

ARISTA RECORDS LLC; WARNER BROS.
RECORDS INC.; ATLANTIC RECORDING
CORPORATION; VIRGIN RECORDS
AMERICA, INC.; UMG RECORDINGS, INC.;
BMG MUSIC; CAPITOL RECORDS, INC.;
SONY BMG MUSIC ENTERTAINMENT;
MOTOWN RECORD COMPANY, L.P.;
MAVERICK RECORDING COMPANY;
ELEKTRA ENTERTAINMENT GROUP INC.;
LAFACE RECORDS LLC; and INTERSCOPE
RECORDS

By their attorneys,

Dated: June 27, 2007          By:    /s/ Nancy M. Cremins
                                     John R. Bauer, BBO# 630742
                                     Nancy M. Cremins, BBO # 658932
                                     ROBINSON & COLE LLP
                                     One Boston Place
                                     Boston, MA  02108-4404
                                     Main Phone:  (617) 557-5900
                                     Main Fax:  (617) 557-5999

14

## NOTICE OF ELECTRONIC FILING

The undersigned hereby certifies that this document was electronically filed on June 27, 200 and will be sent electronically to the registered participants identified on the Notice of Electronic Filing.  In addition,  a copy was served by first class mail to the following:

Raymond Sayeg, Esq.
Denner Pellegrino
4 Longfellow Place, 35th Floor
Boston, MA 02114

/s/ Nancy M. Cremins
Nancy M. Cremins



# Holme Roberts & Owen LLP
*Attorneys at Law*

DENVER

BOULDER

COLORADO SPRINGS

LONDON

LOS ANGELES

MUNICH

SALT LAKE CITY

SAN FRANCISCO

June 15, 2007

Raymond Sayeg
Denner Pellegrino LLP
4 Longfellow Place, 35th Floor
Boston, MA 02114

Re:    Motion to Quash Subpoena
       <u>Arista Records LLC., *et al.* v. Does 1-21</u>
       Case No. 1:07-cv-10834-NG

Dear Mr. Sayeg:

My firm is national counsel for Plaintiffs in the above-referenced lawsuit. I write to follow up on our conversation today regarding which Doe defendant you represent and on whose behalf you have filed a Motion to Quash Subpoena ("Motion") and accompanying "Memorandum of Law of Boston University in Support of Its Motion to Quash Subpoena" ( "Memorandum of Law").

Though you signed the Motion and Memorandum of Law on behalf of "John Does 1-21," thereby representing that you filed the Motion on behalf of each of the Doe defendants, this is clearly not the case. Counsel for Plaintiffs have spoken with several attorneys who represent or are planning to represent a number of the other Doe defendants in this case, none of whom identified you as their co-counsel or indicated their clients were objecting to the subpoena. Moreover, during our conversation today, you repeatedly referred to a singular client. Though you clearly do not represent all of the Doe defendants, because you have failed to identify the particular Doe defendant on whose behalf you filed the Motion, the University is refusing to provide *any* response to the subpoena until the Motion is resolved. *See* June 15, 2007 Letter from C. Talley to Clerk of Courts ("University Letter"), attached hereto.

It is incumbent on you and your client to notify the parties and the Court which particular Doe Defendant filed the Motion. Your failure to do so thus far is causing unnecessary delays for all parties involved. As I mentioned during our conversation, you can identify your client's particular Doe number by referring to the IP address or ID number listed on any of the correspondence from the University to your client. You can also provide the University with

Moshe D. Rothman  303.866.0396  moshe.rothman@hro.com
1700 Lincoln Street, Suite 4100  Denver, Colorado 80203-4541  *tel*  303.861.7000  *fax*  303.866.0200

## Holme Roberts & Owen LLP
### Attorneys at Law

Raymond Sayeg
June 15, 2007
Page 2

your client's name, which will allow the University to match the name with an
IP address and Doe number without disclosing your client's name to Plaintiffs.

Until you identify which particular Doe defendant has moved to quash
the subpoena, Plaintiffs cannot obtain the identifying information they are
entitled to receive for any of the other 20 Doe defendants in this case who did
not object to the subpoena. Accordingly, and to avoid further unnecessary
delay, please take the steps necessary to determine which Doe defendant you
represent and file a clarifying statement with the Court by close of business on
Monday. Plaintiffs will be filing an opposition to the Motion early next week.

Please feel free to contact me if you have any questions or would like to
discuss this matter further.

Sincerely,

Moshe D. Rothman

MDR:tdt

**Boston University**

Office of the General Counsel
125 Bay State Road
Boston, Massachusetts 02215
Tel: 617-353-2326
Fax: 617-353-5529

Todd L. C. Klipp
*Vice President and*
*General Counsel*

Willis G. Wang
*Deputy General Counsel*

Michael B. Rosen
Lawrence S. Elswit
Stephen A. Williams
Dennis C. Hart
Erika Geetter
Diane Levine Gardener
Crystal D. Talley
Kathleen C. Farrell

June 15, 2007

Clerk of Courts, Civil
United States District Court
Eastern District of Massachusetts
U.S. Courthouse
One Courthouse Way
Boston, MA 02210

Re:    Artista Records LLC et al. v. Does 1-21,
       Civil Action No. 07-10834-NG (D. Mass.)

Dear Clerk:

On June 13 one of the "John Doe" defendants named in the above-referenced lawsuit
filed a Motion To Quash Subpoena [Docket No. 10] and an accompanying document
entitled "Memorandum of Law of Boston University in Support of Its Motion To Quash
Subpoena." [Docket No. 11]. That Memorandum of Law was not filed on behalf of
Boston University; Mr. Sayeg does not represent Boston University. Boston University
has not entered an appearance or filed any motion or other document in the above-
referenced proceeding. I have asked Mr. Sayeg to correct the record in this respect.

I note that the Motion To Quash does not identify the particular "John Doe" defendant on
behalf of whom it has been filed. Consequently, Boston University will await the Court's
resolution of the Motion To Quash before responding to the subpoena.

If you have any questions please do not hesitate to call me.

Best regards,

Crystal D. Talley

CDT
Enclosures

Case 1:07-cv-11034-NG   Document 106-2   Filed 06/23/2007   Page 4 of 6   ☑001

```
***********************
***   TX REPORT   ***
***********************

TRANSMISSION OK

TX/RX NO                0450
RECIPIENT ADDRESS       4103#48983#00160#16179731562#
DESTINATION ID
ST. TIME                06/15 14:37
TIME USE                01'44
PAGES SENT              4
RESULT                  OK
```



## Holme Roberts & Owen LLP
### *Attorneys at Law*

1700 Lincoln Street, Suite 4100
Denver, Colorado 80203-4541
*tel* 303.861.7000
*fax* 303.866.0200
*www.hro.com*

# FACSIMILE

| Name / Company: | Fax: | Phone: |
|---|---|---|
| Raymond Sayeg, Esq.<br>Denner Pellegrino, LLP | (617) 973-1562 | (617) 426-1500 |

Date: June 15, 2007

Billing: 48983.00160

From: Moshe D. Rothman                Atty / User #: 4103

NUMBER OF PAGES FOLLOWING THIS COVER SHEET: 3

If the top of this fax shows that it was transmitted from 303-866-0200, please call our Copy Center at 303-866-0362 if there are any transmission problems. *If you do not call the Copy Center within 15 minutes, they will assume you have received the pages satisfactorily and will return the originals to the sender.* Otherwise, please contact **Terri D. Thomas**, at the following number: **(303) 866-0647.**

BRIEF DESCRIPTION OR MESSAGE:

See attached letter.

# DENNER ♦ PELLEGRINO, LLP

## COUNSELLORS AT LAW

June 21, 2007

**BY FACSIMILE (617) 557-5999**
**AND FIRST CLASS MAIL**

John R. Bauer, Esq.
Robinson & Cole LLP
One Boston Place
Boston, MA 02108

Re:    Arista Records LLC, et al. v. Does 1-21
U.S. District Court for the District of Massachusetts
1:07-cv-10834-NG

Dear Mr. Bauer:

We received a telephone call and a letter from Moshe Rothman, who claims his firm is "national counsel" for the Plaintiffs in the above-referenced action. We note that Mr. Rothman is not counsel of record, did not sign any pleading to date, is not a member of the bar of this court, and has not been admitted *pro hac vice* in this matter, and therefore we will not respond to him.

Mr. Rothman stated that it is incumbent on me and my client to notify the parties and the Court which particular Doe Defendant filed the Motion to Quash and that I can identify my client's particular Doe number by referring to the IP address or ID number listed on any correspondence from the University to my client. Boston University did not identify which IP address was assigned to my client, nor did it identify an ID number, and therefore we do not know which Doe number we represent. B.U.'s letter of May 15 said that their records indicated that my client was the user of <u>one or more</u> of the IP addresses attached to the subpoena. It is entirely possible that our client was the user of all the IP addresses, or was the user of none if B.U.'s records or investigation were incorrect.

The Motion was not filed to quash the subpoena as it relates to only one Doe. It was filed to quash the subpoena in its entirety, benefiting every Doe in this action. No such person would want their name divulged to plaintiffs. It also benefits Boston University and other University-ISPs, which have publicly stated that responding to this and identical subpoenas in other multi-"Doe" actions by the same plaintiff group is a great burden on their legal and information services staffs which is not compensated by plaintiffs.

---

4 Longfellow Place, 35th Floor, Boston, MA 02114    Telephone (617) 227-2800    Telefax (617) 973-1562

♦

265 State Street
Springfield, MA 01103
(413) 746-4400

♦

536 Atwells Avenue
Providence, RI 02909
(401) 454-4004

♦

3604 Broadway
New York, NY 10031
(866) 348-0900

# DENNER ◆ PELLEGRINO, LLP

### COUNSELLORS AT LAW

If the particular Doe number was relevant, plaintiffs should have filed individual actions against each Doe. There appears to be no reason or justification for suing 21 Does in a single action other than perhaps trying to save on filing fees otherwise owed to the federal court.

Mr. Rothman said "Counsel for Plaintiffs have spoken with several attorneys who represent a number of the other Doe defendants in this case, none of whom identified [me] as their co-counsel or indicated their clients were objecting to the subpoena." Please provide the names of each of said attorneys prior to filing plaintiffs' opposition so that we may contact them ourselves to determine whether they support or oppose our motion.

As we pointed out in our Memorandum of Law, plaintiffs did not make a prima facie showing of copyright infringement. The papers filed with the court, including the Lineres declaration, misled the Court into believing that plaintiffs demonstrated copyright infringement when clearly there was none.

Mr. Rothman was upset that Boston University will not provide any response to the subpoena until the Motion is resolved. The University invited each individual to file a motion to quash if it did not want names to be divulged. Now that such motion has been filed the University can not divulge the names.

Very truly yours,

Raymond Sayeg

cc: Crystal Talley, Esq.

**Boston University**

Office of the General Counsel
125 Bay State Road
Boston, Massachusetts 02215
Tel: 617-353-2326
Fax: 617-353-5529

Todd L. C. Klipp
*Vice President and*
*General Counsel*



Willis G. Wang
*Deputy General Counsel*

Michael B. Rosen
Lawrence S. Elswit
Stephen A. Williams
Dennis C. Hart
Erika Geetter
Diane Levine Gardener
Crystal D. Talley
Kathleen C. Farrell

June 25, 2007

John R. Bauer, Esq.
Robinson & Cole LLP
One Boston Place
Boston, MA  02210

Re:     Artista Records LLC et al. v. Does 1-21,
            Civil Action No. 07-10834-NG (D. Mass.)

Dear Mr. Bauer:

I have received a copy of Mr. Sayeg's letter of June 21, 2007.  Boston University has, on several occasions, offered to provide Mr. Sayeg and his colleagues with the John Doe number for his client, according to our records.  Mr. Sayeg and his colleagues have declined to identify his client to Boston University.

If you have any questions please do not hesitate to call me.

Best regards,

Crystal D. Talley

CDT

Raymong Sayeg, Esq.

**List of Orders Granting Plaintiff Recording Companies'
Motions for Leave to Serve Immediate Discovery in *John Doe* Lawsuits
(list current as of 3/29/2005)**

1.  Order, *Capitol Records, Inc., et al. v. John Does 1-250*, No. 04 CV 472 (LAK) (S.D.N.Y. Jan 27, 2004)

2.  Order, *Sony Music Entm't, Inc., et al. v. John Does 1-40*, No. 04 Civ. 473 (DC) (S.D.N.Y. Feb. 3, 2004)

3.  Order, *Warner Bros. Records Inc., et al. v. John Does 1-43*, No. 1:04-cv-00476-JES (S.D.N.Y. Feb. 10, 2004) (ruling from the bench - no Order)

4.  Order, *Elektra Entm't Group, Inc., et al. v. Does 1-7*, Civ. Action No. 04-607 (GFB) (D.N.J. Feb. 17, 2004)

5.  Order, *Motown Record Co., L.P., et al. v. Does 1-252*, No. 1:04-CV-439-WBH (N.D. Ga. Mar. 1, 2004)

6.  Order, *Virgin Records Am., Inc., et al. v. Does 1-44*, Civ. Action No. 1:04-CV-438-CC (N.D. Ga. Mar. 3, 2004)

7.  Order, *BMG Music., et al. v. Does 1-203*, Civ. Action No. 04-650 (E.D. Pa. Mar. 5, 2004) (Court severed case and granted motion for leave to serve discovery on non-severed Doe Defendant 1)

8.  Memorandum Opinion and Order, *UMG Recordings, Inc., et al. v. John Does 1-199*, Civ. Action No. 04-0093 (CKK) (D.D.C. Mar. 10, 2004)

9.  Order, *Elektra Entm't Group, Inc., et al. v. Does 1-9*, Civ. Action No. 04-CIV-2289 RWS (S.D.N.Y. Mar. 23, 2004)

10. Order, *Interscope Records, et al. v. Does 1-5*, Cause No. 1:04-CV-0542-DFH-TAB (S.D. Ind. Mar. 25, 2004)

11. Order, *Interscope Records, et al. v. Does 1-4*, CV-04-131 TUC-JM (D. Ariz. Mar. 25, 2004)

12. Order, *Interscope Records, et al. v. Does 1-7*, No. 3-04-0240 (M.D. Tenn. Mar. 29, 2004)

13. Order, *Warner Bros. Records Inc., et al. v. Does 1-4*, Case No. CV 04-1960 (TJH) (C.D. Cal. Mar. 30, 2004)

14. Order, *Capitol Records, Inc., et al. v. Does 1-2*, Case No. CV 04-1961 (RGK) (C.D. Cal. Mar. 30, 2004)

15. Order, *Arista Records, Inc., et al. v. Does 1-143*, Case No. 4:04CV93 (E.D. Tex. Mar. 30, 2004)

16. Order, *BMG Music, et al. v. Does 1-3*, Civ. Action No. 04-476 (ESH) (D.D.C. Mar. 31, 2004)

17. Order, *Atlantic Recording Corp., et al. v. Does 1-3*, Civ. Action No. 04-475 (D.D.C. Mar. 31, 2004)

18. Order, *Priority Records LLC, et al. v. John Doe*, Civ. Action No. 04-CV-0541 (JDT/TAB) (S.D. Ind. Apr. 1, 2004)

19. Order, *London-Sire Records Inc., et al. v. Does 1-4*, Case No. CV 04-1962 ABC (AJWx) (C.D. Cal. Apr. 2, 2004)

20. Order, *Fonovisa, Inc., et al. v. Does 1-2*, Case No. 1:04CV317 (E.D. Va. Apr. 2, 2004)

21. Order, *Atlantic Recording Corp. v. Does 1-13*, Case No. 1:04CV316 (E.D. Va. Apr. 2, 2004)

22. Order, *Warner Bros. Records Inc., et al. v. Does 1-9*, Case No. 04-71058 (E.D. Mich. Apr. 5, 2004) (Rosen, J.)

23. Order, *Arista Records, Inc., et al. v. Doe*, Case No. C-04-1134 JL (N.D. Cal. Apr. 5, 2004)

24. Order, *Fonovisa, Inc., et al. v. Does 1-67*, Civ. Action No. 04-WM-548 (PAC) (D. Colo. Apr. 7, 2004)

25. Order, *Motown Record Co., L.P., et al. v. Does 1-3*, Civ. Action No. 04-WM-545 (PAC) (D. Colo. Apr. 8, 2004)

26. Order, *Motown Record Co., L.P., et al. v. Does 1-5*, Civ. Action No. 04-WM-547 (PAC) (D. Colo. Apr. 8, 2004)

27. Order, *Maverick Recording Co., et al. v. Does 1-12*, Civ. Action No. 04-WM-546 (PAC) (D. Colo. Apr. 8, 2004)

28. Order, *Virgin Records Am., Inc., et al. v. John Doe*, Civ. No. PJM 04-964 (D. Md. Apr. 19, 2004)

29. Order, *Sony Music Entm't Inc., et al. v. Does 1-200*, No. 4:04-CV-339 CEJ (E.D. Mo. Apr. 22, 2004)

30.  Order, *Loud Records LLC, et al. v. Does 1-4*, Case No. 04-C-289 (E.D. Wis. Apr. 22, 2004)

31.  Order, *Interscope Records, et al. v. Does 1-3*, Civ. Action Case No. 04-1955 (GFB) (D.N.J. Apr. 28, 2004)

32.  Order, *London-Sire Records Inc., et al. v. Does 1-41*, Civ. Action Case No. 04-1960 (GFB) (D.N.J. Apr. 28, 2004)

33.  Order, *Maverick Recording Co., et al. v. Does 1-4*, Case No. C-04-1135 MMC (N.D. Cal. Apr. 28, 2004)

34.  Order, *Maverick Recording Co., et al. v. Does 1-2*, Case No. 04-CV-149 ML (D.R.I. Apr. 28, 2004)

35.  Order, *Virgin Records Am., Inc., et al. v. Does 1-3*, Civ. Action No. 3-04-cv-701 (JCH) (D. Conn. Apr. 29, 2004)

36.  Order, *Motown Record Co., L.P., et al. v. Does 1-2*, Civ. Action No. 3-04-cv-700 (JCH) (D. Conn. Apr. 29, 2004)

37.  Order, *Warner Bros. Records Inc., et al. v. Does 1-9*, Civ. Action No. 3-04-cv-702 (MRK) (D. Conn. Apr. 29, 2004)

38.  Order, *UMG Recordings, Inc., et al. v. Does 1-2*, Civ. Action No. SA-04-CA-0357-XR (W.D. Tex. Apr. 30, 2004)

39.  Order, *London-Sire Records Inc., et al. v. John Doe*, Civ. Action No. 7:04CV00208, (W.D. Va. May 3, 2004)

40.  Order, *Warner Bros. Records Inc., et al. v. Does 1-35*, No. 2:04-cv-00084-WOB (E.D. Ky. May 4, 2004)

41.  Order, *Sony Music Entm't, Inc., et al. v. Does 1-2*, Civ. No. 04-1758 (DSD/JSM) (D. Minn. May 4, 2004)

42.  Order, *BMG Music, et al. v. Does 1-9*, Case No. 5:04-cv-58 (W.D. Mich. May 6, 2004)

43.  Order, *Capitol Records, Inc., et al. v. Does 1-9*, Civ. Action File No. 1:04-CV-1167 (N.D. Ga. May 6, 2004)

44.  Order, *Interscope Records, et al. v. Does 1-37*, Case No. A-04-CA-237 LY (W.D. Tex. May 6, 2004)

45.  Order, *Lava Records, LLC, et al. v. Does 1-55*, Case No. 1:04CV484 (GBL) (TRJ) (E.D. Va. May 7, 2004)

46. Order, *Loud Records LLC, et al. v. Does 1-5*, No. CV-04-0134-RHW (E.D. Wash. May 10, 2004)

47. Order, *Elektra Entm't Group, Inc., et al. v. Does 1-5*, Civ. Action No. 3:CV-04-940 (M.D. Pa. May 11, 2004)

48. Order, *Priority Records LLC, et al. v. Does 1-3*, No. 4:04-493 CEJ (E.D. Mo. May 11, 2004)

49. Order, *Maverick Recording Co., et al. v. Does 1-10*, No. 4:04-494 CEJ (E.D. Mo. May 11, 2004)

50. Order, *Virgin Records Am., Inc., et al. v. Does 1-9*, Civ. Action No. 04-1239 (E.D. Pa. May 11, 2004)

51. Order, *UMG Recordings, Inc., et al. v. Does 1-2*, No. CV-04-0960 (RSL) (W.D. Wash. May 14, 2004)

52. Order, *Atlantic Recording Corp., et al. v. Does 1-12*, No. Civ 04 –855 PHX JAT (D. Ariz. May 17, 2004)

53. Order, *Arista Records, Inc., et al. v. Does 1-9*, Case No. H:04-1677 (S.D. Tex. May 20, 2004)

54. Order, *Atlantic Recording Corp., et al. v. Does 1-2*, Civ. Action No. 2:04-CV-2175-KHV-DJW (D. Kan. May 21, 2004)

55. Order, *Elektra Entm't Group, Inc., et al. v. Does 1-5*, Civ. Action No. 2:04-CV-2176-KHV-DJW (D. Kan. May 21, 2004)

56. Order, *Maverick Recording Co., et al. v. Does 1-6*, Civ. Action Case No. Civ 04 –2383 MLC (D.N.J. May 24, 2004)

57. Order, *Motown Record Co., L.P., et al. v. Does 1-16*, No. 04C 3019 (N.D. Ill. May 24, 2004)

58. Order, *Arista Records, Inc., et al. v. John Doe*, Cause No. 4:04CV0036AS (N.D. Ind. May 24, 2004)

59. Order, *Virgin Records Am., Inc., et al. v. Does 1-100*, Civ. Action No. 04CIV3931 WHP (S.D.N.Y. May 24, 2004)

60. Order, *Atlantic Recording Corp., et al. v. Does 1-2*, Civ. Action No. 2004 –109 (E.D. Ky. May 26, 2004)

1631101v1

61.     Order, *Warner Bros. Records Inc., et al. v. Does 1-12*, Civ. Action No. 04-WM-1053 (PAC) (D. Colo. May 26, 2004)

62.     Order, *Sony Music Entm't, Inc., et al. v. Does 1-115*, Civ. Action No. 04-WM-1054 (PAC) (D. Colo. May 26, 2004)

63.     Order, *Elektra Entm't Group, Inc., et al. v. Does 1-3*, Case No. CV 04 1051 PHX SRB (D. Ariz. May 28, 2004)

64.     Order, *Interscope Records, et al. v. Does 1-5*, Case No. A-04-CA-310 SS (W.D. Tex. May 31, 2004)

65.     Order, *Priority Records LLC, et al. v. Does 1-32*, Civ. Action No. 04-2231-KHV-DJW (D. Kan. June 3, 2004)

66.     Order, *Elektra Entm't Group, Inc., et al. v. Does 1-11*, Civ. Action No. 04-2230-KHV-DJW (D. Kan. June 3, 2004)

67.     Order, *Capitol Records, Inc., et al. v. Does 1-52*, Civ. Action File No. 1:04-CV-1453-JT (N.D. Ga. June 4, 2004)

68.     Order, *Loud Records LLC, et al. v. Does 1-170*, Civ. Action File No. 1:04-CV-1168 WBH (N.D. Ga. June 14, 2004)

69.     Order, *Priority Records LLC, et al. v. Does 1-9*, Civ. Action File No. 04-1165-MHS (N.D. Ga. June 14, 2004)

70.     Order, *Interscope Records, et al. v. John Doe*, Case No. 6:04-cv-197-Orl-22DAB (M.D. Fla. June 14, 2004) (this order also applies to 23 other cases that the Court severed but consolidated with Case No. 6:04-cv-197-Orl-22DAB for purposes of deciding and granting the motion for leave to serve expedited discovery)

71.     Order, *BMG Music, et al. v. Does 1-4*, Case No. C04-2021 JF (N.D. Cal. June 16, 2004)

72.     Order, *Fonovisa, Inc., et al. v. Does 1-7*, No. C04-961Z (RSL) (W.D. Wash. June 17, 2004)

73.     Order, *Atlantic Recording Corp., et al. v. Does 1-8*, Civ. Action Case No. Civ 04 –2897 MLC (D.N.J. June 22, 2004)

74.     Order, *Loud Records LLC, et al. v. Does 1-213*, No. 4:04-CV-769 CEJ (E.D. Mo. July 1, 2004)

75.     Order, *Sony Music Entm't, Inc., et al. v. Does 1-206*, Civ. Action No. 04-1023 (HHK) (D.D.C. July 2, 2004)

1631101v1

76. Order, *Priority Records LLC, et al. v. Does 1-8*, Civ. Action No. 04-1136 (N.D. Cal. July 13, 2004)

77. Order, *Elektra Entm't Group Inc., et al. v. Does 1-5*, Civ. Action No. 04-WM-1287 (PAC) (D. Colo. July 14, 2004)

78. Order, *Arista Records, Inc., et al. v. Does 1-50*, Civ. Action No. 04-WM-1288 (PAC) (D. Colo. July 14, 2004)

79. Order, *Sony Music Entm't, Inc., et al. v. Does 1-45*, Civ. Action No, 04-CV-5621 (S.D.N.Y. July 20, 2004)

80. Order, *Arista Records, Inc., et al. v. Does 1-125*, Civ. Action No. 04-1223 (D.D.C. July 21, 2004)

81. Order, *Fonovisa, Inc., et al. v. Does 1-25*, Civ. Action No. 04-Civ-5620 (S.D.N.Y. July 22, 2004)

82. Order, *Virgin Records Am., Inc., et al. v. Does 1-76*, Case No. 4:04cv259 (E.D. Tex. July 26, 2004)

83. Order, *Capitol Records, Inc., et al. v. Does 1-115*, No. 4:04-CV-916 CEJ (E.D. Mo. July 27, 2004)

84. Order, *Warner Bros. Records Inc., et al. v. Does 1-90*, Civ. Action No. 04-842 (E.D. Va. July 28, 2004)

85. Order, *Maverick Recording Co., et al. v. Does 1-5*, No. 2:04-CV-01603-RSL (W.D. Wash. Aug. 2, 2004)

86. Order, *Sony Music Entm't, Inc., et al. v. Does 1-7*, Case No. 04-71599-DT (E.D. Mich. Aug. 2, 2004)

87. Order, *London-Sire Records Inc., et al. v. Does 1-25*, Civ. Action No. 1:04cv2100-TWT (N.D. Ga. Aug. 3, 2004)

88. Order, *London-Sire Records Inc., et al. v. Does 1-12*, Civ. Action No. 04-4059 (GEB) (D.N.J. Aug. 25, 2004)

89. Order, *Warner Bros. Records Inc., et al. v. John Doe*, Civ. Action No. 04-4074 (GEB) (D.N.J. Aug. 25, 2004)

90. Order, *Interscope Records, et al. v. Does 1-11*, Case No. 04 C 0625 S (W.D. Wis. Aug. 26, 2004)

1631101v1

91.    Order, *BMG Music, et al. v. Does 1-11*, Case No. C 04 03553 BZ (N.D. Cal. Aug. 27, 2004)

92.    Order, *Arista Records, Inc., et al. v. Does 1-5*, Civ. Action No. 1:04-CV-1166-RLV (N.D. Ga. Aug. 30, 2004)

93.    Order, *London-Sire Records Inc., et al. v. Does 1-175*, Case No. 4:04-CV-1151 CEJ (E.D. Mo. Sept. 2, 2004)

94.    Order, *Maverick Recording Co., et al. v. John Doe*, Case No. 4:04-CV-1152 CEJ (E.D. Mo. Sept. 2, 2004)

95.    Order, *Warner Bros. Records Inc., et al. v. Does 1-13*, Civ. Action No. 04-WM-1772 (PAC) (D. Colo. Sept. 7, 2004)

96.    Order, *Fonovisa, Inc., et al. v. Does 1-150*, Case No. 04 Civ. 3930 (LAK) (S.D.N.Y. Sept. 8, 2004)

97.    Order, *UMG Recordings, Inc., et al. v. Doe*, Civ. Action No. 04-1445 (EGS) (D.D.C. Sept. 9, 2004)

98.    Order, *Sony Music Entm't v. John Doe*, Case No. 04 C 5600 (N.D. Ill. Sept. 17, 2004)

99.    Order, *Priority Records LLC, et al. v. Does 1-7*, Civ. Action No. 1:04-CV-2497-RLV (N.D. Ga. Sept. 22, 2004)

100.   Order, *Loud Records LLC, et al. v. Does 1-75*, Civ. Action No. 04 CV 6874 (DB) (S.D.N.Y. Sept. 24, 2004)

101.   Order, *Capitol Records, Inc., et al. v. Does 1-70*, Civ. Action No. 1:04cv2498-ODE (N.D. Ga. Sept. 27, 2004)

102.   Order, *Fonovisa, Inc., et al. v. Does 1-41*, Case No. A-04-CA-550 LY (W.D. Tex. Sept. 28, 2004)

103.   Order, *Caroline Records, Inc., et al. v. Does 1-100*, Civ. Action No. 04 Civ 6875 SHS (S.D.N.Y. Sept. 29, 2004)

104.   Order, *London-Sire Records Inc., et al. v. Does 1-100*, Case No. 04-cv-7735 (S.D.N.Y. Sept. 30, 2004)

105.   Order, *London-Sire Records Inc., et al. v. Does 1-2*, Case No. 04-cv-7738 (S.D.N.Y. Sept. 30, 2004)

106.   Order, *Maverick Recording Co., et al. v. Does 1-2*, Case No. 04-cv-7737 (S.D.N.Y. Sept. 30, 2004)

1631101v1

107. Order, *Motown Record Company, L.P., et al. v. John Doe*, Civ. Action No. 04-702-B-M2 (M.D. La. Sept. 30, 2004)

108. Order, *Maverick Recording Co., et al. v. John Doe*, Civ. Action No. 04-4778 WGB (D.N.J. Sept. 30, 2004)

109. Order, *Virgin Records Am., Inc., et al. v. John Doe*, Civ. Action No. 6:04-CV-1140 (DOH/GHL) (N.D.N.Y. Sept. 30, 2004)

110. Order, *Interscope Records, et al. v. John Doe*, Civ. Action No. 04-4231 (E.D.N.Y. Sept. 30, 2004)

111. Order, *Capitol Records, Inc., et al. v. John Doe*, Case No. 3:04 CV-572-S (W.D. Ky. Sept. 30, 2004)

112. Order, *Priority Records LLC, et al. v. Does 1-116*, Civ. Action No. 04-1674 (JR) (D.D.C. Oct. 1, 2004)

113. Order, *BMG Music, et al. v. John Doe*, Civ. Action No. 1:04-cv-1164 (E.D. Va. Oct. 1, 2004)

114. Order, *UMG Recordings, Inc., et al. v. John Doe*, Case No. 1:04-cv-1338 (C.D. Ill. Oct. 4, 2004)

115. Order, *Atlantic Recording Corp., et al. v. Does 1-151*, Case No. A04CA636 SS (W.D. Tex. Oct. 4, 2004)

116. Order, *Motown Record Company, L.P., et al. v. Does 1-50*, Civ. Action No. 04-CV-7736 (WHP) (S.D.N.Y. Oct. 4, 2004)

117. Order, *Warner Bros. Records Inc., et al. v. John Doe*, Civ. Action No. 04-4289 JNE/JGL (D. Minn. Oct. 5, 2004)

118. Order, *Virgin Records Am., Inc., et al. v. John Doe*, Case No. 5:04CV1976 (N.D. Ohio Oct. 5, 2004)

119. Order, *UMG Recordings, Inc., et al. v. Does*, Case No. 3:04-cv-01410-KI (D. Oregon Oct. 5, 2004)

120. Order, *Warner Bros. Records Inc., et al. v. John Doe*, No. C-04-4149 JL (N.D. Cal. Oct. 6, 2004)

121. Order, *UMG Recordings, Inc., et al. v. John Doe*, Case No. 04-8176-RGK (JTLx) (C.D. Cal. Oct 7, 2004)

122. Order, *Elektra Entm't Group, Inc., et al. v. John Doe*, No. 04-cv-1639 (JBA) (D. Conn. Oct. 8, 2004)

123. Order, *Warner Bros. Records Inc., et al. v. John Doe*, Civ. Action No. 04-1673 (RMC) (D.D.C. Oct. 12, 2004)

124. Order, *UMG Recordings, Inc., et al. v. Does 1-3*, Civ. Action No. 5:04CV157 (W.D.N.C. Oct. 12, 2004)

125. Order, *Elektra Entm't Group, Inc., et al. v. Does 1-115*, Civ. Action No. 04 Civ. 7739 (S.D.N.Y. Oct. 13, 2004)

126. Order, *Caroline Records, Inc., et al. v. Does 1-100*, Civ. Action No. 04 CV 6875 (SHS) (S.D.N.Y. Oct. 13, 2004) (this Order is a revision of Order #103 to state that disclosure of information is authorized pursuant to the Cable Act)

127. Order, *Caroline Records, Inc., et al. v. Does 1-55*, Civ. Action File No. 04-cv-2867 (N.D. Ga. Oct. 14, 2004)

128. Order, *Arista Records, Inc., et al. v. Does 1-100*, Civ. Action File No. 04-cv-2495 (N.D. Ga. Oct. 14, 2004)

129. Order, *Elektra Entm't Group, Inc., et al. v. Does 1-6*, Civ. Action No. 04-1241 (E.D. Pa. Oct. 14, 2004)

130. Order, *Capitol Records, Inc., et al. v. Does 1-250*, Civ. Action No. 04 CV 472 (S.D.N.Y. Oct. 15, 2004) (this Order is a revision of Order #1 to state that disclosure of information is ordered pursuant to the Cable Act)

131. Order, *Capitol Records, Inc., et al. v. John Doe*, Case No. 03 C 6327 (N.D. Ill. Oct. 15, 2004)

132. Order, *Sony BMG Music Entm't, et al. v. Does 1-3*, Case No. 5:04-cv-165 (W.D. Mich. Oct. 18, 2004)

133. Order, *Virgin Records Am., Inc., et al. v. John Doe*, Case No. C04-2059M (W.D. Wash. Oct. 19, 2004)

134. Order, *Warner Bros. Records Inc., et al. v. John Doe*, Civ. Action No. 1:04 CV 1163 (E.D. Va. Oct. 20, 2004)

135. Order, *Loud Records LLC, et al. v. Does 1-66*, Civ. Action No. 1:04 CV 1162 (E.D. Va. Oct. 22, 2004)

10

136.  Order, *Elektra Entm't Group, Inc., et al. v. Does 1-115*, Civ. Action No. 04CV7739 (KMK) (S.D.N.Y. Oct. 26, 2004)

137.  Order, *BMG Music, et al. v. John Doe*, Civ. Action No. 04-CV-1254 (N.D.N.Y. Oct. 28, 2004)

138.  Order, *Arista Records LLC, et al. v. John Doe*, Civ. No. 4-04-CV-00587 (S.D. Iowa Oct. 28, 2004)

139.  Order, *Virgin Records Am., Inc., et al. v. John Doe*, Civ. No. 4-04-CV-00588 (S.D. Iowa Oct. 28, 2004)

140.  Order, *Caroline Records, Inc., et al. v. Does 1-8*, Civ. Action No. 2:04-cv-1042 (S.D. Ohio Oct. 28, 2004)

141.  Order, *London-Sire Records Inc., et al. v. Does 1-125*, Civ. Action No. 04-cv-8467 (S.D.N.Y. Oct. 28, 2004)

142.  Order, *Atlantic Recording Corp., et al. v. Does 1-25*, Case No. 3:04CV01824 (D. Conn. Oct. 29, 2004)

143.  Order, *Warner Bros. Records Inc., et al. v. John Doe*, Civ. Action No. 4:CV 04-2374 (M.D. Pa. Nov. 1, 2004)

144.  Order, *Atlantic Recording Corp., et al. v. John Doe*, Case No. 3:04CV7682 (N.D. Ohio Nov. 2, 2004)

145.  Order, *Fonovisa, Inc., et al. v. Does 1-76*, Case No. 1:04-CV-2868-WSD (N.D. Ga. Nov. 2, 2004)

146.  Order, *Lava Records, LLC, et al. v. Does 1-50*, Case No. 1:04-CV-2496-WSD (N.D. Ga. Nov. 2, 2004)

147.  Order, *Sony BMG Music Entm't, et al. v. Does 1-10*, Case No. CV'04 2324 PHX JAT (D. Ariz. Nov. 2, 2004)

148.  Order, *BMG Music, et al. v. John Doe*, Case No. 2 04-CV-283 JDT WGH (S.D. Ind. Nov. 2, 2004)

149.  Order, *Motown Record Co., L.P., et al. v. Does 1-52*, Case No. C 04 4565 MEJ (N.D. Cal. Nov. 2, 2004)

150.  Order, *Capitol Records, Inc., et al. v. John Doe*, Civ. No. 04-4290 JMR/FLN (D. Minn. Nov. 2, 2004)

151. Order, *Loud Records LLC, et al. v. Does 1-50*, Case No. 1:04-CV-06930 (N.D. Ill. Nov. 3, 2004)

152. Order, *Sony BMG Music Entm't, et al. v. Does 1-2*, Civ. Action No. 5:04-CV-1253 (NAM/GHL) (N.D.N.Y. Nov. 5, 2004)

153. Order, *Capitol Records, Inc., et al. v. Does 1-55*, Civ. Action No. 04 CV 8468 (S.D.N.Y. Nov. 9, 2004)

154. Order, *Caroline Records, Inc., et al. v. Does 1-21*, Civ. Action File No. 04 CV 3156 (N.D. Ga. Nov. 12, 2004)

155. Order, *Fonovisa, Inc., et al. v. Does 1-151*, No. 4:04-CV-1488 CEJ (E.D. Mo. Nov. 12, 2004)

156. Order, *Interscope Records, et al. v. Does 1-17*, No. 4:04-CV-1489 CEJ (E.D. Mo. Nov. 12, 2004)

157. Order, *Capitol Records, Inc., et al. v. John Doe*, No. 4:04-cv-90 (E.D. Tenn. Nov. 15, 2004)

158. Order, *Loud Records, LLC, et al. v. Does 1-4*, Civ. Action No. 2:04CV00362BN (S.D. Miss. Nov. 16, 2004)

159. Order, *Interscope Records, et al. v. Does 1-4*, Civ. Action No. 04-5653 (MLC) (D.N.J. Nov. 18, 2004)

160. Order, *Arista Records LLC, et al. v. John Doe*, Civ. Action No. 04-40240-FDS (D. Mass. Nov. 18, 2004)

161. Order, *BMG Music, et al. v. John Doe*, No. 4:04-cv-00637-JEG (S.D. Iowa Nov. 18, 2004)

162. Order, *Caroline Records, Inc., et al. v. Does 1-175*, Civ. Action No. 04-2028 (D.D.C. Nov. 18, 2004)

163. Order, *London-Sire Records Inc., et al. v. Does 1-153*, Civ. Action No. 04-cv-9114 (S.D.N.Y. Nov. 18, 2004)

164. Order, *Fonovisa, Inc., et al. v. Does 1-3*, Civ. Action No. 04-2027 (RBW) (D.D.C. Nov. 19, 2004)

165. Order, *Priority Records LLC, et al. v. Does 1-102*, No. 1:04-cv-3157-WSD (N.D. Ga. Nov. 19, 2004)

1631101v1

166. Order, *Priority Records LLC, et al. v. Does 1-52*, Case No. 04-4910 FMS (N.D. Cal. Nov. 19, 2004)

167. Order, *Lava Records, LLC, et al. v. Does 1-39*, Civ. Action No. 04-2366 (W.D. La. Nov. 19, 2004)

168. Order, *Elektra Entm't Group Inc., et al. v. John Doe*, Civ. Action No. 04-civ-9112 (S.D.N.Y. Nov. 19, 2004)

169. Order, *Atlantic Recording Corporation, et al., v. Does 1-34*, Civ. Action No. 04-2568-KHV-DJW (D. Kan. Nov. 23, 2004)

170. *Warner Bros. Records Inc., et al. v. John Doe*, Civ. No. 04-4661(JNE/JGL) (D. Minn. Nov. 23, 2004)

171. *Virgin Records America, Inc., et al. v. John Doe*, Civ. Action. No. 04-30223-KPN (D. Mass. Nov. 29, 2004)

172. *Elektra Entm't Group Inc., et al. v. Does 1-2*, Civ. Action No. 1:04-CV-1257 (N.D.N.Y. Nov. 29, 2004)

173. *BMG Music, et al. v. John Doe*, Civ. Action No. 04-cv-03384-JEC (N.D. Ga. Nov. 29, 2004)

174. *Arista Records LLC, et al. v. John Doe*, No. C04-04150 RMW (HRL) (N.D. Cal. Nov. 30, 2004)

175. *London Sire Records Inc., et al. v. Does 1-76*, Civ. Action No. 04-WM-2394 (BNB) (D. Colo. Dec. 3, 2004)

176. *Loud Records, LLC, et al. v. Does 1-151*, Civ. Action No. 1:04cv1399 (E.D. Va. Dec. 3, 2004)

177. *Capitol Records, Inc., et al. v. Does 1-2*, Civ. Action No. 1104-cv-2506-JTC (N.D. Ga. Dec. 7, 2004)

178. *Arista Records LLC, et al. v. Does 1-2*, Civ. Action No. 04-cv-9878(NRB) (S.D.N.Y. Dec. 16, 2004)

179. *Fonovisa, Inc., et al. v. Does 1-20*, Civ. Action No. 04-cv-9879(VM) (S.D.N.Y. Dec. 16, 2004)

180. *Motown Record Company, L.P., et al. v. Does 1-95*, Civ. Action No. 04-2179(JR) (D.D.C. Dec. 20, 2004)

181. *Priority Records LLC, et al. v. Does 1-6*, Civ. Action No. 4:CV 04-2721 (M.D. Pa. Dec. 21, 2004)

182. *Atlantic Recording Corporation, et al. v. Does 1-6*, Civ. Action No. 2:04cv755 (E.D. Va. Dec. 23, 2004)

183. *Loud Records, LLC, et al. v. Does 1-116*, No. 4:04-CV-1751 CEJ (E.D. Mo. Dec. 27, 2004)

184. *Elektra Entm't Group Inc., et al. v. Does 1-2*, Civ. Action No. 3:04cv920 (E.D. Va. Dec. 29, 2004)

185. *Sony BMG Music Entm't, et al. v. John Doe*, Civ. Action No. 3:04-CV-108-JTC (N.D. Ga. Jan. 5, 2005)

186. *Caroline Records, Inc., et al. v. Does 1-107*, Civ. Action No. 04-CV-3670 (N.D. Ga. Jan. 6, 2005)

187. *Interscope Records, et al. v. Does 1-12*, No. 1:04-cv-3669-WSD (N.D. Ga. Jan. 6, 2005)

188. *London-Sire Records Inc., et al. v. Does 1-100*, Civ. Action No. 1:04cv1512 (E.D. Va. Jan. 7, 2005)

189. *Atlantic Recording Corp., et al. v. Does 1-86*, Case No. 3:04-CV-2119 (RNC) (Dist. Conn. Jan. 7, 2005)

190. *BMG Music, et al. v. Does 1-4*, Civil Action File No. 3:05-CV-006 (JTC) (N.D. Ga. Jan. 20, 2005)

191. *Arista Records LLC, et al. v. Doe*, Civil Action No. 04-CV-7740 (S.D.N.Y. Jan. 25, 2005)

192. *Elektra Entm't Group Inc., et al. v. Does 1-50*, Civil Action No. 04-CV-6876 (GBD) (S.D.N.Y. Jan. 27, 2005)

193. *Virgin Records America, Inc., et al. v. Does 1-5*, Case No. 2:05-cv-0031SR (S.D. Miss. Jan. 27, 2005)

194. *Warner Bros. Records, Inc., et al. v. John Doe*, Case No. 8:05-CV-169-T-27TGW (M.D. Fla. Jan. 28, 2005)

195. *UMG Recordings, Inc., et al. v. Does 1-6*, Civil Action No. 04-CV-3668 (N.D. Ga. Jan. 31, 2005)

196. *Elektra Entm't Group Inc., et al. v. John Doe*, Civil Action No. 04-4230 (E.D.N.Y. Jan. 31, 2005)

197.  *Sony BMG Music Entertainment, et al. vv. Does 1-2,* Cause No. 1:05-CV-032 (N.D. Ind. Jan. 31, 2005)

198.  *Virgin Records America, Inc., et al. v. Doe,* Case No. 8:05-CV-170-T-17MAP (M.D. Fla. Jan. 31, 2005)

199.  *Motown Records Company, L.P., et al. v. Does 1-3,* Case No. 05-70295 (E.D. Mich. Jan. 31, 2005)

200.  *Capitol Records, Inc., et al v. Does 1-3,* Civil Action No. 5:05-37-JMH (E.D. Ky. Jan. 31, 2005)

201.  *Interscope Records, et al. v. Does 1-2,* Civil Action No. 05-CV-0102 (N.D.N.Y. Jan. 31, 2005)

202.  *London-Sire Records Inc., et al., v. Does 1-4,* Case No. 05-3019 (C.D. Ill. Feb. 2, 2005)

203.  *Elektra Entertainment Group Inc., et al. v. Does 1-2,* Civil Action No. 05-CV-0915 (RCC) (S.D.N.Y. Feb. 2, 2005)

204.  *Warner Bros. Records, Inc., et al. v. Doe,* Case No. 04-CV-8118 (N.D. Ill. Feb. 3, 2005)

205.  *Maverick Recording Company, et al. v. Doe,* Case No. 5:04-cv-187 (W.D. Mich. Feb. 8, 2005)

206.  *Virgin Records America, Inc., et al. v. Does 1-2,* Case No. 5:05-cv-16 (W.D. Mich. Feb. 8, 2005)

207.  *UMG Recordings, Inc., et al. v. Doe,* Case No. A-04-CA-704 LY (W.D. Tex. Feb. 8, 2005)

208.  *Capitol Records, Inc., et al. v. Does 1-20,* Case No. 05-cv-00395-JCS (N.D. Cal. Feb. 8, 2005)

209.  *Atlantic Recording Corporation, et al. v. Does 1-2,* Civil Action No. 05-CV-914 (RJH) (S.D.N.Y. Feb. 9, 2005)

210.  *Maverick Recording Company, et al. v. Does 1-2,* Cause No. 1:05-cv-0135-LJM-WTL (S.D. Ind. Feb. 10, 2005)

211.  *Fonovisa, Inc., et al. v. Does 1-7,* Civil Action File No. 1:05-cv-0234-CC (N.D. Ga. Feb. 16, 2005)

212.  *Motown Record Co., L.P., et al. v. Does 1-2,* Civil Action No. 05-10159-NG (D. Mass. Feb. 24, 2005)

1631101v1

213.  *Interscope Records, et al., v. Does 1-2*, Civil Action No. 05-10160-NG (D. Mass. Feb. 24, 2005)

214.  *BMG Music, et al. v. Does 1-2*, Civil Action No. 05-10168-NG (D. Mass. Feb. 24, 2005)

215.  *UMG Recordings, Inc., et al. v. Does 1-2*, Civil Action No. 05-10169-NG (D. Mass. Feb. 24, 2005)

216.  *Sony BMG Music, et al. v. John Doe*, Case No. 8:05-cv-166-17MSS (M.D. Fla. Feb. 24, 2005)

217.  *Atlantic Recording Corporation, et al. v. Does 1-122*, Civil Action No. 05-cv-2400 (KMW) (S.D.N.Y. Feb. 28, 2005)

218.  *Virgin Records America, Inc., et al. v. Does 1-2*, Civil Action No. 05-137-C-M1 (M.D. La. March 1, 2005)

219.  *Caroline Records, Inc., et al. v. Does 1-57*, Case No. 4:05-CV-172 CEJ (E.D. Mo. March 1, 2005)

220.  *Maverick Recording Company, et al. v. Does 1-100*, Case No. 1:05-CV-01177 (N.D. Ill. March 2, 2005)

221.  *Priority Records LLC, et al. v. Does 1-3*, Case No. 05-0660 (S.D. Tex. March 3, 2005)

222.  *London-Sire Records Inc., et al. v. Does 1-70*, Case No. 1:05-CV-00483 (N.D. Ill. March 3, 2005)

223.  *BMG Music, et al. v. Does 1-3*, Case No. 05-0144 (M.D. Tenn. March 3, 2005)

224.  *Motown Record Company, L.P., et al. v. Does 1-25*, Civil Action No. 05-WM-364 (PAC) (D. Colo. March 4, 2005)

225.  *UMG Recordings, Inc., et al. v. Does 1-2*, Civil Action No. 05-375 (W.D. La. March 4, 2005)

226.  *Interscope Records, et al. v. Does 1-3*, Case No. CV05-1483 R (CWx) (C.D. Cal. March 7, 2005)

227.  *Motown Records Co., L.P., et al. v. Does 1-3*, Civil Action No. 1:05-CV-128 (S.D. Ohio March 14, 2005)

228.  *Capitol Records, Inc., et al. v. Does 1-2*, Case No. C2-05-184 (S.D. Ohio March 14, 2005)

1631101v1

229. *Interscope Records, et al. v. Does 1-60*, Case No. 4:05-CV-342 CEJ (E.D. Mo. March 16, 2005)

230. *BMG Music, et al. v. Does 1-6*, Case No. H-05-263 (S.D. Tex. March 17, 2005)

231. *Maverick Recording Company, et al. v. Does 1-2*, Civil Action No. 05-cv-252 (N.D.N.Y. March 22, 2005)

232. *London-Sire Records Inc., et al. v. Does 1-6*, Civil Action No. 05-CV-0551 (N.D. Ga. March 22, 2005)

233. *Capitol Records, Inc., et al. v. Does 1-15*, Civil Action No. 05-CV-3172 (S.D.N.Y. March 24, 2005)

234. *Priority Records LLC, et al. v. Does 1-175*, Civil Action No. 05-CV-3173 (S.D.N.Y. March 24, 2005)

17