UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WARNER BROS. RECORDS INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; UMG RECORDINGS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; PRIORITY RECORDS LLC, a California limited liability company; MOTOWN RECORD COMPANY, L.P., a California limited partnership; MAVERICK RECORDING COMPANY, a California joint venture; LOUD RECORDS LLC, a Delaware corporation; INTERSCOPE RECORDS, a California general partnership; FONOVISA, INC., a California corporation; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; CAPITOL RECORDS, INC., a Delaware corporation; BMG MUSIC, a New York general partnership; ATLANTIC RECORDING CORPORATION, a Delaware corporation; ARISTA RECORDS LLC, a Delaware limited liability company; and LAFACE RECORDS LLC, a Delaware limited liability company,<br><br>            Plaintiffs,<br><br>v.<br><br>DOES 1 - 17,<br><br>            Defendants. | CIVIL ACTION No. 1:04-cv-12434-NG<br>(CONSOLIDATED DOCKET NUMBER)<br><br>CIVIL ACTION No. 1:07-cv-10924-NG<br>(ORIGINAL DOCKET NUMBER) |

**PLAINTIFFS' OPPOSITION TO MOTION OF DOE #12 TO QUASH SERVICE OF PROCESS DUE TO LACK OF PERSONAL JURISDICTION**

Plaintiffs respectfully file this opposition to unknown Defendant Doe #12's ("Doe" or "Defendant") from Civil Action Number 07-10924-NG[1] motion to quash for lack of personal jurisdiction a subpoena issued by Plaintiffs to the University of Massachusetts ("University").

---

[1] This case was consolidated with 04-12434-NG.

For the reasons discussed below, Defendant's motion should be denied.

Defendant's motion to quash asks this Court to immunize her from liability for violating Plaintiffs' copyrights. Plaintiffs have gathered substantial evidence showing that Defendant is a significant copyright infringer. However, Plaintiffs cannot pursue their claims against Defendant – in this or any court – until they know who Defendant is and where she resides. The discovery that this Court has expressly authorized is directed toward identifying the defendants so that Plaintiffs' claims can proceed. If the Court were to grant Defendant's motion, this case would be over before it began.

Defendant's personal jurisdiction argument in support of her motion to quash lacks merit. Defendant asserts that Plaintiffs cannot seek information about her identity and place of residence because it is unclear whether this Court has jurisdiction over Defendant. As discussed below, that argument has been repeatedly rejected in cases parallel to this one by courts across the country which have held that where Plaintiffs seek the identity of a defendant using the Internet to infringe Plaintiffs' copyrighted sound recordings, a claimed lack of personal jurisdiction provides no basis for quashing a subpoena to identify the defendant. A contrary rule that required proof of personal jurisdiction prior to obtaining discovery to identify an Internet infringer would effectively immunize such infringers from liability for violating Plaintiffs' copyrights.

## BACKGROUND

The Court is familiar with the background of this case. Plaintiffs are major recording companies who own copyrights in sound recordings. Collectively, they face a massive problem of digital piracy over the Internet. Every month, copyright infringers unlawfully disseminate billions of perfect digital copies of Plaintiffs' copyrighted sound recordings over peer-to-peer

("P2P") networks. *See* Lev Grossman, *It's All Free*, Time, May 5, 2003. As a direct result of piracy on P2P networks, Plaintiffs have sustained and continue to sustain substantial financial losses.

P2P users who disseminate (upload) and copy (download) copyrighted material violate the copyright laws. *See A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013-14 (9th Cir. 2001); *In re Aimster Copyright Litigation*, 334 F.3d 643 (7th Cir. 2003), *cert. denied*, 124 S. Ct. 1069 (2004). Copyright infringement over P2P networks is widespread, however, because users can conceal their identities by means of an alias. Copyright owners can observe infringement occurring on P2P networks, but cannot (without assistance) identify the true names and locations of the infringers.

Defendant in this case is an active participant on a P2P network. As such, Defendant has distributed copyrighted sound recordings to others and apparently has downloaded copyrighted sound recordings from other users of the P2P network. Plaintiffs discovered Defendant openly disseminating sound recordings whose copyrights are owned by Plaintiffs. By logging onto the P2P network, Plaintiffs viewed the files that Defendant was offering to other users. Plaintiffs provided in their Complaint a list of several copyrighted sound recordings that Defendant disseminated without authorization. *See* Exhibit A to the Complaint filed in 07-10924-NG. That list, however, is a small subset of the copyrighted sound recordings that Defendant is unlawfully disseminating.

Although Plaintiffs gathered substantial evidence of the illegal conduct, they could not ascertain the name, address, or any other contact information for Defendant. *Id.* ¶ 16. Plaintiffs could, however, identify the Internet Protocol ("IP") address from which Defendant was unlawfully disseminating Plaintiffs' copyrighted works. The University of Massachusetts (the

"University"), as Defendant's Internet Service Provider ("ISP") maintains logs that match IP addresses with their users' computers. *Id.* ¶¶ 14, 16. By looking at its IP address logs, the University can match the IP address, date, and time with the computer that was using the IP address when Plaintiffs observed the infringement. Thus, the University – and only the University – can provide information to determine Defendant's identity.

## ARGUMENT

I.   **LITIGATION OVER PERSONAL JURISDICTION IS PREMATURE AND, IN ANY CASE, THIS COURT HAS JURISDICTION OVER DEFENDANT.**

   A.   **Consideration of Personal Jurisdiction Is Premature**

Plaintiffs have, as this Court already determined in granting Plaintiffs' application for immediate discovery, met the "good cause" required for such discovery. The information Plaintiffs seek is indisputably material to this action and essential to allowing Plaintiffs to discuss the possibility of settlement with Defendant or to move forward with their suit. Defendant does not dispute the relevance and materiality of the information sought by Plaintiffs. Rather, the essence of Defendant's argument is that Plaintiffs should not be permitted to obtain that basic information precisely because Plaintiffs do not yet know such information (and thus cannot know whether they filed suit in her home state). By that perverse logic, Defendant attempts to turn her momentary anonymity into an absolute shield against copyright liability because this case could not proceed in this *or any court* absent the Plaintiffs' ability to prove *now* where Doe lives.

As discussed below, there is substantial evidence that this Court has jurisdiction over Defendant, regardless of her place of residence. Nonetheless, it is premature to consider the question of personal jurisdiction in the context of a subpoena to identify the Defendant. Indeed, in numerous cases around the country, Doe defendants (and *amici*, such as the ACLU, EFF, and

4

Public Citizen) have raised the same personal jurisdiction argument that Defendant does here. In each case, courts have squarely held that resolving the question of personal jurisdiction is "premature," even where Doe defendants assert that they live outside the court's jurisdiction. *See Virgin Records Am., Inc. v. John Does 1-35*, No. 05-1918-CKK, 2006 U.S. Dist. LEXIS 20652, at *6-*7 (D.D.C. April 18, 2006); *Elektra Entm't Group, Inc. v. Does 1-9*, 2004 WL 2095581, at *5; *Motown Record Co., L.P. v. Does 1-252*, No. 1:04-CV-439-WBH, at 3; *Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d at 567-68; *UMG Recordings v. Does 1-199*, No. 1:04-CV-0093-CKK, at 2. This Court should not depart from the well-reasoned decisions of the many courts which have addressed this issue.

      The Court cannot render any kind of ruling on personal jurisdiction or catalog Defendant's contacts with the State of Massachusetts before Defendant has been named. *See Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d at 567-68 (holding that "without the identifying information sought by plaintiffs in the [ISP] subpoena, it would be difficult to assess properly the existence of personal jurisdiction over the Doe defendants"). The parties cannot litigate any aspect of personal jurisdiction until Defendant has been identified. It is precisely for this reason that every court to have considered Defendant's argument has rejected it. *See, supra*. Indeed, courts routinely permit plaintiffs to serve discovery in response to a motion to dismiss on personal jurisdiction grounds before issuing a ruling on the motion. *See El-Fadl v. Central Bank of Jordan*, 75 F.3d 668, 676 (D.C. Cir. 1996) ("A plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery, lest the defendant defeat the jurisdiction of a federal court by withholding information on its contacts with the forum."); *see also Tex. Int'l Magnetics, Inc. v. Auriga-Aurex, Inc.* (*In re Magnetic Audiotape Antitrust Litig.*), 334 F.3d 204, 206 (2d Cir. 2003) ("plaintiffs should have been afforded an opportunity to engage

in jurisdictional discovery with regard to [defendant] prior to the court ordering dismissal."). Given that general rule – which applies even when a plaintiff knows a defendant's identity – it would make no sense to deny Plaintiffs the opportunity to obtain the most basic identifying information they seek in their subpoena to the University. Because Plaintiffs have made a prima facie showing of infringement, they are, at the very least, entitled to reasonable discovery of the Doe Defendants' identities before the Court makes a final determination of proper venue. *See Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 579 (N.D. Cal. 1999) (anonymous creator of Internet website address that was identical to the plaintiff's federally-registered trademark was not entitled to maintain his anonymity in an effort to avoid service of process); *see also Alvis Coatings, Inc.*, No. 3:04-cv-374-H, 2004 U.S. Dist. LEXIS 30099, at *8-*10 (W.D.N.C. Dec. 2, 2004) ("where a plaintiff makes a prima facie showing that an anonymous individual's conduct on the internet is otherwise unlawful, the plaintiff is entitled to compel production of his identity in order to name him as a defendant and to obtain service of process").

      This Court will have ample opportunity to consider issues of personal jurisdiction if Defendant chooses to file a motion to dismiss on personal jurisdiction grounds. In the meantime, Defendant's assertion that this Court may not have personal jurisdiction is not a bar to Plaintiffs' right to discover her identity through the pending subpoena to the University. The Supreme Court has made clear that a possible lack of personal jurisdiction provides no basis for denying discovery. *See United States Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 76-77 (1988) ("[E]ven if it were ultimately determined that the court [lacked personal jurisdiction], the order or process it issued in the conduct of the litigation would still be valid."). Furthermore, the courts that have considered this issue have emphasized the importance of allowing copyright holders to obtain Doe defendants' identifying information from ISPs by

subpoena and have held that denying plaintiffs the right to obtain such information would cause plaintiffs severe and irreparable harm, and . *See, e.g., Recording Indus. of Am. v Verizon Internet Servs. (In re Verizon Internet Servs.)*, 257 F. Supp. 2d 244, 272-73 (D.D.C. 2003). The *In re Verizon Internet Servs.* court also noted that granting a stay of a subpoena on an ISP would frustrate the expressed intent of Congress in enacting the DMCA. *Id*. at 274, citing *Heckler v. Turner*, 468 U.S. 1305, 1309 (1984).

Finally, denial of the motion will not prejudice Defendant. Assuming the Court denies the motion to quash, Plaintiffs ultimately will contact Defendant and discuss possible settlement with her. It has been Plaintiffs' experience in parallel cases that, once confronted with Plaintiffs' substantial evidence of copyright infringement, many defendants elect to settle. For those defendants who elect to litigate, Plaintiffs, defendants, and the Court can determine whether it is proper to continue in this jurisdiction or whether transfer to another forum is preferable. In parallel cases across the country, however, upon receipt of a defendant's name and address, Plaintiffs have, after attempting to effect a settlement, elected to re-file suit in the jurisdiction where the defendant resides. Thus, if this case proceeds in any significant way, it will almost certainly occur in a jurisdiction acceptable to Defendant.

      **B.**      **Plaintiffs Have Made a Prima Facie Showing of Personal Jurisdiction over the Defendant.**

As discussed above, it is premature to address the question of personal jurisdiction. If the Court nonetheless were to consider the issue now, there is good reason to believe the Court has jurisdiction over Defendant.

Plaintiffs have asserted a substantial basis for jurisdiction in this Court. First, Defendant has contracted with a Massachusetts-based ISP (the University of Massachusetts) and used the University's facilities to commit copyright infringement. *Cf.* MASS. GEN. LAWS ANN. ch. 223A,

7

§ 3(a) and (c) (LexisNexis 2007) (Massachusetts long-arm statute conferring jurisdiction over any person or business "transacting any business in this commonwealth" or "causing tortious injury by an act or omission in this commonwealth."). This fact may be sufficient on its own to confer jurisdiction on this Court. *See Virgin Records Am., Inc.*, 2006 U.S. Dist. LEXIS 20652, at *9-*10 ("it is arguable that this Court has jurisdiction over Defendant Doe # 18 under the [jurisdiction's] long-arm statute" because the doe defendant "contracted with a District of Columbia-based ISP, i.e. Verizon, and used Verizon's facilities allegedly to commit copyright infringement.").

Second, regardless of her place of residence, Defendant has directed tortious activity into the Commonwealth of Massachusetts. Courts across the nation, have found that when the defendant "engage[s] in unabashedly malignant actions directed at or felt in [a particular] forum," that forum may exercise personal jurisdiction. *GTE New Media Services Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1349 (D.C. Cir. 2000); s*ee also Levin v. Harned*, 304 F. Supp. 2d 136, 148 (D. Mass. 2003) (noting that numerous courts recognize personal jurisdiction over defendant when intentional tort is targeted at forum state and the brunt of harm is felt there); *Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 510, (D.C. Cir. 2002) (noting that over "the last century, for example, courts held that, depending upon the circumstances, transactions by mail and telephone could be the basis for personal jurisdiction notwithstanding the defendant's lack of physical presence in the forum. There is no logical reason why the same should not be true of transactions accomplished through the use of e-mail or interactive websites."); *Overseas Partners, Inc. v. PROGEN Musavirlik v. Yonetim Hizmetleri, Ltd. Sikerti*, 15 F. Supp. 2d 47 (D.D.C. 1998) (holding that contractual activities that cause a consequence in the jurisdiction are sufficient to constitute "transacting any business" for purposes of personal

jurisdiction).[2]

Here, as alleged in the Complaint filed in 07-10924-NG, Defendant installed peer-to-peer software on her computer and logged into a P2P network, allowing Defendant to unlawfully copy Plaintiffs' sound recordings from various sources throughout the world and to also distribute them worldwide. (*See* Complaint ¶ 3, 24.) As other courts have already found, by "installing P2P software and logging onto a P2P network," Defendant "transformed his or her computer into an interactive Internet site, allowing others to complete transactions by downloading copyrighted works over the Internet." *Virgin Records*, 2006 U.S. Dist. LEXIS 20652, at *11. Through the interactive Internet sites he or she created, Defendant "dissemin[ated] copyrighted works to anyone that wanted them and download[ed] copyrighted works from others who offered them - including residents of this jurisdiction." *Id.* at *11-*12. Engaging in such "interactive" electronic transactions provides the sort of "continuous" and "systematic" contacts with this District that many courts have recognized as sufficient to support a specific court's jurisdiction over a defendant. *See id*. at *12; *Gator.com Corp. v. L.L. Bean, Inc.*, 341 F.3d 1072, 1079-1080 (9th Cir. 2003) (company's activities through interactive website qualified as "substantial or continuous and systematic" contacts with California sufficient to establish general jurisdiction over the company), *vacated* as moot, *Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125 (9th Cir. 2005); *Gorman*, 293 F.3d at 511-13 (defendants (wherever they reside) may subject themselves to general jurisdiction in the District by completing "electronic transactions" through "the use of e-mail or interactive websites."); *see also Zippo Mfg. Co. v.*

---

[2] The fact that the P2P infringers trade copyrighted works rather than sell them is irrelevant to whether the websites are fully interactive and thus may subject them to jurisdiction. The tort of copyright infringement does not require a sale – it is complete upon the making of or dissemination of a copy without authorization. *See Arista Records, Inc.*, 314 F. Supp. 2d at 30-33.

*Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997) (distinguishing between passive websites which generally do not provide sufficient contacts with a forum to justify an assertion of jurisdiction with "interactive" websites which generally do support an assertion of jurisdiction). Moreover, the Court's exercise of jurisdiction over Defendant in this case will be in keeping with the long-standing recognition that, by distributing Plaintiffs' copyrighted sound recordings nationwide, Defendant "can anticipate that infringement may result at places remote from the place of origin." *Edy Clover Productions, Inc. v. Nat'l Broadcasting Co.*, 572 F.2d 119, 120 (3d Cir. 1978). Indeed, a single act of copyright infringement may be sufficient to find that business was transacted in a specific jurisdiction for purposes of long-arm jurisdiction. *See Material Supply Intern., Inc. v. Sunmatch Industrial Co.*, 62 F. Supp. 2d 13 (D.D.C. 1999).

In any case, the Court cannot complete an analysis of Defendant's contacts with the District until everyone, including Plaintiffs, knows who Defendant is. As discussed above, any defendant who wants to raise personal jurisdiction issues will have the opportunity to do so, but now is not that time. Accordingly, Plaintiffs have made a prima facie showing of personal jurisdiction over Defendant and Defendant's personal jurisdiction argument is premature.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that the Court deny the motion to quash and order the University to comply with the subpoena.

|  |  |
|---|---|
|  | WARNER BROS. RECORDS INC.; VIRGIN RECORDS AMERICA, INC.; UMG RECORDINGS, INC.; SONY BMG MUSIC ENTERTAINMENT; PRIORITY RECORDS LLC; MOTOWN RECORD COMPANY, L.P.; MAVERICK RECORDING COMPANY; LOUD RECORDS LLC; INTERSCOPE RECORDS; FONOVISA, INC.; ELEKTRA ENTERTAINMENT GROUP INC.; CAPITOL RECORDS, INC.; BMG MUSIC; ATLANTIC RECORDING CORPORATION; ARISTA RECORDS LLC; and LAFACE RECORDS LLC |
|  | By their attorneys, |
| Dated: July 17, 2007 | By:  /s/ Nancy M. Cremins<br>John R. Bauer, BBO# 630742<br>Nancy M. Cremins, BBO # 658932<br>ROBINSON & COLE LLP<br>One Boston Place<br>Boston, MA  02108-4404<br>Main Phone:  (617) 557-5900<br>Main Fax:  (617) 557-5999 |

11

**CERTIFICATE OF ELECTRONIC FILING**

  The undersigned hereby certifies that the foregoing motion was electronically filed on July 17, 2007 and served on all parties listed in the Court's CM/ECF notice.

            /s/ Nancy M. Cremins
            Nancy M. Cremins