United States District Court
Southern District of Massachusetts

----------------------------------------------------------------x

Artista Records LLC, et al.,                    (No. 1:07-CV-10834)

                Plaintiffs,

   -Against-

Does 1-21,

                Defendants.

----------------------------------------------------------------x

Reply memorandum of law of defendant "Doe" in support of his motion (i) to sever and dismiss the action as to Doe defendant Nos. 2 through 21, and (ii) to quash the subpoena seeking his identity from (Boston University ISP)

                                                                              Pro Se
                                                                               A/K/A Doe No. 21
                                                                               Boston University
                                                                               125 Bay State Rd.
                                                                               Boston, ma 02215

The undersigned certifies that prior to making this motion, the movant used her best efforts to resolves informally the matters raised in this motion.

**PLEASE TAKE FURTHER NOTICE** that opposing affidavits and memoranda of law, if any, must be served upon the undersigned via Boston University and must be filed with the Court in accordance with applicable rules and time requirements. Unless such affidavits and memoranda of law are timely served and filed within 10 business days of receipt the relief sought herein may be granted.

Dated: (June 4, 2007)

                                              Pro Se
                                              Defendant
                                              a/k/a Doe No. 21

                                              By: Pro Se a/k/a Doe No. 21
                                              125 Bay State Rd. Boston University
                                              Boston, Ma 02215

To: Robinson & Cole LLP
Attorney for plaintiffs
One Boston Place
Boston, Ma 02215-4404
(617) 557-5971

# Table of Contents

Argument……………………………………………………………..1.

    Point I

    The instant case should be severed and dismissed as to all
    defendants other than Doe No. 1, because the conditions for
    permissive joiner are not present……………………………….1.

    Point II

    The subpoena must be quashed because the underlying
    complaint is subject to dismissal……………………………….4.

    Point III

    The underlying complaint does not plead any specific acts or
    times of copyright infringement……………………………..6.

Conclusion…………………………………………………………...10.

## ARGUMENT

### POINT I

### THIS CASE SHOULD BE SEVERED AND DISMISSED AS TO ALL DEFENDANTS OTHER THAN DOE NO. 1 BECAUSE THE CONDITIONS FOR PERMISSIVE JOINDER ARE NOT PRESENT.

The plaintiffs' joinder of the 21 "Doe" defendants in this case was improper since the claims asserted against them do not arise out of he same transaction, occurrence, or series of transactions or occurrences, and there is no basis for holding them jointly or severally liable. Interscope Records v. Does 1-21, 04 Civ. 197, 2004 U.S. Dist LEXIS 27782 (M.D. Fla. April 1, 2004), report and recommendation adopted, 04 Civ. 197, 2004 U.S. Dist LEXIS 27778 (M.D. Fla. April 27, 2004); BMG Music v. Does 1-203, 04 Civ. 0650 (E.D. Pa. Mar. 5, 2004); United States ex rel. Grynberg v. Alaska Pipeline Co., 95 Civ. 725, 1997 U.S. Dist. LEXIS 5221 at *4 (D.D.C. Mar 27, 1997); Mobile Systems, Inc. v. Abel, 99 F.R.D. 129 (D.Minn. 1983). The remedy for this misjoinder is severance, with the instant case continuing against the first defendant ("Doe" No. 1), and dismissed or discontinued as to the other defendants.[1] Interscope Records v. Does 1-25, supra, 04 Civ. 0650 pp. 1-2(dismissing misjoined defendants from action which continued against remaining defendants); DIRECTV, Inc. v. Boggess, 300 F. Supp. 2d 444, 450 (S.D.W. Va. 2004) (dropping parties essentially means dismissing them *from* the action) (citing 4 *Moore's Federal Practice* 21.02 (3rd ed. 2003).

---

1. Plaintiffs misleadingly imply that our motion seeks dismissal of the instant action in its entirety. On the contrary, the motion seeks severance and dismissal of the misjoined defendants ("Does" Nos. 2-21) from the instant action, i.e., discontinuance as to *them*. The instant action would still continue as to "Doe" No. 1.

1

Plaintiffs argue that the other defendants' interests would best be served by perpetuating this misjoinder, claiming that they may prefer to litigate jointly and that by severing the case now they "would be deprived of the opportunity to even take a position on joinder." Plaintiffs, of course, have no standing to speculate as to the preferences or interest of those whom they are suing; it clearly serves the financial and strategic interests of the record company plaintiffs, not the defendants, for this case to proceed as a misjoined one. See BMG Music v. Does 1-203, 04 Civ. 0650, pp. 1-2 (E.D. Pa. Apr. 2004) ("Although it would be convenient and economical (for Plaintiffs) to have this Court preside over Plaintiffs' expedited discovery request, the Court simply cannot overcome its finding that the Defendants are not properly joined parties"); Mobile Systems, Inc. v. Abel, 99 F.R.D. 129 (D. Minn. 1983)(dismissing and severing 18 "shotgun actions" each filed against approximately 100 defendants; permissive joinder requires that claims arose from the *same* transactions, not merely similar transactions).

Here, in the other hand, defendant has expressly moved not only to quash the subpoena but also to sever and dismiss as to the misjoined defendants. Moreover, the courts in Interscope Records v. Does 1-25, supra, and BMG Music v. Does 1-203, supra, also considered plaintiffs' "prematurity" argument, and expressly rejected it.

Plaintiffs' attorneys can not claim that defendants acted "in concert" with a common scheme or pattern of behavior. Moreover, courts ruling on complaints containing allegations identical to those here have held that the claims asserted

2

against the various "Doe" defendants were not logically related to each other and had to be severed. Interscope Records v. Does 1-25, supra, 004 Civ. 197, 2004 U.S. Dist. LEXIS 27782 at *6; BMG Music v. Does 1-203, supra, 04 Civ. 0650, pp. 2-3.

Based on the foregoing, it is clear that plaintiffs' joinder of the 21 defendants in this case was improper. The Court should therefore sever and dismiss from the case all defendants other that the first defendant ("Doe" no.1).

## POINT II

## THE SUBPOENA MUST BE QUASHED BECAUSE THE UNDERLYING COMPLAINT IS SUBJECT TO DISMISSAL

The subpoena seeking the identity of a "Doe" defendant must be quashed where the underlying complaint is legally insufficient and subject to dismissal. Columbia Insurance Co. v. Seescandy.com, 185 F.R.D. 573, 579 (N.D.Cal.1999); Sony, supra, 326 F.Supp.2d at 564-65; Dendrite international, Inc. v. Doe No.3, 342 N.J. Super. 134,141, 775 A.2d 756, 760 (N.J. App. 2001) (refusing to enforce subpoena where underlying complaint was subject to dismissal for failure to state a chain upon which relief can be granted); Highfields Capital Management L.P. v. Doe, 385 F. Supp.2d 969 (N.D. Cal. Jan. 18, 2005).₂

---

₂ Plaintiffs' attempt to distinguish these cases is unavailing. Incredibly, plaintiffs claim of their opposing papers that these cases involved "a situation where are plaintiff seeks leave to conduct expedited discovery" rather than a motion to quash. On the contrary, in Highfields Capital the only application before the court (other than an unsuccessful motion by the plaintiff to strike the report and recommendation of the subpoena seeking his identity. The last sentence of the district judge's decision clearly Capital, supra, 385 F. Supp. 2d at 971. Likewise, Sony also involved a motion brought by "Doe" defendants to quash a subpoena served on a non-party internet service provider seeking to obtain their identities. Sony, supra, 326 F. Suppra 2d. at 558.

Plaintiffs also assert that the "good cause" has already been found to exist for obtaining defendant's identity. This argument is absurd. This is "Doe's" <u>first opportunity to litigate the issue</u>; all proceedings in this case prior to the instant motion where conducted <u>ex parte</u>. On holding that a plaintiff must establish that its complaint could withstand a motion to dismiss before conducting discovery to obtain the identity of a "Doe" defendant, the court in <u>Columbia Insurance</u> explained:

> Pre-service discovery is akin to the process used during criminal investigations to obtain warrants, the requirement that the government show probable cause is, in part, a protection against the *misuse of ex parte procedures* to invade the privacy of one who has done no wrong. A similar requirement is necessary here to prevent abuse of this extraordinary application of the discovery process and to ensure that plaintiff has standing to pursuer an action against defendant.

<u>Columbia Insurance</u>, supra, 185 R.R.D. at 580-81 (italics added).

## Point III

### The underlying complaint does not plead
### Any Specific Acts or Times of Copyright Infringement

It is well established that a complaint in a copyright infringement case must allege the particular infringing acts with specificity. Kelly v. L.L. Cool J., 145 F.R.D. 32, 36 n.3 (S.D.N.Y. 1992), aff'd, 23 F.3d 398 (2$^d$ Cir.), cert. denied, 513 U.S. 950, 115 S.C.t. 365 (1994); Marvullo v. Gruner & Jahr, 105 F.Supp.2d 225, 230 (S.D.N.Y. 2000); Lindsay v. The Wrecked and Abandoned Vessel R.M.S. Titanic, 97 Civ. 9248, 1999 U.S. Dist LEXIS 15837 at *8, 12 (S.D.N.Y. Oct 13, 1999) (dismissing copyright infringement claim pursuant to Rule 12(b) (6); vague and conclusory allegations of infringement pleaded using "and/or" do not satisfy requirement of pleading particular infringing acts with specificity); DiMaggio v. International Sports Ltd., 97 Civ. 7767, 1998 WL 549690 at *2 (S.D..N.Y. Aug. 31, 1998); Livnat v. Lavi, 96 Civ. 4967, 1997 U.S. Dist LEXIS 13633 at *4-5 (S.D.N.Y. Sept. 9, 1997). See also Stampone v. Stahl, 05 Civ. 1921, 2005 WL 1694073 at *2 (D.N. J. July 19, 2005) (dismissing copyright claim pursuant to Rule 12(b)(6) where complaint failed to set out particular infringing acts with specificity).

Given the pleading specificity requirement, the failure to set forth the basis for their "information and belief" is fatal and subjects plaintiffs' claim to dismissal. Trans World Corp. v. Odyssey Partners, 561 F. Supp. 1315, 1323 (S.D.N.Y. 1983); Fountain v. Talley, 104 F.Supp.2d 1345, 1355 (M.D.Ala. 2000) (granting motion to dismiss because critical element of claim was pleaded upon information and belief without alleging facts showing the basis for such belief).[3]

The third category of alleged infringement-making files available to others- simply does not state a legally viable claim of copyright infringement. See, e.g., In re Napster, Inc., 377 F.Supp.2d 796, 802, 805 (N.D.Cal> May 31, 2005) ( making copyrighted works *available* for downloading by others does not violate the copyright owner's right of distribution since infringement requires actual dissemination of copies); Arista Records, Inc. v. MP3Board, Inc., 00 Civ. 4660, 2002 WL 1997918 at *4 (S.D.N.Y. Aug. 29, 2002). Plaintiffs claim that this principle of copyright law is "irrelevant" yet it is they who made the "making available" allegation in the complaint. Plaintiffs cannot have it both ways. _____

₃Despite the overwhelming authority in this Circuit and elsewhere that copyright claims must be pleaded with specificity, plaintiffs still insist that their claims are not subject to such a requirement. The three cases cited for this proposition are inapposite and without precedential value: (1) In Leatherman v. Tarrant County NICU, 507 U.S. 163, 113 S.Ct. 1160 (1993), the Court held only that a heightened pleading standard did not apply to civil rights claims under 42 U.S.C. 1983. The case did not involves any issues of copyright law; (2) Plaintiffs cite Mid-American Title Co. v. Kirk, 991 F.2d417 (7th Cir.), cert. denied, 510 U.S. 932 (1993), a case in which the seventh Circuit expanded Leatherman beyond civil right claims. After Mid-American, however, this Court has repeatedly held that infringement claims must be pleaded with specificity. See, e.g., Marvullo, supra, 105 F.Supp.2d at 230; Lindsay, supra, 97 Civ. 9248, 1999 U.S. Dist. LEXIS 15837; DiMaggio, supra, 97 Civ. 7767, 1998 WL 549690; Livnat, supra, 96 Civ. 4967, 1997 U.S. Dist. LEXIS 13633; (3) Plaintiffs' reliance on Salerno v. City University of New York, 191 F.Supp.2d 352, 356 (S.D.N.Y. 2001) is completely unwarranted. In Salerno, defendants argued that a heightened pleading standard applies to copyright infringement claims but did not cite any supporting authority. Salerno, supra, 191 F.Supp.2d at 356. Although the judge in Salerno stated that copyright infringement claims are not subject to a heightened pleading standard, he did so without the benefit the benefit of the substantial body of caselaw holding to the contrary. In any event, it would be impossible for a copyright complaint to satisfy even the barest of notice pleading standards if it did not identify the specific acts of which defendant stands accused.

The case of Hotaling v. Church of Jesus Christ of Latter-Day Saints, 118 F.3d 199, 203 (4th Cir. 1997), is clearly distinguishable. In Hotaling, the defendant admittedly placed unauthorized copies of the copyrighted work in its library collections. Here, on the other hand, the Complaint does not specify even *one* actual instance of unauthorized copying of plaintiffs' recordings.[4]

Plaintiffs' reliance on Carrell v. Shubert Organization, Inc., 104 F.Supp.2d 236 (S.D.N.Y. 2000) is likewise misplaced. While a complaint need not plead "each individual infringement," a plaintiff cannot escape the requirement of pleading some actual act of infringement with specificity. The complaint in Carrell satisfied this requirement by identifying certain copyrighted works (makeup designs created for the cast of the Broadway musical Cats) which were actually infringed and by identifying specific national and international stage productions, videos and commercial products in which these makeup designs were actually published and used. Carell, supra, 104 F.Supp.2d at 251.[5]

---

[4] The Court in In re Napster, Inc., supra, also distinguished the Hotaling case, finding it significant that the defendant in Hotaling "had made *actual, unauthorized copies* of the copyrighted genealogical material available to borrowers at its branch libraries." In re Napster, Inc., supra, 377 F. Supp.2d at 803(italics added).

[5] Plaintiffs' reliance upon Sony Music Corp. v. Scott, 03 Civ. 6886 (S.D.N.Y. Feb. 18, 2005) is likewise unwarranted. There, the plaintiff' summary judgment motion was granted based upon defendant's admission of copyright infringement. The legal sufficiency of the complaint was not at issue in Scott. Plaintiffs' citation to BMG Music et al. v. Conklin, Case defendant who made a motion to dismiss but did not submit reply papers or even a brief. The court denied the motion in a one sentence order that made no attempt to explain the basis for its order. It goes without saying that this decision by the court in Houston is not controlling on this Court and- having been rendered without any explanation of the Court's rationale, and without that Court's having had the benefit of a full and balanced presentation of applicable legal authorities- is without persuasive authority.

In <u>Elektra Entertainment Group, Inc. v. Satangelo</u>, 05 Civ. 2414 (S.N.D.Y. Nov. 28, 2005), it is erroneous and should not be followed where a boilerplate complaint of 16,000 items which did not identify a single act of infringement.

The Complaint is also subject to dismissal because it does not allege the time of infringement, <u>Marvullo, supra</u>, 105 F. Supp.2d at 230; <u>Brought to Life Music, Inc. v. MCA Records</u>, Inc., 2003 WL 296561 at *1(S.D.N.Y. Feb. 11, 2003); <u>Plunket v. Doyle</u>, 2001 WL 175252 at *4-6 (S.D.N.Y. Feb 22, 2001). Despite this, plaintiffs' claim that it can still be sustained on the basis of an allegation of "continuing infringement" such as in <u>Franlin Electronic Publishers v. Unisonic Prod. Corp.</u>, 763 F. Supp. 1(S.D.N.Y. 1991). Plaintiffs' argument, however, suffers from the same pleading deficiencies described above, in that the allegation of continuing infringement of the Complaint is conclusory pleaded upon information and belief without settling forth a factual basis for the same. Since the Complaint does not allege even one instance of actual infringement, there is no basis for claiming that it sufficiently alleges a continuing one. Plaintiffs' attempt to hide behind a "continuing infringement" allegation is a gamesmanship.

Finally, plaintiffs cite ad nauseam the order where the Court wrote: "The time of the identification of 'Doe' is determined to be the date of filing the complaint and thereafter to argue that the Complaint satisfies the requirement of specifying the time off the alleged infringing acts. Plaintiffs' reliance on <u>Loud Records</u>, is completely unwarranted because the sufficiency of a complaint depends on whether the complaint alleges with the specificity the time of alleged infringing activity. (i.e. actual instances of copying, downloading, uploading, distribution.) *The time when the internet protocol address of an alleged infringer is identified is simply not relevant to this issue.* The Court

9

in Loud Records clearly erred in denying the motion to quash and this Court should not repeat that error here.

Since the Complaint does not allege *any* specific acts and times of copyright infringement by defendant, the Complaint is legally insufficient and could not withstand a motion to dismiss. The subpoena must therefore be quashed.

## CONCLUSION

The Court should grant the within motion in all respects.

Respectfully submitted,
Pro Se "Doe"
A/k/a "Doe" No. 21

Boston University
125 Bay State Rd.
Boston, Ma 02215

10