UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARISTA RECORDS LLC, a Delaware limited liability company; WARNER BROS. RECORDS INC., a Delaware corporation; ATLANTIC RECORDING CORPORATION, a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; UMG RECORDINGS, INC., a Delaware corporation; BMG MUSIC, a New York general partnership; CAPITOL RECORDS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; MOTOWN RECORD COMPANY, L.P., a California limited partnership; MAVERICK RECORDING COMPANY, a California joint venture; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; LAFACE RECORDS LLC, a Delaware limited liability company; and INTERSCOPE RECORDS, a California general partnership, | CIVIL ACTION No. 04-cv-12434-NG (CONSOLIDATED DOCKET NUMBER)   CIVIL ACTION No. 07- cv-10834-NG (ORIGINAL DOCKET NUMBER) |

Plaintiffs,

v.

DOES 1 - 21,

Defendants.

_____

**PLAINTIFFS' OPPOSITION TO DEFENDANT DOE #21'S MOTION
TO QUASH AND SEVER**

Plaintiffs respectfully submit this opposition to Defendant John Doe #21's ("Doe's" or

"Defendant's") motion to quash a subpoena issued by Plaintiffs to Boston University (the

"University") and to sever and dismiss this action as to Doe defendant Nos. 2 through 21.  For

the reasons discussed below, Defendant's motion should be denied.

As an initial matter, though Defendant signed his "Reply memorandum of law" in

support of his motion ("Motion to Quash") on June 4, 2007,[1] he does not appear to have filed his

motion until June 11, 2007, and he did not serve Plaintiffs or their counsel with a copy of the

motion.  Plaintiffs did not become aware of Defendant's Motion to Quash until they received

notice of the motion through the Court's ECF system on July 3, 2007.  Plaintiffs' opposition to

the Motion to Quash is being filed within 14 days of their receipt of the motion,[2] and is therefore

timely.

Defendant asks this Court to quash the subpoena and to sever and dismiss the action as to

Doe defendant Nos. 2 through 21 on the grounds that joinder is not proper, the underlying

complaint is subject to dismissal, and Plaintiffs have supposedly failed to plead any specific acts

or times of copyright infringement.  First, Defendant's joinder argument lacks merit:  this action

clearly meets the Federal Rules' liberal criteria for permissive joinder, as most courts in the

country have held in similar circumstances (a fact that Defendant conveniently fails to

acknowledge).  Moreover, joining the 21 defendants in one action significantly furthers the

Federal Rules' goal of promoting trial convenience and efficiency.  Second, Defendant's

arguments that the complaint is subject to dismissal and that Plaintiffs' have failed to plead

specific acts or times of copyright infringement are not proper bases on which to quash a

subpoena under Fed. R. Civ. P. 45(c)(3) and would serve solely to immunize the Defendant from

liability for violating Plaintiffs' copyrights.  Finally, Defendant's arguments regarding the

sufficiency of Plaintiffs' complaint are irrelevant at this stage of the litigation – the proper

---

[1] Though Defendant styles his motion as a "Reply memorandum of law," because this is the first pleading filed by Defendant Doe #21 in this matter, Plaintiffs are treating Defendant's "Reply memorandum of law" as a motion to quash and sever ("Motion to Quash") and submit the present pleading as their opposition to that motion.

[2] Pursuant to Fed. Rule Civ. P. 6(a), the day Plaintiffs received notice of Defendant's Motion to Quash, July 3, 2007, is not included in the computation of Plaintiff's time to respond to the motion.

standard for determining the sufficiency of Plaintiffs' complaint is whether Plaintiffs' have met the liberal pleading standard of Fed. R. Civ. P. 8(a), which they have.

## BACKGROUND

The Court is familiar with the background of this case. Every month, copyright infringers like Defendant Doe #21 unlawfully distribute billions of perfect digital copies of Plaintiffs' copyrighted sound recordings over peer-to-peer ("P2P") networks. *See* Lev Grossman, *It's All Free*, Time, May 5, 2003. As a direct result, Plaintiffs have and continue to sustain substantial financial losses.

P2P users who distribute (upload) and copy (download) copyrighted material violate the copyright laws. *See, e.g., Metro-Goldwyn-Mayer Studios, Inc., et al. v. Grokster Ltd., et al.,* 125 S.Ct. 2764*, 2770-72 (2005) (noting that users of P2P networks share copyrighted music and video files on an enormous scale, and, as such, even the providers of those networks "concede infringement" by the individual users); *In re Aimster Copyright Litigation*, 334 F.3d 643. Copyright infringement over P2P networks is widespread, however, because users can conceal their identities by means of an alias, copyright owners can observe infringement occurring on P2P networks, but cannot (without assistance) identify the true names and locations of the infringers.

Defendant is an active participant on a P2P network, distributing copyrighted sound recordings stored on his computer to others and downloading copyrighted sound recordings from other users of the P2P network. Plaintiffs discovered Defendant openly distributing sound recordings whose copyrights are owned by Plaintiffs by logging onto the P2P network and viewing the files that Defendant was distributing to other users. Defendant is a significant infringer. He has chosen to distribute from his computer as many as 567 sound recordings whose copyrights are owned by various of the Plaintiffs. (*See* Exhibit A to the Complaint.) In

conjunction with the complaint filed in this case, Plaintiffs listed a sample of the songs that Defendant was distributing without authorization.  (*See id.*)

As has previously been explained to the Court in the Linares Declaration filed with the original *Ex Parte* Motion to Take Immediate Discovery ("Discovery Motion"), as well as in Plaintiffs' previous opposition to another Doe defendant's motion to quash (Docket Doc. No. 14), upon finding Defendant distributing large numbers of copyrighted works, Plaintiffs gathered substantial evidence of Defendant's illegal conduct.  Plaintiffs could not ascertain Defendant's name, address, or any other contact information, but could identify the Internet Protocol ("IP") address from which the Defendant was unlawfully distributing Plaintiffs' copyrighted works. *See* Linares Decl. ¶ 18.  Using the IP address, Plaintiffs determined that Defendant was using the University's internet service to distribute copyrighted works unlawfully.  *Id*.  The University maintains logs that match IP addresses with their users' computers.  *Id.* ¶ 12.  By looking at its IP address logs, the University can match the IP address, date, and time with the computer that was using the IP address when Plaintiffs observed the infringement.  Thus, the University—and only the University—can identify the Defendant in this case.

## ARGUMENT

## I.  JOINDER IN THIS CASE IS PROPER AND PROVIDES THE MOST EFFICIENT WAY TO LITIGATE THESE TYPES OF COPYRIGHT INFRINGEMENT CASES

Defendant claims that this case does not meet the requirements for permissive joinder under Fed. R. Civ. P. 20.  Plaintiffs respectfully submit that they have shown good cause why this action should proceed without severance.  As shown below, Plaintiffs meet the Federal Rules' liberal standards for joinder in this case.  Furthermore, a Doe lawsuit like this one increases efficiency and imposes a minimum burden on the judicial system and all parties involved.

A.    Any Decision On Joinder Would Be Premature Here.

Plaintiffs respectfully submit that a decision on joinder is premature before the Defendants have been identified and served with the Complaint.  As most of the courts that have considered this question have agreed, issues of joinder can and should properly be considered after all parties are before the Court.  *See Loud Records, LLC, et al. v. Does 1-251*, No. C-05-1202-WHA (N.D. Cal. April 18, 2005) (J. Alsup) (allowing case to proceed as filed after requesting supplemental briefing on the propriety of joinder); *Sony Music Entertainment v. Does 1-40,* 326 F. Supp. 2d at 567-68; *Motown Record Co., L.P. v. Does 1-252*, Civil Action File No. 1:04-CV-439-WBH (N.D. Ga. March 1, 2004 ); *UMG Recordings v. Does 1-199,* 1:04-CV-0931 (D.D.C. Mar. 10, 2004) ("[i]t is clear to the Court that Defendants must be identified before this suit can progress further" and ruling that it is "premature" to consider joinder); *Priority Records LLC, et al. v. Does 1-8,* Case No. C-04-1136 SC (N.D. Cal. July 13, 2004) (J. Conti) (rejecting arguments that joinder was improper and granting Motion for Leave to Take Immediate Discovery as to all Doe Defendants).

Though Defendant may disagree, a decision by this Court to direct severance prior to having all parties before the Court might be harmful to Plaintiffs, Defendants, and the Court.  In addition to the substantial burden on Plaintiffs of having to file a number of virtually identical lawsuits, the other defendants in this case would be deprived of the opportunity even to take a position on joinder.  Given the commonality of issues among the claims and the potential economic benefits of litigating together, Defendants may well prefer to litigate many of these issues jointly.[3]  Indeed, Plaintiffs note that several other districts have consolidated actions

---

[3] Though Defendant contends that Plaintiffs "have no standing to speculate as to the

involving Doe defendant infringers before a single judge, recognizing that many of the legal and factual issues are common. *See* Exhibit 1 (list of similar cases where discovery was granted without severance). For these reasons, the question of joinder is indisputably best left until a later time.

> B.    Even If The Issue Of Joinder Were Ripe, Joinder Is Proper In This Case.

Even if the issue of joinder were ripe, Defendant's argument still fails because joinder was proper in this case. Joinder is appropriate where 1) there is any issue of law or fact common to all parties in the action and 2) there is asserted against them any right to relief arising out of the same transaction or occurrence or *series* of transactions or occurrences. Fed. R. Civ. P. 20(a); *League to Save Lake Tahoe v. Tahoe Re'l Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977). As the Supreme Court has explained, the terms "transaction" and "occurrence" are "word[s] of flexible meaning. *Moore v. New York Cotton Exch.*, 270 U.S. 593, 610 (1926). Joinder may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Id.*

The Federal Rules direct "the broadest possible scope of action consistent with fairness to the parties [because] joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. V. Gibbs,* 383 U.S. 715, 724 (1966). The rule "regarding permissive joinder is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *League to Save Lake Tahoe*, 558 F.2d at 917.[4] Joinder of appropriate parties is encouraged to address common issues in a

---

preferences or interest of those whom they are suing," (Motion to Quash at 2), Defendant is equally unqualified to speculate as to the preferences of his fellow anonymous defendants.

[4]    This liberal application of permissive joinder is not surprising given that Fed. R. Civ. P. 1 states the rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action."

single action.  *Roe v. City of New York,* 151 F. Supp. 2d 495, 509 (S.D.N.Y. 2001).

To establish the propriety of permissive joinder of defendants, "[a]ll that a plaintiff must show is that there is some systematic pattern or logical relationship connecting the tortious conduct of each defendant."  *Stone Age Foods, Inc. v. Exchange Bank* ,1997 WL 123248, at *2 (N.D. Cal. Mar. 4, 1997) (J. Wilken) (citing *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)); 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* 3d § 1653, at 410 (2003) (Rule 20 ensures that "all reasonably related claims for relief by or against different parties" may be joined).  Importantly, "[t]he second prong of that test does not require precise congruence of all factual and legal issues; indeed, joinder may be permissible if there is but one question of law or fact common to the parties." *Morris v. Paul Revere Ins. Group*, 986 F. Supp. 872, 885 (D.N.J. 1997) (internal citations omitted).

Plaintiffs have satisfied both of Rule 20's requirements here.  First, this action undoubtedly involves common questions of fact and copyright law, because all of the Defendants are alleged to have illegally downloaded and distributed copyrighted works over a P2P network, in violation of copyright law, and because all of the Defendants used Boston University's ISP service in connection with these activities.

Second, Plaintiffs' claims against all of the Defendants arise out of a logically related series of transactions or occurrences.  *See Stone Age Foods,* 1997 WL 123248 at *2. Specifically, Plaintiffs' claims against each Defendant are linked by a common ISP and by their use of a P2P network to commit the exact same violation of law in exactly the same way.  All of the Defendants in this case are active participants in what can only be described as an on-line music swap meet, unlawfully copying copyrighted works from other users—including other

Defendants in this case—and distributing such works to other users.  Defendants and others have participated in a common scheme or pattern of behavior, without which no individual Defendant would have been able to commit much (if any) of the infringing activity that underlies Plaintiffs' Complaint.  It is this concerted action by the Defendants and others that allows the distribution of billions of digital copies of Plaintiffs' copyrighted sound recordings.  Defendants' concerted actions as users of a P2P network provide the "logical relationship" required for joinder.

In sum, the case at hand involves common questions of fact and copyright law (the illegal copying and distribution of copyrighted sound recordings).  Furthermore, at this stage of the proceedings, the factual and legal issues regarding Plaintiffs' subpoena to the University are exactly the same for each Defendant.  On the same facts, the great majority of courts around the country that have addressed these issues have found joinder to be appropriate here.  *See, e.g., Atlantic Recording Corp. v. Does 1-25*, No. 05-CV-9111-LTS; *Virgin Records America, Inc. v. Does 1-8*, No. 05-CV-1872 (S.D.Cal. 2005); *See also* Exhibit 1 (list of cases where discovery was granted without severance).  Notably, Defendant completely ignores that fact in its brief, choosing instead to cite only the few cases, none of which were decided by this Court, that have broken with the majority.

C.    Joining The Defendants In One Doe Action Imposes A Minimum Burden On All Parties Involved And Promotes Trial Efficiency.

Finally, Plaintiffs note that Doe lawsuits such as this one serve the goals of efficiency and judicial economy.  In pursuing a nationwide enforcement program against massive copyright infringement, Plaintiffs must balance the need to stop the infringement as quickly as possible with the most efficient manner in which to enforce their rights.  To this end, Plaintiffs generally accumulate multiple instances of infringement involving individuals sharing the same ISP before filing a John Doe lawsuit.

Doe lawsuits like this one permit a threshold issue identical to all of the suits of this nature – discovery from a particular ISP – to be litigated in a single case, rather than hundreds of times in hundreds of different cases.  Bringing suit in this manner is far more efficient for the Court and all parties involved than bringing hundreds of cases before multiple judges, where all of the cases involve the same threshold issue and many common issues of fact and law (including, but not limited to, the underlying standards for infringement, the operation of P2P networks, and the ISP's network).  In a Doe case such as this one, the Court receives only one case involving multiple subscribers of the same ISP and can decide the identical threshold issue, including any motions to quash by the ISP or by its subscribers, only once.  Similarly, after the Court authorizes the discovery, the ISP will receive only one subpoena, rather than hundreds issued on different dates from different cases.  The federal courts have regularly granted Plaintiffs' motions for discovery in such cases, thereby lessening the burden on all concerned. Moreover, since each Defendant is afforded the opportunity to move to quash the subpoena with respect to disclosure of his or her name, joining the Doe defendants does not result in any prejudice to the Defendants.

For all of the foregoing reasons, joinder is proper in this case.

## II.    DEFENDANT'S MOTION TO QUASH IS BASELESS

Defendant asks this Court to quash Plaintiffs' Rule 45 subpoena because Plaintiffs' Complaint is allegedly subject to dismissal.  Defendant's argument fails because Defendant's argument does not provide a basis for quashing a subpoena, because Plaintiffs have established good cause for seeking Defendant's identity, and because Plaintiffs' Complaint is not subject to dismissal, as shown below.

### A.    Defendant Has Failed To Articulate A Valid Basis For Quashing The Subpoena.

Rule 45(c)(3) specifies four grounds on which a subpoena may be quashed.  Specifically,

a subpoena may be quashed if it: (1) fails to allow reasonable time for compliance; (2) requires a person who is not a party to travel to a place more than 100 miles from the place where that person resides; (3) requires disclosure of privileged or other protected matter; or (4) subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3). As with the previous Doe defendant's motion to quash in this matter, Defendant Doe #21 fails to identify any basis under Rule 45(c)(3) on which he is moving to quash the subpoena. Defendant's failure to identify such a basis is not coincidental. Defendant's arguments regarding the sufficiency of Plaintiffs' complaint and Plaintiffs' supposed failure to specific acts or times copyright infringement are simply not valid bases on which to quash a subpoena. There will be a time for Defendant to deny Plaintiffs' allegations and to contest Plaintiffs' theory of their case, but that time is not now. For this reason alone the Motion should be denied.

B.    Plaintiffs Have Established Good Cause For Obtaining Defendant's Identity

Contrary to Defendant's assertion, there is nothing "absurd" about this Court's finding that Plaintiffs have met the flexible good cause standard that most courts apply in deciding whether to grant orders for expedited discovery in circumstances like those presented here.[5] (Motion to Quash, p. 5.) Under this standard, courts examine the reasonableness of the discovery request in light of all of the surrounding circumstances, *see, e.g., Ayyash v. Bank Al-Madina*, 2005 U.S. Dist. LEXIS 14276 (S.D.N.Y. 2005), and generally find good cause in cases

---

[5] Defendant contends (prematurely) that "Plaintiffs' attempt to distinguish these cases is unavailing." (Motion to Quash, p. 4, n. 2.) The Court can determine the persuasiveness of Defendant's citations for itself. In *Sony Music Entertainment, Inc. v. Does 1-40*, 326 F. Supp. 2d 556, a case very similar to this one, the Court denied the Defendant's Motion to Quash the subpoena and held that the plaintiff copyright owners were entitled to discovery. The Court stated that plaintiffs, on evidence very similar to that submitted in the case at hand, had "made a concrete showing of a prima facie claim of copyright infringement." *Id.* at 565. Similarly, in *Columbia Insurance Co. v. Seescandy*, 185 F.R.D. 573, 580 (N.D. Cal. 1999), the Court found that the plaintiffs had made the showing required to state a claim of copyright infringement, as plaintiffs' complaint was sufficient to survive a motion to dismiss.

involving claims of infringement. *Qwest Communs. Int'l Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003) ("The good cause standard may be satisfied ... where the moving party has asserted claims of infringement ..."); *Benham Jewelry Corp. v. Aron Basha Corp.,* 1997 U.S. Dist. LEXIS 15957 (S.D.N.Y. 1997). Plaintiffs' *ex parte* discovery request is reaonable here because they do not know who Defendant is, the *only* entity which can identify Defendant is the University, and because Plaintiffs have no other avenue of discovering Defendant's identity and pursuing their infringement claims against him.

As this Court has already found, both in this case and in similar copyright infringement cases, Plaintiffs' request for expedited discovery is reasonable under the good cause standard. *See*, *e.g.*, Order, *London-Sire Records, Inc. v. Does 1-4*, Civil Action No. 04-142434-NG (D. Mass. June 20, 2005). Nothing in Defendant's motion changes the fact that Plaintiffs have met the good cause standard for granting expedited discovery.

C.    Plaintiffs' Complaint Complies With The Liberal Notice Pleading Standards Of Rule 8 And Is Not Subject To Dismissal.

Plaintiffs' complaint is not subject to dismissal at this stage of the litigation because Plaintiffs have met their pleading burden under Fed. R. Civ. P. 8(a) by alleging facts sufficient to state a claim for copyright infringement. As discussed above, whether Plaintiffs' complaint can survive a motion to dismiss is not the standard by which Plaintiffs' Discovery Motion is to be judged and does not present a valid basis for quashing the subpoena. However, even if Defendant's arguments were appropriate at this stage, which is not the case,[6] Plaintiffs have made a prima facie showing of copyright infringement.

Fed. R. Civ. P. 8(a) requires, in pertinent part, that Plaintiffs' Complaint include "(1) a

---

[6] Should the Court nonetheless wish to consider Defendants' argument that Plaintiffs have allegedly provided insufficient evidence to state a prima facie claim of copyright infringement, Plaintiffs respectfully request an opportunity to provide such evidence.

short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a).

In the context of copyright infringement, in order to state a claim, a plaintiff need only allege: (1) that the plaintiff owns valid copyrights and (2) that Defendant violated one or more of the exclusive rights in 17 U.S.C. § 106 by, for example, copying or distributing Plaintiffs' copyrighted works. *See Susan Wakeen Doll Co., Inc. v. Ashton Drake Galleries*, 272 F.3d 441, 450 (7th Cir. 2001); *see also, e.g., Feist Pub., Inc. v. Rural Tel. Serv. Co., Inc.,* 499 U.S. 340, 361 (1991) ("To establish copyright infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."); 4 Melville Nimmer & David Nimmer, NIMMER ON COPYRIGHT § 13.01, at 13-5 & n.4 (2002) ("Reduced to most fundamental terms, there are only two elements necessary to the plaintiff's case in an infringement action: ownership of the copyright by the plaintiff and copying [or public distribution or public display] by the defendant.").

Plaintiffs have met this burden. Plaintiffs have alleged that they own valid copyrights in the sounds recordings identified in Exhibit A of the Complaint, and that they have properly registered their copyrights in those sound recordings. Plaintiffs have further alleged that Defendant has used and continues to use an online media distribution system to download (copy) and distribute the sound recordings identified in Exhibit A, in violation of Plaintiffs' copyrights and exclusive rights under the Copyright Act. (Complaint ¶ 22.) Such allegations suffice to establish a copyright claim because they establish Plaintiffs' ownership of valid copyrights in clearly specified works and because they expressly state the acts by which and the time during

which copyright infringement took place, namely the continuous and ongoing reproduction and distribution of the Copyrighted Recordings using an online media distribution system.

Every court that has considered a motion to dismiss virtually identical allegations against other defendants in similar copyright cases has determined that the plaintiff record companies' allegations satisfy Rule 8 and Rule 12. In addition to many unpublished decisions, the following decisions are available on Lexis and Westlaw: *Elektra Entm't Group, Inc. v. Crawford*, 226 F.R.D. 388, 390 (C.D. Cal. 2005); *Elektra Entertainment Group, Inc. v. Santangelo*, 2005 U.S. Dist. LEXIS 30388, No. 05-CV-2414-CM (S.D.N.Y. Nov. 28, 2005) (denying the defendants' motion to dismiss, finding that Plaintiffs' Complaint satisfied Rule 8's pleading requirements, as applied to copyright infringement claims.); *Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d 556, at 565 (S.D.N.Y. 2004) (in rejecting a similar motion to quash the Court noted that "Plaintiffs have made a concrete showing of a prima facie claim of copyright infringement"); *Arista Records LLC v. Gruebel*, 453 F.Supp 2d 961 (N.D. Tex. 2006); *Interscope Records v. Duty*, 2006 U.S. Dist. LEXIS 20214 (D. Ariz.); *Maverick Recording Co. v. Goldshetyen*, 2006 U.S. Dist. LEXIS 52422 (E.D.N.Y.); *Warner Bros. Records, Inc. v. Payne*, 2006 U.S. Dist. LEXIS 65765 (W.D. Tex.).

Moreover, Plaintiffs allegations of Doe defendants' unlawful distribution are well supported on the face of the Complaint, which shows massive infringement by this Defendant. For example, Plaintiffs have gathered substantial evidence that Defendant has unlawfully distributed 567 of Plaintiffs' copyrighted works and have attached to the Complaint a partial list of the sound recordings that Defendant downloaded and/or distributed to the public. *See* Ex. A, Complaint. Thus, Plaintiffs have already presented competent evidence that Defendant was distributing more than 500 of Plaintiffs' copyrighted sound recordings without authorization and

had previously illegally downloaded (reproduced) hundreds of copyrighted sound recordings. Defendant may dispute that evidence, and may deny Plaintiffs' claims, but that is not a basis for quashing the subpoena.

    D.     Plaintiffs Have Sufficiently Pled Specific Acts Of Copyright Infringement.

Dismissal for failure to allege a claim with specificity is reserved only "for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). For the reasons more fully set forth below, this Court and others have repeatedly held in cases like this one that the allegations of the Complaint at issue, far from being "confused, ambiguous, vague, or otherwise unintelligible," are clearly sufficient to state a claim. *See, e.g., Santangelo*, 2005 U.S. Dist. LEXIS at *6; *Loud Records, LLC v. Does 1-74*, No. 04-CV-9881-RWS; *Home & Nature Inc. v. Sherman Specialty Co.*, 322 F. Supp. 2d 260, 266-67 (E.D.N.Y. 2004).

Moreover, contrary to Defendant's assertions, Plaintiffs are *not* required to specify the dates or times on which the infringement occurred, particularly where plaintiffs have alleged continuous and ongoing acts of infringement. *See Franklin Elec. Publishers v. Unisonic Prods. Corp.*, 763 F. Supp. 1, 4 (S.D.N.Y. 1991) (holding that the assertion of continuous and ongoing infringement satisfies the pleading requirements applicable to claims for copyright infringement); *Santangelo*, 2005 U.S. Dist. LEXIS at *6 (same).[7]

Indeed, it makes no sense generally in copyright suits to require a plaintiff to allege with specificity when and how an infringement occurred since such actions are not typically done in

---

[7] By its very nature, copyright infringement occurring through online media distribution systems is ongoing and continuous. This is illustrated here by the massive number of music files (567) detected in Defendant's shared folder—files which Defendant distributed and, upon information and belief, copied, over an extended period of time without Plaintiffs' permission or consent. Plaintiffs cannot possibly know how long Defendant has been infringing their copyrights.

plain sight of the copyright holder. Piracy typically takes place behind closed doors and beyond the watchful eyes of a copyright holder. In cases like this one, Plaintiffs cannot be expected to allege each individual act of infringement for a different reason – the infringement has been taking place for as long as Defendant has been distributing the sounds recordings through his shared folder on a P2P network – information which is in Defendant's control.

Here, Plaintiffs have alleged that they own valid copyrights in the nine sounds recordings specifically identified in Exhibit A of the Complaint. Plaintiffs have further alleged that Defendant has used and continues to use an online media distribution system to download and distribute[8] at least nine sound recordings identified in Exhibit A, in violation of Plaintiffs' copyrights and exclusive rights under copyright. Such allegations suffice to establish a copyright claim because they establish Plaintiffs' ownership of valid copyrights in clearly specified works, and because they expressly state the acts by which and the time during which copyright infringement took place, namely the continuous and ongoing reproduction and distribution of the Copyrighted Recordings using an online media distribution system.

Notwithstanding the foregoing, Defendant asserts in his motion that the Complaint is "subject to dismissal because it does not allege the time of infringement." (Motion to Quash at 9.) Defendant's argument makes an incorrect assumption as to the applicable law and simply ignores the plain language of Plaintiffs' Complaint. First, as noted above, copyright plaintiffs are not required to specify the dates or times on which the infringement occurred. This is particularly true where, as here, the infringement is continuous and ongoing. *See, e.g.,*

---

[8] Contrary to Defendant's assertion, Plaintiffs' copyright infringement claims *are not* based on a theory that Defendant "made available" Plaintiffs' copyrighted sound recordings. Rather, as clearly stated in the Complaint, Plaintiffs' claims are based on competent and compelling evidence that Defendant has copied and distributed hundreds of Plaintiffs' copyrighted sound recordings without Plaintiffs' permission or consent.

*Santangelo*, 2005 U.S. Dist. LEXIS at *6. Second, despite Defendant's assertions to the contrary, the Complaint expressly states:

> Plaintiffs are informed and believe that Defendant, without the permission or consent of Plaintiffs, has used, and continues to use, an online media distribution system to download and/or distributed to the public certain of the Copyrighted Recordings. Exhibit A identifies on a Defendant-by-Defendant basis (one Defendant per page) the IP address with the date and time of capture and a list of copyrighted recordings that each Defendant has, without the permission or consent of Plaintiffs, downloaded and/or distributed to the public. Through his or her continuous and ongoing acts of downloading and/or distributing to the public the Copyrighted Recordings, each Defendant has violated Plaintiffs' exclusive rights of reproduction and distribution. Each Defendant's actions constitute infringement of Plaintiffs' copyrights and/or exclusive rights under copyright. (In addition to the sound recordings listed for each Defendant on Exhibit A, Plaintiffs are informed and believe that each Defendant has, without the permission or consent of Plaintiffs, continuously downloaded and/or distributed to the public additional sound recordings owned by or exclusively licensed to Plaintiffs or Plaintiffs' affiliate record labels, and Plaintiffs believe that such acts of infringement are ongoing. Exhibit A includes the currently-known total number of audio files being distributed by each Defendant.)

(Complaint ¶ 22.) These allegations suffice to establish the specific acts by which copyright infringement took place.

The authorities cited by Defendant are distinguishable and do not compel a different result. For instance, *Kelly v. L.L. Cool J.*, 145 F.R.D. 32 (S.D.N.Y. 1992), involved a motion for more definite statement under Rule 12(e). The court specifically noted that the allegations of infringing acts were adequately pled under Rule 8 because, like Plaintiffs' Complaint here, the plaintiff's complaint "narrows the infringing act to the publishing and distribution of two songs, . . . which is sufficiently specific for the purposes of Rule 8." *Id.* at 36, n. 3. The court required the plaintiff to submit a more definite statement only because the plaintiff failed to allege his present ownership of the copyrights at issue or to allege that the copyrights at issue had been properly registered, a failure that does not apply here. *Id.* at 36-37. In *Brought to Life Music*, the Court found that the plaintiff had failed to make any effort to describe during what time the

alleged infringement occurred, or to make any allegation whatsoever that the defendant had violated any of the plaintiff's alleged exclusive rights in its works. 2003 WL 296561 at *1. Unlike Plaintiffs in this case, the plaintiff in *Brought to Life Music* made no mention of continuing infringement. *Id*. In *Marvullo*, the Court deemed the complaint insufficient because the plaintiff failed to allege with specificity *any* act by which either defendant directly or contributorily violated Plaintiffs' copyright. 205 F. Supp. at 228-31. In *DiMaggio*, the court found the complaint insufficient to state a claim because the plaintiff failed to identify which copyrighted works were the subject of the copyright claim. 1998 U.S. Dist. LEXIS at *4-5. And in *Stampone*, the court dismissed the complaint because plaintiff did not allege that defendant copied any of plaintiff's work. 2005 WL 1694073, *2. Each of the other cases cited by Defendant are equally distinguishable or inapposite.

Here, by contrast, Plaintiffs have pled their ownership of the copyrights, identified the registered works at issue, and alleged that Defendant has downloaded those works and freely distributed them to the millions of people who use similar peer-to-peer networks for as long as the sound recordings have been actively distributed through his shared folder. Accordingly, Plaintiffs have pled with adequate specificity both violation of the right of reproduction and the right of distribution that belong exclusively to holders of a copyright. For all of these reasons, Defendant's motion is baseless and should be denied.

## CONCLUSION

Defendant has not presented a single valid basis for quashing the subpoena. Even if Defendant's arguments did present a potential basis for quashing the subpoena, for all of the foregoing reasons, Plaintiffs' Complaint is not subject to dismissal. Accordingly, Plaintiffs respectfully request that this Court deny Defendant's motion to sever and quash the subpoena and order the University to fully comply with the subpoena forthwith.

ARISTA RECORDS LLC; WARNER BROS.
RECORDS INC.; ATLANTIC RECORDING
CORPORATION; VIRGIN RECORDS
AMERICA, INC.; UMG RECORDINGS, INC.;
BMG MUSIC; CAPITOL RECORDS, INC.;
SONY BMG MUSIC ENTERTAINMENT;
MOTOWN RECORD COMPANY, L.P.;
MAVERICK RECORDING COMPANY;
ELEKTRA ENTERTAINMENT GROUP INC.;
LAFACE RECORDS LLC; and INTERSCOPE
RECORDS

By their attorneys,

Dated: July 18, 2007          By:    /s/ Nancy M. Cremins
                                     John R. Bauer, BBO# 630742
                                     Nancy M. Cremins, BBO # 658932
                                     ROBINSON & COLE LLP
                                     One Boston Place
                                     Boston, MA  02108-4404
                                     Main Phone:  (617) 557-5900
                                     Main Fax:  (617) 557-5999


                                     Moshe D. Rothman
                                     Holme Roberts & Owen LLP
                                     1700 Lincoln Street, Suite 4100
                                     Denver, CO  80203
                                     Tel:  (303) 866-0396
                                     Fax: (303) 866-0200

**CERTIFICATE OF ELECTRONIC FILING**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and to the following individual by first class mail:

Doe No. 21
Boston University
125 Bay State Rd.
Boston, MA 02215

                                        /s/ Nancy M. Cremins
                                        Nancy M. Cremins

1.  Order, *Capitol Records, Inc., et al. v. John Does 1-250*, No. 04 CV 472 (LAK) (S.D.N.Y. Jan 27, 2004)

2.  Order, *Sony Music Entm't, Inc., et al. v. John Does 1-40*, No. 04 Civ. 473 (DC) (S.D.N.Y. Feb. 3, 2004)

3.  Order, *Warner Bros. Records Inc., et al. v. John Does 1-43*, No. 1:04-cv-00476-JES (S.D.N.Y. Feb. 10, 2004) (ruling from the bench - no Order)

4.  Order, *Elektra Entm't Group, Inc., et al. v. Does 1-7*, Civ. Action No. 04-607 (GFB) (D.N.J. Feb. 17, 2004)

5.  Order, *Motown Record Co., L.P., et al. v. Does 1-252*, No. 1:04-CV-439-WBH (N.D. Ga. Mar. 1, 2004)

6.  Order, *Virgin Records Am., Inc., et al. v. Does 1-44*, Civ. Action No. 1:04-CV-438-CC (N.D. Ga. Mar. 3, 2004)

7.  Order, *BMG Music., et al. v. Does 1-203*, Civ. Action No. 04-650 (E.D. Pa. Mar. 5, 2004) (Court severed case and granted motion for leave to serve discovery on non-severed Doe Defendant 1)

8.  Memorandum Opinion and Order, *UMG Recordings, Inc., et al. v. John Does 1-199*, Civ. Action No. 04-0093 (CKK) (D.D.C. Mar. 10, 2004)

9.  Order, *Elektra Entm't Group, Inc., et al. v. Does 1-9*, Civ. Action No. 04-CIV-2289 RWS (S.D.N.Y. Mar. 23, 2004)

10. Order, *Interscope Records, et al. v. Does 1-5*, Cause No. 1:04-CV-0542-DFH-TAB (S.D. Ind. Mar. 25, 2004)

11. Order, *Interscope Records, et al. v. Does 1-4*, CV-04-131 TUC-JM (D. Ariz. Mar. 25, 2004)

12. Order, *Interscope Records, et al. v. Does 1-7*, No. 3-04-0240 (M.D. Tenn. Mar. 29, 2004)

13. Order, *Warner Bros. Records Inc., et al. v. Does 1-4*, Case No. CV 04-1960 (TJH) (C.D. Cal. Mar. 30, 2004)

14. Order, *Capitol Records, Inc., et al. v. Does 1-2*, Case No. CV 04-1961 (RGK) (C.D. Cal. Mar. 30, 2004)

2

15. Order, *Arista Records, Inc., et al. v. Does 1-143*, Case No. 4:04CV93 (E.D. Tex. Mar. 30, 2004)

16. Order, *BMG Music, et al. v. Does 1-3*, Civ. Action No. 04-476 (ESH) (D.D.C. Mar. 31, 2004)

17. Order, *Atlantic Recording Corp., et al. v. Does 1-3*, Civ. Action No. 04-475 (D.D.C. Mar. 31, 2004)

18. Order, *Priority Records LLC, et al. v. John Doe*, Civ. Action No. 04-CV-0541 (JDT/TAB) (S.D. Ind. Apr. 1, 2004)

19. Order, *London-Sire Records Inc., et al. v. Does 1-4*, Case No. CV 04-1962 ABC (AJWx) (C.D. Cal. Apr. 2, 2004)

20. Order, *Fonovisa, Inc., et al. v. Does 1-2*, Case No. 1:04CV317 (E.D. Va. Apr. 2, 2004)

21. Order, *Atlantic Recording Corp. v. Does 1-13*, Case No. 1:04CV316 (E.D. Va. Apr. 2, 2004)

22. Order, *Warner Bros. Records Inc., et al. v. Does 1-9*, Case No. 04-71058 (E.D. Mich. Apr. 5, 2004) (Rosen, J.)

23. Order, *Arista Records, Inc., et al. v. Doe*, Case No. C-04-1134 JL (N.D. Cal. Apr. 5, 2004)

24. Order, *Fonovisa, Inc., et al. v. Does 1-67*, Civ. Action No. 04-WM-548 (PAC) (D. Colo. Apr. 7, 2004)

25. Order, *Motown Record Co., L.P., et al. v. Does 1-3*, Civ. Action No. 04-WM-545 (PAC) (D. Colo. Apr. 8, 2004)

26. Order, *Motown Record Co., L.P., et al. v. Does 1-5*, Civ. Action No. 04-WM-547 (PAC) (D. Colo. Apr. 8, 2004)

27. Order, *Maverick Recording Co., et al. v. Does 1-12*, Civ. Action No. 04-WM-546 (PAC) (D. Colo. Apr. 8, 2004)

28. Order, *Virgin Records Am., Inc., et al. v. John Doe*, Civ. No. PJM 04-964 (D. Md. Apr. 19, 2004)

29. Order, *Sony Music Entm't Inc., et al. v. Does 1-200*, No. 4:04-CV-339 CEJ (E.D. Mo. Apr. 22, 2004)

3

1631101v1

30.  Order, *Loud Records LLC, et al. v. Does 1-4*, Case No. 04-C-289 (E.D. Wis. Apr. 22, 2004)

31.  Order, *Interscope Records, et al. v. Does 1-3*, Civ. Action Case No. 04-1955 (GFB) (D.N.J. Apr. 28, 2004)

32.  Order, *London-Sire Records Inc., et al. v. Does 1-41*, Civ. Action Case No. 04-1960 (GFB) (D.N.J. Apr. 28, 2004)

33.  Order, *Maverick Recording Co., et al. v. Does 1-4*, Case No. C-04-1135 MMC (N.D. Cal. Apr. 28, 2004)

34.  Order, *Maverick Recording Co., et al. v. Does 1-2*, Case No. 04-CV-149 ML (D.R.I. Apr. 28, 2004)

35.  Order, *Virgin Records Am., Inc., et al. v. Does 1-3*, Civ. Action No. 3-04-cv-701 (JCH) (D. Conn. Apr. 29, 2004)

36.  Order, *Motown Record Co., L.P., et al. v. Does 1-2*, Civ. Action No. 3-04-cv-700 (JCH) (D. Conn. Apr. 29, 2004)

37.  Order, *Warner Bros. Records Inc., et al. v. Does 1-9*, Civ. Action No. 3-04-cv-702 (MRK) (D. Conn. Apr. 29, 2004)

38.  Order, *UMG Recordings, Inc., et al. v. Does 1-2*, Civ. Action No. SA-04-CA-0357-XR (W.D. Tex. Apr. 30, 2004)

39.  Order, *London-Sire Records Inc., et al. v. John Doe*, Civ. Action No. 7:04CV00208, (W.D. Va. May 3, 2004)

40.  Order, *Warner Bros. Records Inc., et al. v. Does 1-35*, No. 2:04-cv-00084-WOB (E.D. Ky. May 4, 2004)

41.  Order, *Sony Music Entm't, Inc., et al. v. Does 1-2*, Civ. No. 04-1758 (DSD/JSM) (D. Minn. May 4, 2004)

42.  Order, *BMG Music, et al. v. Does 1-9*, Case No. 5:04-cv-58 (W.D. Mich. May 6, 2004)

43.  Order, *Capitol Records, Inc., et al. v. Does 1-9*, Civ. Action File No. 1:04-CV-1167 (N.D. Ga. May 6, 2004)

44.  Order, *Interscope Records, et al. v. Does 1-37*, Case No. A-04-CA-237 LY (W.D. Tex. May 6, 2004)

45.  Order, *Lava Records, LLC, et al. v. Does 1-55*, Case No. 1:04CV484 (GBL) (TRJ) (E.D. Va. May 7, 2004)

4

163110lv1

46. Order, *Loud Records LLC, et al. v. Does 1-5*, No. CV-04-0134-RHW (E.D. Wash. May 10, 2004)

47. Order, *Elektra Entm't Group, Inc., et al. v. Does 1-5*, Civ. Action No. 3:CV-04-940 (M.D. Pa. May 11, 2004)

48. Order, *Priority Records LLC, et al. v. Does 1-3*, No. 4:04-493 CEJ (E.D. Mo. May 11, 2004)

49. Order, *Maverick Recording Co., et al. v. Does 1-10*, No. 4:04-494 CEJ (E.D. Mo. May 11, 2004)

50. Order, *Virgin Records Am., Inc., et al. v. Does 1-9*, Civ. Action No. 04-1239 (E.D. Pa. May 11, 2004)

51. Order, *UMG Recordings, Inc., et al. v. Does 1-2*, No. CV-04-0960 (RSL) (W.D. Wash. May 14, 2004)

52. Order, *Atlantic Recording Corp., et al. v. Does 1-12*, No. Civ 04 –855 PHX JAT (D. Ariz. May 17, 2004)

53. Order, *Arista Records, Inc., et al. v. Does 1-9*, Case No. H:04-1677 (S.D. Tex. May 20, 2004)

54. Order, *Atlantic Recording Corp., et al. v. Does 1-2*, Civ. Action No. 2:04-CV-2175-KHV-DJW (D. Kan. May 21, 2004)

55. Order, *Elektra Entm't Group, Inc., et al. v. Does 1-5*, Civ. Action No. 2:04-CV-2176-KHV-DJW (D. Kan. May 21, 2004)

56. Order, *Maverick Recording Co., et al. v. Does 1-6*, Civ. Action Case No. Civ 04 –2383 MLC (D.N.J. May 24, 2004)

57. Order, *Motown Record Co., L.P., et al. v. Does 1-16*, No. 04C 3019 (N.D. Ill. May 24, 2004)

58. Order, *Arista Records, Inc., et al. v. John Doe*, Cause No. 4:04CV0036AS (N.D. Ind. May 24, 2004)

59. Order, *Virgin Records Am., Inc., et al. v. Does 1-100*, Civ. Action No. 04CIV3931 WHP (S.D.N.Y. May 24, 2004)

60. Order, *Atlantic Recording Corp., et al. v. Does 1-2*, Civ. Action No. 2004 –109 (E.D. Ky. May 26, 2004)

1631101v1

61. Order, *Warner Bros. Records Inc., et al. v. Does 1-12*, Civ. Action No. 04-WM-1053 (PAC) (D. Colo. May 26, 2004)

62. Order, *Sony Music Entm't, Inc., et al. v. Does 1-115*, Civ. Action No. 04-WM-1054 (PAC) (D. Colo. May 26, 2004)

63. Order, *Elektra Entm't Group, Inc., et al. v. Does 1-3*, Case No. CV 04 1051 PHX SRB (D. Ariz. May 28, 2004)

64. Order, *Interscope Records, et al. v. Does 1-5*, Case No. A-04-CA-310 SS (W.D. Tex. May 31, 2004)

65. Order, *Priority Records LLC, et al. v. Does 1-32*, Civ. Action No. 04-2231-KHV-DJW (D. Kan. June 3, 2004)

66. Order, *Elektra Entm't Group, Inc., et al. v. Does 1-11*, Civ. Action No. 04-2230-KHV-DJW (D. Kan. June 3, 2004)

67. Order, *Capitol Records, Inc., et al. v. Does 1-52*, Civ. Action File No. 1:04-CV-1453-JT (N.D. Ga. June 4, 2004)

68. Order, *Loud Records LLC, et al. v. Does 1-170*, Civ. Action File No. 1:04-CV-1168 WBH (N.D. Ga. June 14, 2004)

69. Order, *Priority Records LLC, et al. v. Does 1-9*, Civ. Action File No. 04-1165-MHS (N.D. Ga. June 14, 2004)

70. Order, *Interscope Records, et al. v. John Doe*, Case No. 6:04-cv-197-Orl-22DAB (M.D. Fla. June 14, 2004) (this order also applies to 23 other cases that the Court severed but consolidated with Case No. 6:04-cv-197-Orl-22DAB for purposes of deciding and granting the motion for leave to serve expedited discovery)

71. Order, *BMG Music, et al. v. Does 1-4*, Case No. C04-2021 JF (N.D. Cal. June 16, 2004)

72. Order, *Fonovisa, Inc., et al. v. Does 1-7*, No. C04-961Z (RSL) (W.D. Wash. June 17, 2004)

73. Order, *Atlantic Recording Corp., et al. v. Does 1-8*, Civ. Action Case No. Civ 04 –2897 MLC (D.N.J. June 22, 2004)

74. Order, *Loud Records LLC, et al. v. Does 1-213*, No. 4:04-CV-769 CEJ (E.D. Mo. July 1, 2004)

75. Order, *Sony Music Entm't, Inc., et al. v. Does 1-206*, Civ. Action No. 04-1023 (HHK) (D.D.C. July 2, 2004)

6

76.  Order, *Priority Records LLC, et al. v. Does 1-8*, Civ. Action No. 04-1136 (N.D. Cal. July 13, 2004)

77.  Order, *Elektra Entm't Group Inc., et al. v. Does 1-5*, Civ. Action No. 04-WM-1287 (PAC) (D. Colo. July 14, 2004)

78.  Order, *Arista Records, Inc., et al. v. Does 1-50*, Civ. Action No. 04-WM-1288 (PAC) (D. Colo. July 14, 2004)

79.  Order, *Sony Music Entm't, Inc., et al. v. Does 1-45*, Civ. Action No, 04-CV-5621 (S.D.N.Y. July 20, 2004)

80.  Order, *Arista Records, Inc., et al. v. Does 1-125*, Civ. Action No. 04-1223 (D.D.C. July 21, 2004)

81.  Order, *Fonovisa, Inc., et al. v. Does 1-25*, Civ. Action No. 04-Civ-5620 (S.D.N.Y. July 22, 2004)

82.  Order, *Virgin Records Am., Inc., et al. v. Does 1-76*, Case No. 4:04cv259 (E.D. Tex. July 26, 2004)

83.  Order, *Capitol Records, Inc., et al. v. Does 1-115*, No. 4:04-CV-916 CEJ (E.D. Mo. July 27, 2004)

84.  Order, *Warner Bros. Records Inc., et al. v. Does 1-90*, Civ. Action No. 04-842 (E.D. Va. July 28, 2004)

85.  Order, *Maverick Recording Co., et al. v. Does 1-5*, No. 2:04-CV-01603-RSL (W.D. Wash. Aug. 2, 2004)

86.  Order, *Sony Music Entm't, Inc., et al. v. Does 1-7*, Case No. 04-71599-DT (E.D. Mich. Aug. 2, 2004)

87.  Order, *London-Sire Records Inc., et al. v. Does 1-25*, Civ. Action No. 1:04cv2100-TWT (N.D. Ga. Aug. 3, 2004)

88.  Order, *London-Sire Records Inc., et al. v. Does 1-12*, Civ. Action No. 04-4059 (GEB) (D.N.J. Aug. 25, 2004)

89.  Order, *Warner Bros. Records Inc., et al. v. John Doe*, Civ. Action No. 04-4074 (GEB) (D.N.J. Aug. 25, 2004)

90.  Order, *Interscope Records, et al. v. Does 1-11*, Case No. 04 C 0625 S (W.D. Wis. Aug. 26, 2004)

7

91. Order, *BMG Music, et al. v. Does 1-11*, Case No. C 04 03553 BZ (N.D. Cal. Aug. 27, 2004)

92. Order, *Arista Records, Inc., et al. v. Does 1-5*, Civ. Action No. 1:04-CV-1166-RLV (N.D. Ga. Aug. 30, 2004)

93. Order, *London-Sire Records Inc., et al. v. Does 1-175*, Case No. 4:04-CV-1151 CEJ (E.D. Mo. Sept. 2, 2004)

94. Order, *Maverick Recording Co., et al. v. John Doe*, Case No. 4:04-CV-1152 CEJ (E.D. Mo. Sept. 2, 2004)

95. Order, *Warner Bros. Records Inc., et al. v. Does 1-13*, Civ. Action No. 04-WM-1772 (PAC) (D. Colo. Sept. 7, 2004)

96. Order, *Fonovisa, Inc., et al. v. Does 1-150*, Case No. 04 Civ. 3930 (LAK) (S.D.N.Y. Sept. 8, 2004)

97. Order, *UMG Recordings, Inc., et al. v. Doe*, Civ. Action No. 04-1445 (EGS) (D.D.C. Sept. 9, 2004)

98. Order, *Sony Music Entm't v. John Doe*, Case No. 04 C 5600 (N.D. Ill. Sept. 17, 2004)

99. Order, *Priority Records LLC, et al. v. Does 1-7*, Civ. Action No. 1:04-CV-2497-RLV (N.D. Ga. Sept. 22, 2004)

100. Order, *Loud Records LLC, et al. v. Does 1-75*, Civ. Action No. 04 CV 6874 (DB) (S.D.N.Y. Sept. 24, 2004)

101. Order, *Capitol Records, Inc., et al. v. Does 1-70*, Civ. Action No. 1:04cv2498-ODE (N.D. Ga. Sept. 27, 2004)

102. Order, *Fonovisa, Inc., et al. v. Does 1-41*, Case No. A-04-CA-550 LY (W.D. Tex. Sept. 28, 2004)

103. Order, *Caroline Records, Inc., et al. v. Does 1-100*, Civ. Action No. 04 Civ 6875 SHS (S.D.N.Y. Sept. 29, 2004)

104. Order, *London-Sire Records Inc., et al. v. Does 1-100*, Case No. 04-cv-7735 (S.D.N.Y. Sept. 30, 2004)

105. Order, *London-Sire Records Inc., et al. v. Does 1-2*, Case No. 04-cv-7738 (S.D.N.Y. Sept. 30, 2004)

106. Order, *Maverick Recording Co., et al. v. Does 1-2*, Case No. 04-cv-7737 (S.D.N.Y. Sept. 30, 2004)

8

107. Order, *Motown Record Company, L.P., et al. v. John Doe*, Civ. Action No. 04-702-B-M2 (M.D. La. Sept. 30, 2004)

108. Order, *Maverick Recording Co., et al. v. John Doe*, Civ. Action No. 04-4778 WGB (D.N.J. Sept. 30, 2004)

109. Order, *Virgin Records Am., Inc., et al. v. John Doe*, Civ. Action No. 6:04-CV-1140 (DOH/GHL) (N.D.N.Y. Sept. 30, 2004)

110. Order, *Interscope Records, et al. v. John Doe*, Civ. Action No. 04-4231 (E.D.N.Y. Sept. 30, 2004)

111. Order, *Capitol Records, Inc., et al. v. John Doe*, Case No. 3:04 CV-572-S (W.D. Ky. Sept. 30, 2004)

112. Order, *Priority Records LLC, et al. v. Does 1-116*, Civ. Action No. 04-1674 (JR) (D.D.C. Oct. 1, 2004)

113. Order, *BMG Music, et al. v. John Doe*, Civ. Action No. 1:04-cv-1164 (E.D. Va. Oct. 1, 2004)

114. Order, *UMG Recordings, Inc., et al. v. John Doe*, Case No. 1:04-cv-1338 (C.D. Ill. Oct. 4, 2004)

115. Order, *Atlantic Recording Corp., et al. v. Does 1-151*, Case No. A04CA636 SS (W.D. Tex. Oct. 4, 2004)

116. Order, *Motown Record Company, L.P., et al. v. Does 1-50*, Civ. Action No. 04-CV-7736 (WHP) (S.D.N.Y. Oct. 4, 2004)

117. Order, *Warner Bros. Records Inc., et al. v. John Doe*, Civ. Action No. 04-4289 JNE/JGL (D. Minn. Oct. 5, 2004)

118. Order, *Virgin Records Am., Inc., et al. v. John Doe*, Case No. 5:04CV1976 (N.D. Ohio Oct. 5, 2004)

119. Order, *UMG Recordings, Inc., et al. v. Does*, Case No. 3:04-cv-01410-KI (D. Oregon Oct. 5, 2004)

120. Order, *Warner Bros. Records Inc., et al. v. John Doe*, No. C-04-4149 JL (N.D. Cal. Oct. 6, 2004)

121. Order, *UMG Recordings, Inc., et al. v. John Doe*, Case No. 04-8176-RGK (JTLx) (C.D. Cal. Oct 7, 2004)

1631101v1

122. Order, *Elektra Entm't Group, Inc., et al. v. John Doe*, No. 04-cv-1639 (JBA) (D. Conn. Oct. 8, 2004)

123. Order, *Warner Bros. Records Inc., et al. v. John Doe*, Civ. Action No. 04-1673 (RMC) (D.D.C. Oct. 12, 2004)

124. Order, *UMG Recordings, Inc., et al. v. Does 1-3*, Civ. Action No. 5:04CV157 (W.D.N.C. Oct. 12, 2004)

125. Order, *Elektra Entm't Group, Inc., et al. v. Does 1-115*, Civ. Action No. 04 Civ. 7739 (S.D.N.Y. Oct. 13, 2004)

126. Order, *Caroline Records, Inc., et al. v. Does 1-100*, Civ. Action No. 04 CV 6875 (SHS) (S.D.N.Y. Oct. 13, 2004) (this Order is a revision of Order #103 to state that disclosure of information is authorized pursuant to the Cable Act)

127. Order, *Caroline Records, Inc., et al. v. Does 1-55*, Civ. Action File No. 04-cv-2867 (N.D. Ga. Oct. 14, 2004)

128. Order, *Arista Records, Inc., et al. v. Does 1-100*, Civ. Action File No. 04-cv-2495 (N.D. Ga. Oct. 14, 2004)

129. Order, *Elektra Entm't Group, Inc., et al. v. Does 1-6*, Civ. Action No. 04-1241 (E.D. Pa. Oct. 14, 2004)

130. Order, *Capitol Records, Inc., et al. v. Does 1-250*, Civ. Action No. 04 CV 472 (S.D.N.Y. Oct. 15, 2004) (this Order is a revision of Order #1 to state that disclosure of information is ordered pursuant to the Cable Act)

131. Order, *Capitol Records, Inc., et al. v. John Doe*, Case No. 03 C 6327 (N.D. Ill. Oct. 15, 2004)

132. Order, *Sony BMG Music Entm't, et al. v. Does 1-3*, Case No. 5:04-cv-165 (W.D. Mich. Oct. 18, 2004)

133. Order, *Virgin Records Am., Inc., et al. v. John Doe*, Case No. C04-2059M (W.D. Wash. Oct. 19, 2004)

134. Order, *Warner Bros. Records Inc., et al. v. John Doe*, Civ. Action No. 1:04 CV 1163 (E.D. Va. Oct. 20, 2004)

135. Order, *Loud Records LLC, et al. v. Does 1-66*, Civ. Action No. 1:04 CV 1162 (E.D. Va. Oct. 22, 2004)

1631101v1

136.   Order, *Elektra Entm't Group, Inc., et al. v. Does 1-115*, Civ. Action No. 04CV7739 (KMK) (S.D.N.Y. Oct. 26, 2004)

137.   Order, *BMG Music, et al. v. John Doe*, Civ. Action No. 04-CV-1254 (N.D.N.Y. Oct. 28, 2004)

138.   Order, *Arista Records LLC, et al. v. John Doe*, Civ. No. 4-04-CV-00587 (S.D. Iowa Oct. 28, 2004)

139.   Order, *Virgin Records Am., Inc., et al. v. John Doe*, Civ. No. 4-04-CV-00588 (S.D. Iowa Oct. 28, 2004)

140.   Order, *Caroline Records, Inc., et al. v. Does 1-8*, Civ. Action No. 2:04-cv-1042 (S.D. Ohio Oct. 28, 2004)

141.   Order, *London-Sire Records Inc., et al. v. Does 1-125*, Civ. Action No. 04-cv-8467 (S.D.N.Y. Oct. 28, 2004)

142.   Order, *Atlantic Recording Corp., et al. v. Does 1-25*, Case No. 3:04CV01824 (D. Conn. Oct. 29, 2004)

143.   Order, *Warner Bros. Records Inc., et al. v. John Doe*, Civ. Action No. 4:CV 04-2374 (M.D. Pa. Nov. 1, 2004)

144.   Order, *Atlantic Recording Corp., et al. v. John Doe*, Case No. 3:04CV7682 (N.D. Ohio Nov. 2, 2004)

145.   Order, *Fonovisa, Inc., et al. v. Does 1-76*, Case No. 1:04-CV-2868-WSD (N.D. Ga. Nov. 2, 2004)

146.   Order, *Lava Records, LLC, et al. v. Does 1-50*, Case No. 1:04-CV-2496-WSD (N.D. Ga. Nov. 2, 2004)

147.   Order, *Sony BMG Music Entm't, et al. v. Does 1-10*, Case No. CV'04 2324 PHX JAT (D. Ariz. Nov. 2, 2004)

148.   Order, *BMG Music, et al. v. John Doe*, Case No. 2 04-CV-283 JDT WGH (S.D. Ind. Nov. 2, 2004)

149.   Order, *Motown Record Co., L.P., et al. v. Does 1-52*, Case No. C 04 4565 MEJ (N.D. Cal. Nov. 2, 2004)

150.   Order, *Capitol Records, Inc., et al. v. John Doe,* Civ. No. 04-4290 JMR/FLN (D. Minn. Nov. 2, 2004)

1631101v1

151.   Order, *Loud Records LLC, et al. v. Does 1-50*, Case No. 1:04-CV-06930 (N.D. Ill. Nov. 3, 2004)

152.   Order, *Sony BMG Music Entm't, et al. v. Does 1-2*, Civ. Action No. 5:04-CV-1253 (NAM/GHL) (N.D.N.Y. Nov. 5, 2004)

153.   Order, *Capitol Records, Inc., et al. v. Does 1-55*, Civ. Action No. 04 CV 8468 (S.D.N.Y. Nov. 9, 2004)

154.   Order, *Caroline Records, Inc., et al. v. Does 1-21*, Civ. Action File No. 04 CV 3156 (N.D. Ga. Nov. 12, 2004)

155.   Order, *Fonovisa, Inc., et al. v. Does 1-151*, No. 4:04-CV-1488 CEJ (E.D. Mo. Nov. 12, 2004)

156.   Order, *Interscope Records, et al. v. Does 1-17*, No. 4:04-CV-1489 CEJ (E.D. Mo. Nov. 12, 2004)

157.   Order, *Capitol Records, Inc., et al. v. John Doe*, No. 4:04-cv-90 (E.D. Tenn. Nov. 15, 2004)

158.   Order, *Loud Records, LLC, et al. v. Does 1-4*, Civ. Action No. 2:04CV00362BN (S.D. Miss. Nov. 16, 2004)

159.   Order, *Interscope Records, et al. v. Does 1-4*, Civ. Action No. 04-5653 (MLC) (D.N.J. Nov. 18, 2004)

160.   Order, *Arista Records LLC, et al. v. John Doe*, Civ. Action No. 04-40240-FDS (D. Mass. Nov. 18, 2004)

161.   Order, *BMG Music, et al. v. John Doe*, No. 4:04-cv-00637-JEG (S.D. Iowa Nov. 18, 2004)

162.   Order, *Caroline Records, Inc., et al. v. Does 1-175*, Civ. Action No. 04-2028 (D.D.C. Nov. 18, 2004)

163.   Order, *London-Sire Records Inc., et al. v. Does 1-153*, Civ. Action No. 04-cv-9114 (S.D.N.Y. Nov. 18, 2004)

164.   Order, *Fonovisa, Inc., et al. v. Does 1-3*, Civ. Action No. 04-2027 (RBW) (D.D.C. Nov. 19, 2004)

165.   Order, *Priority Records LLC, et al. v. Does 1-102*, No. 1:04-cv-3157-WSD (N.D. Ga. Nov. 19, 2004)

12

166. Order, *Priority Records LLC, et al. v. Does 1-52*, Case No. 04-4910 FMS (N.D. Cal. Nov. 19, 2004)

167. Order, *Lava Records, LLC, et al. v. Does 1-39*, Civ. Action No. 04-2366 (W.D. La. Nov. 19, 2004)

168. Order, *Elektra Entm't Group Inc., et al. v. John Doe*, Civ. Action No. 04-civ-9112 (S.D.N.Y. Nov. 19, 2004)

169. Order, *Atlantic Recording Corporation, et al., v. Does 1-34*, Civ. Action No. 04-2568-KHV-DJW (D. Kan. Nov. 23, 2004)

170. *Warner Bros. Records Inc., et al. v. John Doe*, Civ. No. 04-4661(JNE/JGL) (D. Minn. Nov. 23, 2004)

171. *Virgin Records America, Inc., et al. v. John Doe*, Civ. Action. No. 04-30223-KPN (D. Mass. Nov. 29, 2004)

172. *Elektra Entm't Group Inc., et al. v. Does 1-2*, Civ. Action No. 1:04-CV-1257 (N.D.N.Y. Nov. 29, 2004)

173. *BMG Music, et al. v. John Doe*, Civ. Action No. 04-cv-03384-JEC (N.D. Ga. Nov. 29, 2004)

174. *Arista Records LLC, et al. v. John Doe*, No. C04-04150 RMW (HRL) (N.D. Cal. Nov. 30, 2004)

175. *London Sire Records Inc., et al. v. Does 1-76*, Civ. Action No. 04-WM-2394 (BNB) (D. Colo. Dec. 3, 2004)

176. *Loud Records, LLC, et al. v. Does 1-151*, Civ. Action No. 1:04cv1399 (E.D. Va. Dec. 3, 2004)

177. *Capitol Records, Inc., et al. v. Does 1-2*, Civ. Action No. 1104-cv-2506-JTC (N.D. Ga. Dec. 7, 2004)

178. *Arista Records LLC, et al. v. Does 1-2*, Civ. Action No. 04-cv-9878(NRB) (S.D.N.Y. Dec. 16, 2004)

179. *Fonovisa, Inc., et al. v. Does 1-20*, Civ. Action No. 04-cv-9879(VM) (S.D.N.Y. Dec. 16, 2004)

180. *Motown Record Company, L.P., et al. v. Does 1-95*, Civ. Action No. 04-2179(JR) (D.D.C. Dec. 20, 2004)

13

181. *Priority Records LLC, et al. v. Does 1-6*, Civ. Action No. 4:CV 04-2721 (M.D. Pa. Dec. 21, 2004)

182. *Atlantic Recording Corporation, et al. v. Does 1-6*, Civ. Action No. 2:04cv755 (E.D. Va. Dec. 23, 2004)

183. *Loud Records, LLC, et al. v. Does 1-116*, No. 4:04-CV-1751 CEJ (E.D. Mo. Dec. 27, 2004)

184. *Elektra Entm't Group Inc., et al. v. Does 1-2*, Civ. Action No. 3:04cv920 (E.D. Va. Dec. 29, 2004)

185. *Sony BMG Music Entm't, et al. v. John Doe*, Civ. Action No. 3:04-CV-108-JTC (N.D. Ga. Jan. 5, 2005)

186. *Caroline Records, Inc., et al. v. Does 1-107*, Civ. Action No. 04-CV-3670 (N.D. Ga. Jan. 6, 2005)

187. *Interscope Records, et al. v. Does 1-12*, No. 1:04-cv-3669-WSD (N.D. Ga. Jan. 6, 2005)

188. *London-Sire Records Inc., et al. v. Does 1-100*, Civ. Action No. 1:04cv1512 (E.D. Va. Jan. 7, 2005)

189. *Atlantic Recording Corp., et al. v. Does 1-86*, Case No. 3:04-CV-2119 (RNC) (Dist. Conn. Jan. 7, 2005)

190. *BMG Music, et al. v. Does 1-4*, Civil Action File No. 3:05-CV-006 (JTC) (N.D. Ga. Jan. 20, 2005)

191. *Arista Records LLC, et al. v. Doe*, Civil Action No. 04-CV-7740 (S.D.N.Y. Jan. 25, 2005)

192. *Elektra Entm't Group Inc., et al. v. Does 1-50*, Civil Action No. 04-CV-6876 (GBD) (S.D.N.Y. Jan. 27, 2005)

193. *Virgin Records America, Inc., et al. v. Does 1-5*, Case No. 2:05-cv-0031SR (S.D. Miss. Jan. 27, 2005)

194. *Warner Bros. Records, Inc., et al. v. John Doe*, Case No. 8:05-CV-169-T-27TGW (M.D. Fla. Jan. 28, 2005)

195. *UMG Recordings, Inc., et al. v. Does 1-6*, Civil Action No. 04-CV-3668 (N.D. Ga. Jan. 31, 2005)

196. *Elektra Entm't Group Inc., et al. v. John Doe*, Civil Action No. 04-4230 (E.D.N.Y. Jan. 31, 2005)

14

197.   *Sony BMG Music Entertainment, et al. vv. Does 1-2*, Cause No. 1:05-CV-032 (N.D. Ind. Jan. 31, 2005)

198.   *Virgin Records America, Inc., et al. v. Doe*, Case No. 8:05-CV-170-T-17MAP (M.D. Fla. Jan. 31, 2005)

199.   *Motown Records Company, L.P., et al. v. Does 1-3*, Case No. 05-70295 (E.D. Mich. Jan. 31, 2005)

200.   *Capitol Records, Inc., et al v. Does 1-3*, Civil Action No. 5:05-37-JMH (E.D. Ky. Jan. 31, 2005)

201.   *Interscope Records, et al. v. Does 1-2*, Civil Action No. 05-CV-0102 (N.D.N.Y. Jan. 31, 2005)

202.   *London-Sire Records Inc., et al. v. Does 1-4*, Case No. 05-3019 (C.D. Ill. Feb. 2, 2005)

203.   *Elektra Entertainment Group Inc., et al. v. Does 1-2*, Civil Action No. 05-CV-0915 (RCC) (S.D.N.Y. Feb. 2, 2005)

204.   *Warner Bros. Records, Inc., et al. v. Doe*, Case No. 04-CV-8118 (N.D. Ill. Feb. 3, 2005)

205.   *Maverick Recording Company, et al. v. Doe*, Case No. 5:04-cv-187 (W.D. Mich. Feb. 8, 2005)

206.   *Virgin Records America, Inc., et al. v. Does 1-2*, Case No. 5:05-cv-16 (W.D. Mich. Feb. 8, 2005)

207.   *UMG Recordings, Inc., et al. v. Doe*, Case No. A-04-CA-704 LY (W.D. Tex. Feb. 8, 2005)

208.   *Capitol Records, Inc., et al. v. Does 1-20*, Case No. 05-cv-00395-JCS (N.D. Cal. Feb. 8, 2005)

209.   *Atlantic Recording Corporation, et al. v. Does 1-2*, Civil Action No. 05-CV-914 (RJH) (S.D.N.Y. Feb. 9, 2005)

210.   *Maverick Recording Company, et al. v. Does 1-2*, Cause No. 1:05-cv-0135-LJM-WTL (S.D. Ind. Feb. 10, 2005)

211.   *Fonovisa, Inc., et al. v. Does 1-7*, Civil Action File No. 1:05-cv-0234-CC (N.D. Ga. Feb. 16, 2005)

212.   *Motown Record Co., L.P., et al. v. Does 1-2*, Civil Action No. 05-10159-NG (D. Mass. Feb. 24, 2005)

15

213. *Interscope Records, et al., v. Does 1-2*, Civil Action No. 05-10160-NG (D. Mass. Feb. 24, 2005)

214. *BMG Music, et al. v. Does 1-2*, Civil Action No. 05-10168-NG (D. Mass. Feb. 24, 2005)

215. *UMG Recordings, Inc., et al. v. Does 1-2*, Civil Action No. 05-10169-NG (D. Mass. Feb. 24, 2005)

216. *Sony BMG Music, et al. v. John Doe*, Case No. 8:05-cv-166-17MSS (M.D. Fla. Feb. 24, 2005)

217. *Atlantic Recording Corporation, et al. v. Does 1-122*, Civil Action No. 05-cv-2400 (KMW) (S.D.N.Y. Feb. 28, 2005)

218. *Virgin Records America, Inc., et al. v. Does 1-2*, Civil Action No. 05-137-C-M1 (M.D. La. March 1, 2005)

219. *Caroline Records, Inc., et al. v. Does 1-57*, Case No. 4:05-CV-172 CEJ (E.D. Mo. March 1, 2005)

220. *Maverick Recording Company, et al. v. Does 1-100*, Case No. 1:05-CV-01177 (N.D. Ill. March 2, 2005)

221. *Priority Records LLC, et al. v. Does 1-3*, Case No. 05-0660 (S.D. Tex. March 3, 2005)

222. *London-Sire Records Inc., et al. v. Does 1-70*, Case No. 1:05-CV-00483 (N.D. Ill. March 3, 2005)

223. *BMG Music, et al. v. Does 1-3*, Case No. 05-0144 (M.D. Tenn. March 3, 2005)

224. *Motown Record Company, L.P., et al. v. Does 1-25*, Civil Action No. 05-WM-364 (PAC) (D. Colo. March 4, 2005)

225. *UMG Recordings, Inc., et al. v. Does 1-2*, Civil Action No. 05-375 (W.D. La. March 4, 2005)

226. *Interscope Records, et al. v. Does 1-3*, Case No. CV05-1483 R (CWx) (C.D. Cal. March 7, 2005)

227. *Motown Records Co., L.P., et al. v. Does 1-3*, Civil Action No. 1:05-CV-128 (S.D. Ohio March 14, 2005)

228. *Capitol Records, Inc., et al. v. Does 1-2*, Case No. C2-05-184 (S.D. Ohio March 14, 2005)

1631101v1

229.  *Interscope Records, et al. v. Does 1-60*, Case No. 4:05-CV-342 CEJ (E.D. Mo. March 16, 2005)

230.  *BMG Music, et al. v. Does 1-6*, Case No. H-05-263 (S.D. Tex. March 17, 2005)

231.  *Maverick Recording Company, et al. v. Does 1-2*, Civil Action No. 05-cv-252 (N.D.N.Y. March 22, 2005)

232.  *London-Sire Records Inc., et al. v. Does 1-6*, Civil Action No. 05-CV-0551 (N.D. Ga. March 22, 2005)

233.  *Capitol Records, Inc., et al. v. Does 1-15*, Civil Action No. 05-CV-3172 (S.D.N.Y. March 24, 2005)

234.  *Priority Records LLC, et al. v. Does 1-175*, Civil Action No. 05-CV-3173 (S.D.N.Y. March 24, 2005)

1631101v1