UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------x
                                                                                 )

ARISTA. RECORDS LLC, et al.,               )

Plaintiffs,                                     )    Civil Action No.
                                                                )    1:07-cv-10834-NG

-v.-

DOES 1-21,

                    Defendants.

---------------------------------------------------------------x

**MOTION TO QUASH SUBPOENA**

Defendant Doe hereby moves, pursuant to Fed. R. Civ. P. 45(c)(3), to quash the subpoena issued by plaintiffs' counsel and directed to non-party Boston University. In support of their Motion, Doe relies on the accompanying memorandum of law.

                                          Respectfully submitted,

                                          JOHN DOES 1-21
                                          By its Attorneys


                                          /s/ Raymond Sayeg_____
                                          Raymond Sayeg, BBO #555437
                                          DENNER PELLEGRINO, LLP
                                          Four Longfellow Place, 35th Floor
                                          Boston, Massachusetts 02114
                                          (617) 742-1184


Dated: June 13, 2007

## CERTIFICATE OF SERVICE

       I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 13th day of June, 2007.

    John R. Bauer
    Nancy M. Cremins
    Robinson & Cole LLP
    One Boston Place
    Boston, MA 02108-4404

                                                            */s/ Raymond Sayeg*
                                                            Denner Pellegrino LLP

:

```
UNITED STATES DISTRICT COURT
  DISTRICT OF MASSACHUSETTS
```

----------------------------------------------------------------x
                                                                 )
ARISTA. RECORDS LLC, et al.,                                     )
                                                                 )
Plaintiffs,                                                      )   Civil Action No.
                                                                 )   1:07-cv-10834-NG
                                                                 )
          -v.-                                                   )
                                                                 )
DOES 1-21,                                                       )
                                                                 )
                    Defendants.                                  )
                                                                 )
----------------------------------------------------------------x

## MEMORANDUM OF LAW OF BOSTON UNIVERSITY
## IN SUPPORT OF ITS MOTION TO QUASH SUBPOENA

### PRELIMINARY STATEMENT

Doe, by its attorneys, respectfully submits this memorandum of law in support of their motion for an Order quashing the subpoena issued by this U.S. District Court on the ground that the Order Re: Expedited Discovery dated May 9, 2007 was issued by the Court based on a flawed "Ex Parte Application for Leave to Take Immediate Discovery."

### ARGUMENT

### THE *EX PARTE* ORDER RE: EXPEDITED DISCOVERY SHOULD BE VACATED AND THE SUBPOENA SERVED ON NON-PARTY BOSTON UNIVERSITY SHOULD BE QUASHED BECAUSE PLAINTIFFS HAVE NOT MADE A CONCRETE PRIMA FACIE SHOWING OF COPYRIGHT INFRINGEMENT

The subpoena served on Boston University seeks identification of certain individual users of internet services provided by the university to its students, faculty, and other employees on the grounds that the individual users of internet services infringed plaintiffs' copyrights by storing

music files on their computers while connected to the internet without sufficient protection to prevent third parties from accessing those music files and copying them. The only copying alleged was conducted by plaintiff's own agent, who had permission to copy the files.

No actual copyright infringement on the part of the individual users of Boston University's internet services whose identities are sought has been alleged by plaintiffs.

Plaintiffs have not alleged that the individual users invited anyone to copy their music files.

Plaintiffs have not alleged that the individual users were aware that any copied their music files.

Plaintiffs have not alleged that the individual users were even aware that their music files could be copied by third parties such as plaintiffs agents.

Plaintiffs have not alleged a duty for individual users to protect their music files from copying by third parties over the internet.

Plaintiffs submitted a declaration of Carlos Lineres in support of their *Ex Parte* application (the "Lineres Declaration"). However, the Lineres Declaration does not allege any actual instances of illegal downloading of copyrighted files onto anyone's computers by any of the individual users referred to as "Does," nor do they demonstrate any instances of actual uploading of copyrighted files from any of the individual's computers to the public except for acts of the plaintiffs' agent. Since plaintiffs' agent was licensed or otherwise authorized by plaintiffs to copy the files referred to in the Lineres Declaration, there was absolutely no infringement at any time or place by any individual connected with Boston University. The Lineres Declaration is based on a flawed theory that having copyrighted music files on an individual's computer or on an assigned folder on Boston University's server is a "distribution"

of such copyrighted music files, where such folder is merely accessible by others.  Under Mr. Lineres' theory, even if the individuals are not aware of the ability of others to copy their music files and even if they have no intent to allow others to copy said files, the mere fact that plaintiffs' agent was able to access their music files and copy them makes the individuals infringers.

The theory advanced in the Lineres Declaration, that storing copyrighted files on a computer in a place where plaintiffs' agent was able to make copies is an illegal "distribution," is incorrect under the law.  A copyright owner's exclusive right to distribution is found in Secs. 109(b)(1)(A) and 109(b)(4) of the Copyright Act, 17 U.S.C., which prohibits a person in possession of a copy of a computer program or phonorecord from disposing of possession by rental, lease, or lending (collectively referred to as "distributing" in Sec. 109(b)(4)) "for the purposes of direct or indirect commercial advantage."  Nothing in the Complaint, Memorandum of Law, or supporting Lineres Declaration alleges any Doe defendant received a commercial advantage by storing copyrighted files in a place where others could access them and make copies.  No Doe defendant is alleged to have received a commercial advantage even if third parties copied their music files from their computers.As plaintiffs must be well aware, its theory of copyright infringement has been considered by courts in prior cases and has never been adopted.  See Arista Records, Inc. v. MP3Board, Inc., 00 Civ. 4660, 2002 U.S. Dist. LEXIS 16165 at *13-14 (S.D.N.Y. Aug. 29, 2002) (Appendix 2) (posting on MP3Board website of links leading to infringing audio files does not establish unlawful dissemination of copies of such files to the public; "[i]nfringement of the distribution right requires an actual dissemination of ... copies") (italics added).  See also Obolensky v. G.P. Putnam's Sons, 628 F.Supp. 1552, 1555-56 (S.D.N.Y.) (publisher did not infringe on copyright owner's right of distribution of copyrighted

book by listing the book in a trade publication as belonging to publisher where publisher neither copied the book nor sold any copies of the book), aff'd, 795 F.2d 1005 (2d Cir. 1986); National Car Rental System, Inc. v. Computer Associates International, Inc., 991 F.2d 426, 434 (8th Cir. 1993) ("[i]nfringement of [the distribution right] requires an actual *dissemination* of either copies or phonorecords") (italics added) (citing 2 Nimmer on Copyright § 8.11[A], at 8-124); 2 Paul Goldstein, Copyright § 5.5.1, at 5:102 to 5-102-1 (2d ed. 2000 & Supp. 2005) ("an actual transfer must take place; a mere offer for sale will not violate the right") (italics added); SBK Catalogue Partnership v. Orion Pictures Corp., 723 F.Supp. 1053, 1064 (D.N.J. 1989) (merely "authorizing" a third party to distribute copyrighted works without proof that the third party actually did so does not constitute copyright infringement); CACI Intern., Inc. v. Pentagen Technologies Intern., 93 Civ. 1631, 1994 U.S. Dist. LEXIS 21457 at *12 (E.D.Va. Jun. 16, 1994) (Appendix 3) (marketing of software package without actually distributing it does not constitute copyright infringement). In the present case there was not even an allegation that the individuals intentionally made the files available on their computers for distribution to others. Certainly there is no evidence or even allegation that the individuals consciously offered the files to others, and certainly did not offer the files to plaintiffs' agent.

Plaintiffs have not made "a concrete showing of a prima facie claim of copyright infringement." Indeed, there is no evidence at all in the record of any infringement.

Federal courts have long disfavored the use of unidentified "John Doe" defendants in complaints. Petway v. City of New York, 02 Civ. 2715, 2005 WL 2137805 at *4 (E.D.N.Y. Sept. 2, 2005); In re Ticketplanet.com, 313 B.R. 46, 55 n.4 (Bankr. S.D.N.Y. 2004); Strauss v. City of Chicago, 760 F.2d 765, 770 n.6 (7th Cir. 1985), and have also disfavored expedited discovery obtained on an *ex parte* basis. As a general rule, discovery may take place only after a

defendant has been served.  Columbia Insurance Co. v. Seescandy.com, 185 F.R.D. 573, 577 (N.D.Cal.1999).  A plaintiff in a copyright infringement case who seeks expedited discovery to uncover the identity of an unknown "John Doe" defendant must therefore make "a concrete showing of a prima facie claim of copyright infringement."  Sony Music Entertainment Inc. v. Does 1-40, 326 F.Supp.2d 556, 564-65 (S.D.N.Y. 2004).  To obtain discovery as to identity of John Doe defendant, plaintiff must make an evidentiary showing "that an act giving rise to civil liability *actually occurred* and that the discovery is aimed at revealing specific identifying features of the person or entity who committed that act."  Columbia Insurance Co., supra, 185 F.R.D. at 580  (italics added).

In Doe v. 2themart.com Inc., 140 F.Supp.2d 1088 (W.D. Wash. 2001), the court explained the interests at stake:

> If Internet users could be stripped of [the ability to communicate anonymously on the Internet] by a civil subpoena enforced under the liberal rules of civil discovery, this would have a significant chilling effect on Internet communications and thus on basic First Amendment rights.  Therefore, <u>discovery requests seeking to identify anonymous Internet users must be subjected to careful scrutiny by the courts</u>.

Doe v. 2themart.com Inc., supra, 140 F.Supp.2d at 1093 (emphasis added).  To protect against an unjustified invasion of a John Doe defendant's right to privacy and anonymity, a plaintiff seeking discovery to identify such a defendant must therefore demonstrate "a real evidentiary basis * * * that the defendant has engaged in wrongful conduct."  Highfields Capital

Management L.P. v. Doe, 385 F.Supp.2d 969, 970 (N.D. Cal. 2005).  This means that the plaintiff

> must adduce *competent evidence* – and the evidence plaintiff adduces must address *all* of the inferences of fact that plaintiff would need to prove in order to prevail under at least one of the causes of action plaintiff asserts.  In other words, the evidence that plaintiff adduces must, if unrebutted, tend to support a finding of *each* fact that is essential to a given cause of action.

Highfields Capital Management, supra, 385 F.Supp.2d at 975-76 (italics in original); Dendrite International, Inc. v. Doe No. 3, 342 N.J.Super. 134, 141, 157-59, 775 A.2d 756, 760, 771-72 (N.J. App. 2001) (affirming denial of plaintiff's motion for expedited discovery to obtain identity of John Doe defendant; plaintiff failed to make evidentiary showing supporting each element of its *prima facie* case).

## CONCLUSION

The Court should therefore vacate the *Ex Parte* Order and, since the subpoena to Boston University was issued on the basis of that *Ex Parte* Order, quash the subpoena in its entirety under F.R.C.P. 45(c)(3).

        Respectfully submitted,

        JOHN DOES 1-21
        By its Attorneys

        /s/ Raymond Sayeg_____
        Raymond Sayeg, BBO #555437
        DENNER PELLEGRINO, LLP
        Four Longfellow Place, 35th Floor
        Boston, Massachusetts  02114
        (617 ) 742-1184

Dated:  June 13, 2007

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 13th day of June, 2007.

    John R. Bauer
    Nancy M. Cremins
    Robinson & Cole LLP
    One Boston Place
    Boston, MA 02108-4404

                                                                         _/s/ Raymond Sayeg_
                                                                          Denner Pellegrino LLP

:

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------x
                                                               )
ARISTA RECORDS LLC, et al.,                                    )
                                                               )
Plaintiffs,                                                    )   Civil Action No.
                                                               )   1:07-cv-10834-NG
                                                               )
        -v.-                                                   )
                                                               )
DOES 1-21,                                                     )
                                                               )
                        Defendants.                            )
                                                               )
---------------------------------------------------------------x

## **ORDER**

AND NOW, this ___ day of _____, 2007, upon consideration of Defendants' Motion to Quash Plaintiffs Subpoena, and any response thereto:

It is hereby **ORDERED** that Doe's Motion is granted, and plaintiffs' subpoena directed to said Boston University is hereby Quashed. Boston University is prohibited from providing the information requested in the subpoena.

_____

United States District Judge