UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARISTA RECORDS LLC., et al.,<br><br>         Plaintiffs,<br><br> -against-<br><br>DOES 1-21,<br><br>         Defendants. | Civil Action No. 04-cv-12434-NG<br>(Consolidated Docket Number)<br><br>Civil Action No. 07-cv-10834-NG<br>(Original Docket Number) |

**MOTION OF THE ELECTRONIC FRONTIER FOUNDATION
FOR LEAVE TO FILE AMICUS CURIAE BRIEF IN SUPPORT OF DEFENDANT
JOHN DOE'S MOTION TO QUASH SUBPOENA TO BOSTON UNIVERSITY**

  The Electronic Frontier Foundation (EFF) hereby moves for leave to file the accompanying 25-page *amicus curiae* brief in the above-captioned case in support of Defendant John Doe's motion to quash the subpoena issued by Plaintiffs to Boston University.[1] The motion is based on this motion and the accompanying Declaration of Fred von Lohmann, submitted herewith.

  EFF is a member-supported, nonprofit public interest organization devoted to maintaining the traditional balance that copyright law strikes between the interests of copyright owners and the interests of the public. Founded in 1990, EFF represents more than 13,000 contributing members including consumers, hobbyists, computer programmers, entrepreneurs, students, teachers, and researchers united in their reliance on a balanced copyright system that

---

[1] Counsel understands that briefs are customarily limited to 20 pages and therefore respectfully requests that the Court accept the accompanying oversized brief in light of the complexity of the two issues it addresses.

ensures adequate protection for copyright owners while ensuring access to information in the digital age.

EFF has considerable experience with the copyright issues raised by the new peer-to-peer (P2P) file sharing technologies at the heart of this case. EFF served as counsel of record in *MGM v. Grokster*, the only case involving P2P file sharing software to have reached the U.S. Supreme Court. *See Metro-Goldwyn-Mayer Studios v. Grokster, Ltd.*, 545 U.S. 913 (2005).

EFF has also appeared as *amicus curiae* in a number of cases brought against individuals accused of infringing copyright using P2P file sharing software, including several cases raising the same issues raised by the pending motion to quash. For example, EFF has filed several *amicus curiae* briefs addressing the proper constitutional standard that applies when an anonymous individual accused of file sharing moves to quash a subpoena seeking her identity. *See, e.g., Arista Records, Inc. v. Does 1-100*, No. 04-CV-2495-BBM (D. Ga. Feb. 1, 2005) (order denying motion to quash); *Priority Records LLC v. Does 1-8*, No. C-04-1136 (N.D. Cal. Apr. 2, 2004) (amicus brief regarding discovery); *UMG Recordings, Inc. v. Does 1-199*, No. 04-00093 (D.D.C. Mar. 10, 2004) (granting motion for leave to appear as amicus curiae); *Sony Music Entertainment v. Does 1-40*, No. 04-Civ-473 (S.D.N.Y. Feb. 3, 2004) (order regarding motion to quash).

EFF has also filed several *amicus curiae* briefs in cases similar to this one addressing the proper scope of the distribution right, as delimited by 17 U.S.C. § 106(3). *See, e.g., Atlantic Recording Corp. v. Howell,* No. CV-06-2076 (D. Ariz. brief filed Jan. 11, 2008); *Elektra Enter. Group v. Dennis*, No. 07-CV-39 DPJ JCS (S.D. Miss. brief filed Apr. 6, 2007); *Fonovisa v. Alvarez,* No 1:06-CV-011 (N.D. Tex. brief filed June 1, 2006); and *Elektra Enter. Group v. Barker*, No. 05-CV-7340 KMK (S.D.N.Y. brief filed Feb. 23, 2006).

EFF believes the Court may be assisted by additional briefing on these issues, and that EFF's long-term, national focus on similar cases will provide a useful counter-weight to Plaintiffs' perspectives. In addition, since Plaintiffs are bringing thousands of similar cases across the country, EFF has observed that district court judges are in need of clear, well-

considered precedents to guide the resolution of these cases. Defendant, for his part, has also failed to address the First Amendment standard applicable to motions to quash involving anonymous speech. By filing the accompanying *amicus curiae* brief, EFF hopes to contribute to the development of precedents that may provide guidance to other courts going forward.

The parties to the pending motion to quash have been informed of the filing of this *amicus* brief. Defendant's counsel has declined to consent to the filing of the *amicus* brief. Plaintiffs, through counsel, have objected to the filing of the brief.

For the reasons set forth above, EFF asks that this Court grant the motion for leave to file the accompanying *amicus curiae* brief.

        ELECTRONIC FRONTIER FOUNDATION

        By its attorneys,

Dated: February 4, 2008        /s/ Emily A. Berger

        Emily A. Berger, BBO No. 650,841
        Emily@eff.org

        Fred von Lohmann, Esq.
        ELECTRONIC FRONTIER FOUNDATION
        454 Shotwell St.
        San Francisco, CA 94110
        (415) 436-9333
        (415) 436-9993 (fax)

## NOTICE OF ELECTRONIC FILING

The undersigned hereby certifies that the following documents were electronically filed on Feb. 4, 2008, and sent electronically to the registered participants identified on the Notice of Electronic Filing.

1. Motion of the Electronic Frontier Foundation for Leave to File *Amicus Curiae* Brief in Support of Defendant's John Doe's Motion to Quash Subpoena to Boston University.

2. Declaration of Fred von Lohmann in Support of Motion of the Electronic Frontier Foundation for Leave to File *Amicus Curiae* Brief.

3. *Amicus Curiae* Brief of the Electronic Frontier Foundation in Support of Defendant John Doe's Motion to Quash Subpoena.

4. Proposed Order.

In addition, a copy of these documents was served by first class mail on the following:

Raymond Sayeg, Esq.
Denner Pellegrino
4 Longfellow Place, 35th Floor
Boston, MA 02114

/s/ Emily A. Berger