UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARISTA RECORDS LLC, a Delaware limited liability company; WARNER BROS. RECORDS INC., a Delaware corporation; ATLANTIC RECORDING CORPORATION, a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; UMG RECORDINGS, INC., a Delaware corporation; BMG MUSIC, a New York general partnership; CAPITOL RECORDS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; MOTOWN RECORD COMPANY, L.P., a California limited partnership; MAVERICK RECORDING COMPANY, a California joint venture; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; LAFACE RECORDS LLC, a Delaware limited liability company; and INTERSCOPE RECORDS, a California general partnership,<br><br>          Plaintiffs,<br><br>v.<br><br>DOES 1 - 21,<br><br>          Defendants. | CIVIL ACTION No. 04-cv-12434-NG<br>(CONSOLIDATED DOCKET NUMBER)<br><br><br>CIVIL ACTION No. 07- cv-10834-NG<br>(ORIGINAL DOCKET NUMBER) |

**PLAINTIFFS' OPPOSITION TO ELECTRONIC FRONTIER FOUNDATION'S MOTION FOR LEAVE TO FILE AMICUS BRIEF**

Plaintiffs respectfully submit this Opposition to the Motion by the Electronic Frontier Foundation ("EFF") for leave to file an *amicus* brief in this matter. This Doe suit seeks to address massive copyright infringement that Plaintiffs have no reason to believe has stopped during the pendency of this action. This case has already been delayed since June and allowing EFF's *amicus* brief would simply cause further delay.

Additionally, EFF's Motion for leave should be denied for the following reasons: First,

neither party to this litigation consented to EFF's filing of the *amicus* brief in question. Second, EFF's Motion for Leave was filed months after briefing was completed and almost two weeks after the Court's hearing on this matter and is, therefore, untimely. Third, the issues raised by EFF are not properly before the Court because they have not been raised by any of the parties to this case and, therefore, EFF's brief does not provide any valuable insight to the Court. Finally, EFF is not an neutral *amici* providing dispassionate guidance on copyright issues. Both it, and its clients, have a vested interest in the outcome of this and similar litigation. For these reasons, discussed below, EFF's Motion for Leave should be denied.

## ARGUMENT

Traditionally, the role of *amici* has been to act as a friend of the court, providing guidance on questions of law. The function of an *amicus* brief is to serve for the Court's benefit in assisting the Court in cases of general public interest and in providing assistance to existing counsel. *United States v. Gotti,* 755 F. Supp. 1157, 1158 (E.D.N.Y. 1991). As there is no provision for *amicus* briefs in the Federal Rules of Civil Procedure, or in the local rules of this District, the decision to grant leave to proceed as an *amicus* at the trial court level is discretionary. *Boston Gas Co. v. Century Indem. Co.,* 2006 U.S. Dist. LEXIS 41133, *4 (D. Mass. 2006).

A motion for leave to file an *amicus* brief should not be granted unless the court "deems the proffered information timely and useful." *See Yip v. Pagano*, 606 F. Supp. 1566, 1568 (D.N.J. 1985) (quoting 3A C.J.S. Amicus Curiae § 3 (1973)). Accordingly, courts should be slow to exercise their discretion to grant motions for leave to appear as *amici*, especially where one of the parties objects to the filing of an *amicus* brief, as is the case here. *See Strasser v. Doorley,* 432 F.2d 567, 569 (1st Cir. 1970) ("[A] district court lacking joint consent of the parties

should go slow in accepting . . . an amicus brief unless, as a party, although short of a right to intervene, the amicus has a special interest that justifies his having a say . . ."). In this case, neither party consented to EFF filing its *amicus* brief, and on this basis alone, leave should be denied.

I.   *The Parties to the Litigation Do Not Want EFF's Participation in this Litigation.*

Both parties in this matter are represented by competent and experienced counsel, who are very familiar with the issues presented by this case. As such, neither party requires the additional assistance of an *amicus*. In fact, as EFF notes, Plaintiffs opposed EFF's motion, and Defendant chose not to consent. The parties do not wish for EFF to participate in this litigation. As such, allowing EFF's brief would provide no benefit to the Court, and would only increase the costs of this lawsuit unnecessarily. For this reason alone, leave to file the brief should be denied. See *Strasser*, 432 F.2d at 569 (stating that it "may be thought particularly questionable" for the court to accept an amicus when it appears that the parties are well represented and that their counsel do not need supplemental assistance and where the joint consent of the parties to the submission by the amicus is lacking").

II.  *EFF's Brief is Untimely.*

Defendant's Motion to Quash was filed in June 2007. This matter has been fully briefed by the parties for months and a hearing was held on Defendant's Motion to Quash on January 22, 2008. This issue is ripe for decision and no further briefing is required. While there is no specific rule governing *amici curiae's* time for filing their Motion for Leave, Federal Rule of Appellate Procedure 29(e), which governs *amicus* briefs in appellate procedures, provides some guidance regarding the proper time period. Under FRAP 29(e), an *amicus curiae* must file its brief within seven days of the filing of the principal brief the *amicus* is supporting. Here,

3

Defendant filed his Motion to Quash in June, yet EFF did not file its Motion for Leave until February 4, 2008, over eight months later. Even the most generous time limits in the Federal Rules of Civil Procedure do not allow a party to wait eight months before filing a supporting or opposition brief. For this reason as well, EFF's Motion for Leave should be denied.

III.    *EFF Raises Issues Not Properly Before the Court.*

As EFF notes, Defendant did not address the First Amendment or distribution right issues that EFF attempts to raise. It is well-settled that new issues raised by an *amicus* and that were not raised by any of the parties generally are not properly before the court. *See Bano v. Union Carbide Corp.*, 273 F.3d 120, 127 n. 5 (2d Cir. 2001) (refusing to consider issues raised only by *amici* but not by the parties themselves); *A.D. Bedell Wholesale Co. v. Philip Morris Inc.*, 263 F.3d 239, 266 (3d Cir. 2001), *cert. denied*, 534 U.S. 1081 (2002); *Eldred v. Ashcroft,* 255 F.3d 849, 851 (D.C. Cir. 2001); *General Engineering Corp. v. Virgin Islands Water & Power Authority*, 805 F.2d 88, 92 n. 5 (3d Cir. 1986) (collecting cases); *In re Verizon Internet Services, Inc.*, 240 F. Supp. 2d 24, 42 (D.D.C.), *rev'd on other grounds*, 351 F.3d 1229 (D.C.C. 2003), *cert. denied*, 543 U.S. 924 (2004); 4 Am. Jur. 2d Amicus Curiae §§ 6 ("An amicus curiae is not a party and generally cannot assume the functions of a party, or an attorney for a party."), 7 ("In general, an amicus curiae must accept the case before the court with the issues made by the parties. Accordingly, an amicus curiae ordinarily cannot inject new issues into a case which have not been presented by the parties.") (2004) (footnotes omitted). Because it is improper for an *amicus* to introduce new issues that have not been raised by any party, this Court should deny EFF's motion for leave.

IV    *EFF Has A Vested Interest In This Litigation.*

EFF's contention that it has a unique perspective is unsubstantiated and without merit.

4

As EFF explained, it was counsel of record for *Grokster* in *Metro-Goldwyn-Mayer Studios v. Grokster, Ltd.,* 545 U.S. 913 (2005), where Grokster lost in the U.S. Supreme Court unanimously. EFF and the party it represented has a direct interest in the outcome of this, and similar cases. As such, it is not an *amici*, and should not be allowed to act as such. If EFF wishes to intervene on behalf of one of its P2P client or any other client, it should attempt to do so through proper procedures.

EFF regularly takes legal positions in these cases that defy all logic. Indeed, one of EFF attorneys, Ray Beckerman, operates a blog on the Internet called "Recording Industry vs. The People" which, by way of example accuse Plaintiffs of acting as "a cartel of multinational corporations [that] collude to abuse our judicial system, distort copyright law, and frighten ordinary working people and their children." Blog available at *http://recordingindustryvspeople.blogspot.com/* (last visited Feb. 5, 2008). Contrary to their assertions, EFF does not have a dispassionate view of the law that would justify granting leave to file an *amicus* brief, and, thus, EFF's motion for leave to proceed as an *amicus* should be denied. *Gotti*, 755 F. Supp. at 1159 (denying leave to file *amicus* brief where rather than seeking to come as a 'friend of the court' and provide the court with an objective, dispassionate, neutral discussion of the issues, it is apparent that the [*amicus*] has come as an advocate for one side, having only the facts of one side at the time. In doing so, it does the court, itself and fundamental notions of fairness a disservice").

V.   *EFF's Brief Would Not Assist the Court.*

As EFF notes, it has filed several *amicus curiae* briefs in similar cases addressing both the alleged constitutional issue, as well as the scope of the distribution right. However, EFF fails to note a single court that has adopted the position advocated by EFF and Plaintiffs are not aware

5

of any. Courts throughout the country have rejected EFF's positions. *See e.g., Sony Music Entertainment Inc. et al. v. Does 1-40,* 326 F. Supp. 2d 556, 562-67 (S.D.N.Y. 2004) ("Defendant's First Amendment right to remain anonymous must give way to plaintiffs' right to use the judicial process to pursue what appear to be meritorious copyright infringement claims."); *Motown Record Co., et al. v. DePietro,* 2007 U.S. Dist. LEXIS 11626, fn. 38 (E.D.Pa. 2007) ("17 U.S.C. §106 encompasses [the making available] right"); *Perfect 10 v. Amazon.com, Inc.*, 487 F.3d 701, 718-19 (9th Cir. 2007) (reaffirming the *Napster* holding stating that "the distribution rights of the plaintiff copyright owners were infringed by Napster *users* (private individuals with collections of music files stored on their home computers) when they used the Napster software to make their collections available to all other Napster users."); *Hotaling v. Church of Jesus Christ of Latter-Day Saints*, 118 F.3d 199 (4th Cir. 1997) (finding that even in the absence of proof that the work had actually been provided to the public, the work had been distributed within the meaning of 17 U.S.C. § 106(3) when listed in an index of works available for distribution); *United States v. Shaffer*, 472 F.3d 1219, 1123-24 (10th Cir. 2007) (finding criminal liability for distribution stating "We have little difficulty in concluding that [the defendant] distributed child pornography" by placing the pornography in his computer's KaZaA shared folder.); *Sony Pictures Home Entm't, Inc. v. Lott*, 471 F. Supp. 2d 716, 722 (N.D. Tex. 2007) (finding that defendant had violated the plaintiffs' right of distribution where the plaintiffs presented evidence that the defendant shared "files containing the [the plaintiffs' copyrighted] Motion Pictures, making them available for download by other [peer-to-peer] users.").

Permitting the *amicus* brief, therefore, would not aid the Court in the least, and would serve no purpose other than to increase the time and expense of this case for the Court and for Plaintiffs.

**CONCLUSION**

For all of the reasons discussed above, Plaintiffs respectfully request that this Court deny EFF's motion for leave to file an *amicus* brief.

                                                ARISTA RECORDS LLC; WARNER BROS. RECORDS INC.; ATLANTIC RECORDING CORPORATION; VIRGIN RECORDS AMERICA, INC.; UMG RECORDINGS, INC.; BMG MUSIC; CAPITOL RECORDS, INC.; SONY BMG MUSIC ENTERTAINMENT; MOTOWN RECORD COMPANY, L.P.; MAVERICK RECORDING COMPANY; ELEKTRA ENTERTAINMENT GROUP INC.; LAFACE RECORDS LLC; and INTERSCOPE RECORDS

By their attorneys,

Dated: February 5, 2008        By:   /s/ Nancy M. Cremins
                                                          John R. Bauer, BBO# 630742
                                                          Nancy M. Cremins, BBO # 658932
                                                          ROBINSON & COLE LLP
                                                          One Boston Place
                                                          Boston, MA  02108-4404
                                                          Main Phone:  (617) 557-5900
                                                          Main Fax:  (617) 557-5999

**NOTICE OF ELECTRONIC FILING**

In accordance with Local Rule 5.2(b), I, Nancy M. Cremins, hereby certify that this document filed through the ECF system on February 5, 2008 will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                                                               /s/ Nancy M. Cremins
                                                                               Nancy M. Cremins