UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARISTA RECORDS LLC, a Delaware limited liability company; WARNER BROS. RECORDS INC., a Delaware corporation; ATLANTIC RECORDING CORPORATION, a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; UMG RECORDINGS, INC., a Delaware corporation; BMG MUSIC, a New York general partnership; CAPITOL RECORDS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; MOTOWN RECORD COMPANY, L.P., a California limited partnership; MAVERICK RECORDING COMPANY, a California joint venture; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; LAFACE RECORDS LLC, a Delaware limited liability company; and INTERSCOPE RECORDS, a California general partnership,<br><br>     Plaintiffs,<br><br>v.<br><br>DOES 1 - 21,<br><br>     Defendants. | CIVIL ACTION No. 04-cv-12434-NG<br>(CONSOLIDATED DOCKET NO.)<br><br>CIVIL ACTION No. 07-cv-10834-NG<br>(ORIGINAL DOCKET NO.) |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO SUPPLEMENTAL
MEMORANDUM OF LAW OF BOSTON UNIVERSITY DOE
IN SUPPORT OF DOE DEFENDANT'S MOTION TO QUASH SUBPOENA**

1

**TABLE OF CONTENTS**

Page

INTRODUCTION ............................................................................................................................. 1

ARGUMENT ..................................................................................................................................... 2

I.  COPYRIGHT INFRINGEMENT IS A STRICT LIABILITY OFFENSE. ................. 2

II. THE STATUTORY LANGUAGE AND CASE LAW BOTH SUPPORT THE "MAKING AVAILABLE" BASIS FOR COPYRIGHT INFRINGEMENT. .............. 3

III. DEFENDANT'S EFFORT TO DISPARAGE PLAINTIFFS WITH SELECTIVE REFERENCES TO A HANDFUL OF CASES HAS NO MERIT AND NO RELEVANCE TO THIS CASE. ................................................................................. 4

IV. DEFENDANT'S LICENSE ARGUMENT IS IRRELEVANT. .................................. 6

V. PLAINTIFFS CONDUCTED A PROPER INVESTIGATION OF DEFENDANT'S INFRINGEMENT. ....................................................................................................... 6

CONCLUSION ........................................................................................................................... 10

i

# TABLE OF AUTHORITIES

## FEDERAL CASES

*A& M Records, Inc. v. Napster*,
  239 F.3d 1004 (9th Cir. 2001) ............................................................................................. 4

*Atlantic Records v. Heslep*,
  2007 U.S. Dist. LEXIS 35824 (N.D. Tex. May 16, 2007) .................................................. 5

*BMG Music v. Gonzalez*,
  430 F.3d 888 (7th Cir. 2005) ............................................................................................... 5

*Chavez v. Arte Publico Press*,
  204 F.3d 601 (5th Cir. 2000) ............................................................................................... 2

*County of Ventura v. Blackburn*,
  362 F.2d 515 (9th Cir. 1966) ............................................................................................... 2

*Elektra Entm't Group, Inc. v. Does 1-9*
  2004 LEXIS 23560 at *13 .................................................................................................... 9

*Feist Publics, Inc.*,
  499 U.S. 340 (1991) ............................................................................................................. 2

*Full Keel Music, Inc. v. Donna's Public, Inc.*,
  1994 U.S. Dist. LEXIS 21056 (D.Ma. 1994) ...................................................................... 2

*Hotaling v. Church of Jesus Christ of Latter-Day Saints*,
  1218 F.3d 199 (4th Cir. 1997) ............................................................................................. 4

*Lipton v. Nature Co.*,
  71 F.3d 464 (2nd Cir. 1995) ................................................................................................ 2

*Martinez-Serrano v. INS*,
  94 F.3d 1256 (9th Cir. 1996) ............................................................................................... 6

*Metropolitan-Goldwyn-Mayer Studios v. Grokster*,
  545 U.S. 913 (2005) ............................................................................................................. 6

*Motown Records Co. v. DePietro,*
  Case #2:04-CV-02246-ER (E.D. Pa. Feb. 16, 2007) .......................................................... 4

*Perfect 10 v. Google*,
  508 F.3d 1146 (9th Cir. 2007) ............................................................................................. 4

*Pinkham v. Sara Lee Corp.*,
  983 F.2d 824 (8th Cir. 1992) ............................................................................................... 2

*Sony Pictures v. Home Entertainment Inc. v. Lott*,
  471 F. Supp. 2d 716 (N.D. Tex. 2007) ............................................................................... 4

*United States v. Kennedy*,
  81 F. Supp. 2d 1103 (D. Kan. 2000) ................................................................................... 9

#1309630 v4

*Vanhaaren v. State Farm Mutual Automobile Insurance Co.*,
   989 F.2d 1 (1st Cir. 1993)..................................................................................................6

*In re Verizon Internet Services, Inc.*,
   257 F. Supp. 2d 244 (D.D.C. 2003), rev'd on other grounds, 351 F.3d 1229 (D.C.
   Cir. 2003)...........................................................................................................................8

*Virgin Records America, Inc. v. Thompson*,
   2008 U.S. App. LEXIS 128 (5th Cir. Jan. 4, 2008)...........................................................5

*Wills v. Brown University*,
   184 F.3d 20 (1st Cir. 1999)................................................................................................6

### STATE CASES

*In re Grand Jury Investigation*,
   407 Mass. 916 (1990) ........................................................................................................7

### DOCKETED CASES

*Arista v. Does 1-27*,
   No 1:07-cv-00162-JAW (D. ME. Jan. 25, 2008)..............................................................4

*Capitol Records, Inc. v. Thomas*,
   Case No. 06-CV-1497 (MJD/RLE) ...................................................................................5

### FEDERAL STATUTES

17 U.S.C. § 106(3) ........................................................................................................................1, 2

### STATE STATUTES

N.Y. Gen. Bus. Law § 70...................................................................................................................8

### OTHER AUTHORITY

Op. Atty. Gen., 21 St Dept Rep 495 (1919)......................................................................................8

4 M. & D. Nimmer, Nimmer on Copyright § 13.01 (2005) .............................................................2

## INTRODUCTION

At the hearing on January 28, 2008, the Court allowed Defendant to submit academic authority on the issues raised in Defendant's Motion to Quash ("Motion"). In particular, the Court requested academic authority contrary to Plaintiffs' assertion that making sound recordings available from a shared file constitutes distribution in violation of 17 U.S.C. § 106(3). Unfortunately, instead of following the Court's directive and submitting such academic authority, Defendant used the opportunity to submit a brief filled with unsubstantiated rhetoric that raises issues having nothing to do with the Court's directive.

To the extent Defendant did address the Court's request, his submissions have no merit. First, Defendant argues that he did not intend to infringe. Copyright infringement, however, does not require intent. Second, Defendant argues that making available copyrighted works for distribution does not constitute infringement. Defendant is wrong. Defendant misstates some cases and relies on various blog postings in support of his position. In truth, the case authority wholly supports Plaintiffs' position. Third, Defendant cites a handful of cases, out of the thousands that have been filed by Plaintiffs, where the court expressed concerns with issues having nothing to do with this case. Fourth, Defendant notes that students may purchase CDs or pay for downloaded music. While true, this argument has nothing to do with this case.

Finally, Defendant suggests that evidence collected by MediaSentry, the entity that discovered Defendant's infringement, should be excluded because MediaSentry is not registered as a private investigator under Massachusetts General Laws Chapter 147, Sections 22 and 23 (collectively "MGL Provisions"). Defendant's argument is without merit because (i) MediaSentry does not need a license to collect evidence against Defendant; (ii) MediaSentry simply retrieved information placed into the public domain by Defendant; (iii) Defendant does not have standing to seek relief under the MGL Provisions, and (iv) Defendant has provided no

1

support for his contention that a violation of the MGL Provisions would preclude the use of relevant evidence.

## ARGUMENT

### I.    COPYRIGHT INFRINGEMENT IS A STRICT LIABILITY OFFENSE.

Defendant argues that his intent is relevant to the determination of whether he infringed Plaintiffs' copyrights.  Even if factually true, Defendant is wrong.  Copyright infringement is a strict liability offense.  Plaintiffs need not demonstrate Defendant's intent to infringe, or even knowledge of infringement, in order to prove copyright infringement.  See Chavez v. Arte Publico Press, 204 F.3d 601, 607 (5th Cir. 2000) ("Copyright infringement actions, like those for patent infringement, ordinarily require no showing of intent to infringe."); Lipton v. Nature Co., 71 F.3d 464, 471 (2nd Cir. 1995) (intent to infringe is not required under the Copyright Act); Pinkham v. Sara Lee Corp., 983 F.2d 824, 829 (8th Cir. 1992) ("The defendant's intent is simply not relevant [to show liability for copyright infringement]:  The defendant is liable even for 'innocent' or 'accidental' infringements."); County of Ventura v. Blackburn, 362 F.2d 515 (9th Cir. 1966) (affirming trial court's determination of infringement and concluding that "lack of intent to infringe does not excuse legal liability"); Full Keel Music, Inc. v. Donna's Pub, Inc., 1994 U.S. Dist LEXIS  21056 (D.Ma. 1994); 4 M. & D. Nimmer, Nimmer On Copyright § 13.08, at 13-279 ("In actions for statutory copyright infringement, the innocent intent of the defendant will not constitute a defense to a finding of liability.").

In the context of a copyright claim, a plaintiff need only allege:  (1) that the plaintiff owns valid copyrights, and (2) that the defendant violated one or more of the exclusive rights set forth in 17 U.S.C. § 106.  See Feist Pubs., Inc., 499 U.S. 340, 361 (1991); 4 M. & D. Nimmer, Nimmer On Copyright § 13.01, at 13-5 & n. 4 (2005) ("Reduced to most fundamental terms, there are only two elements necessary to the plaintiffs' case in an infringement action:

2

ownership of the copyright by the plaintiff and copying [or public distribution or public display] by the defendant"). Plaintiffs presented substantial evidence to satisfy both of these elements. As noted in Plaintiffs' Opposition to Motion to Quash Subpoena, Defendant is an active participant on a peer-to-peer ("P2P") network. By logging onto the P2P network, MediaSentry viewed the files that Defendant was offering to other users. Defendant has been distributing over 100 audio files from his computer, the majority of which are owned by Plaintiffs. As explained in the Linares Declaration filed with the original Ex Parte Motion to Take Immediate Discovery, MediaSentry was able to identify Defendant's Internet Protocol ("IP") address, but not his name or other contact information. Boston University reviewed its IP address logs and identified Defendant as the Doe infringer associated with the IP address at issue.

Notably, Defendant fails to cite a single case in support of his argument that intent is an element of copyright infringement. Instead, Defendant offers a comment made by a representative of the Recording Industry Association of America regarding unintentional distributions. This comment was made more than four years ago and in a context completely unrelated to this one. The comment simply has no relevance to this case at all. Indeed, in light of the years of publicity that has surrounded Plaintiffs' efforts to protect their copyrights from online infringement, it would be ludicrous to suggest that a college-aged student like Defendant with a file-sharing program on his computer in the year 2007 did not understand that he was sharing files and risking liability for copyright infringement.

II. **THE STATUTORY LANGUAGE AND CASE LAW BOTH SUPPORT THE "MAKING AVAILABLE" BASIS FOR COPYRIGHT INFRINGEMENT.**

Plaintiffs have fully briefed their response to the "making available" argument that Defendant now asserts in Section III B of their Response in Opposition to Amicus Curiae Brief of the Electronic Frontier Foundation in Support of Defendant John Doe's Motion to Quash

Subpoena ("EFF Response Brief"). Plaintiffs incorporate those arguments by reference and, for the Court's convenience, only summarize their position here.

First, the Court need not even consider Defendant's "making available" argument because Plaintiffs have alleged, and have evidence to prove, that Defendant actually distributed a number of Plaintiffs' copyrighted sound recordings to MediaSentry.

Second, Plaintiffs' position that making copyrighted sound recordings available for distribution to others on a P2P network without authorization from the copyright holder violates the copyright holder's distribution right is supported by (i) the language of the Copyright Act, (ii) the relevant legislative history, (iii) the opinion of the Register of Copyrights, and (iv) applicable case law. Indeed, every court to address the issue has held as such. See Perfect 10 v. Google, 508 F.3d 1146 (9th Cir. 2007); A&M Records, Inc. v. Napster, 239 F.3d 1004, 1014 (9th Cir. 2001); Hotaling v. Church of Jesus Christ of Latter-Day Saints, 1218 F.3d 199 (4th Cir. 1997) (making copyrighted works available to the public constitutes distribution); Sony Pictures v. Home Entm't Inc. v. Lott, 471 F. Supp. 2d 716 (N.D. Tex. 2007); Motown Records Co. v. DePietro, Case #2:04-CV-02246-ER (E.D. Pa. Feb. 16, 2007).

The remainder of Defendant's argument quotes the vitriolic blog postings of disgruntled individuals and a handful of commentators. The Court should disregard this irrelevant information.

III. **DEFENDANT'S EFFORT TO DISPARAGE PLAINTIFFS WITH SELECTIVE REFERENCES TO A HANDFUL OF CASES HAS NO MERIT AND NO RELEVANCE TO THIS CASE.**

In his Supplement, Defendant lifts excerpts from a handful of cases in a misguided effort to disparage Plaintiffs and their efforts to protect their copyrights. Defendant's excerpts are frequently taken out of context and have no bearing on the factual or legal issues before this Court. As just one example, in Arista v. Does 1-27, No 1:07-cv-00162-JAW (D. ME. Jan. 25,

4

2008), the magistrate raised concerns regarding joinder *sua sponte*, without the benefit of briefing or oral arguments by the parties. The magistrate's recommendation is now being considered by the district court with the benefit of briefing by <u>both</u> parties. Defendant's reference to a magistrate's recommendation on an issue not before this Court should not be considered by the Court.

What Defendant fails to acknowledge is that Plaintiffs have successfully litigated thousands of similar cases throughout the country, including winning many of them through summary judgment and at trial.[1] Moreover, courts throughout the country have held that Plaintiffs' purposes and methods are legitimate. For example, in <u>Atlantic Records v. Heslep</u>, 2007 U.S. Dist. LEXIS 35824 (N.D. Tex. May 16, 2007), the Court concluded that the record company plaintiffs "brought this lawsuit not for the purposes of harassment or to extort [Defendant] as she contends, but, rather, to protect their . . . copyrights from infringement and to help . . . deter future infringement." <u>Id</u>. at *15; <u>see also</u> <u>Virgin Records Am., Inc. v. Thompson</u>, 2008 U.S. App. LEXIS 128, *4-7 (5th Cir. Jan. 4, 2008) (published) (affirming district court's determination that the plaintiffs' lawsuit was neither frivolous nor prosecuted with malevolent intent because the plaintiffs had discovered "substantial copyright infringement of its songs by a file-sharing program attached to an internet account registered to [Defendant]"); <u>BMG Music v. Gonzalez</u>, 430 F.3d 888, 891 (7th Cir. 2005) (affirming summary judgment against Defendant and holding that "downloading full copies of copyrighted materials without compensation to

---

[1] On October 2-4, 2007, national counsel for Plaintiffs tried the case of <u>Capitol Records, Inc. v. Thomas</u>, Case No. 06-CV-1497 (MJD/RLE) (D. Minn.), which involved claims of willful copyright infringement similar to the claims at issue in this case and which involved many of the same arguments that Defendant is making here. This case resulted in a verdict for the record company plaintiffs totaling $222,000.00.

authors cannot be deemed 'fair use.'"); cf. Metro-Goldwyn-Mayer Studios v. Grokster, 545 U.S. 913, 922 (2005) (characterizing online piracy as "infringement on a gigantic scale").

### IV.  DEFENDANT'S LICENSE ARGUMENT IS IRRELEVANT.

Defendant notes that many students own CDs and that music may also be purchased online. Although true, this has nothing to do with Plaintiffs' case. Here, the evidence shows that Defendant placed copyrighted sound recordings in a shared file on his computer connected to a P2P network designed to share files with other users. The evidence further demonstrates that Defendant distributed actual copies of Plaintiffs' works to Plaintiffs' investigator without authorization. In doing so, Defendant violated Plaintiffs' exclusive distribution right under section 106(3) of the Copyright Act.

### V.  PLAINTIFFS CONDUCTED A PROPER INVESTIGATION OF DEFENDANT'S INFRINGEMENT.

Finally, Defendant argues for the first time that Plaintiffs' evidence of his infringement should be excluded by application of the MGL Provisions, which require that private investigators in Massachusetts be licensed. This argument, too, has no merit.

As an initial matter, Defendant cannot raise a new argument for the first time in his submittal of supplemental authority. See, e.g., Wills v. Brown University, 184 F.3d 20, 27 (1st Cir. 1999); Martinez-Serrano v. INS, 94 F.3d 1256, 1259 (9th Cir. 1996) ("It is well established in this circuit that the general rule is that appellants cannot raise a new issue for the first time in their reply briefs."); Vanhaaren v. State Farm Mutual Auto. Ins. Co., 989 F.2d 1, 7 (1st Cir. 1993). Thus, the Court should not even consider this argument.

Should the Court reach this argument, however, Defendant's position fails and should be rejected.

As a preliminary matter, it should be noted that the factual basis for Defendant's argument is limited at best. MediaSentry received a letter, dated January 2, 2008, from a Sergeant Bishop in the Certification Unit of the Department of State Police, indicating that MediaSentry was allegedly in violation of the MGL Provisions. By letter dated January 10, 2008, counsel for MediaSentry responded to Sergeant Bishop's initial assessment, but MediaSentry has yet to receive a response. Plaintiffs are confident that after consideration of the additional information provided by MediaSentry, this matter will be dropped. Even if the matter were not dropped, however, the issue is irrelevant and Defendant's position should be rejected for at least three reasons.

First, the investigations performed by MediaSentry do not fall under the umbrella of the MGL Provisions. MGL Section 23 provides:

> No person shall engage in, advertise or hold himself out as being engaged in, nor solicit private detective business or the business of watch, guard or patrol agency, notwithstanding the name or title used in describing such business, unless licensed for such purpose as provided in section twenty-five. . . .

The Section 23 licensing requirements do not apply to "[a]n attorney at law in the practice of his profession." Section 23(6). This exemption includes agents and investigators retained by the attorney. Supreme Judicial Court Rule 3:08, PF 15; <u>In re Grand Jury Investigation,</u> 407 Mass. 916 (1990). Because MediaSentry is acting as an investigator for Plaintiffs and their counsel in this case, the Section 23 licensing requirements are inapplicable.

Although Defendant does not cite, and Plaintiffs are unaware of, any authority that the MGL Provisions apply where, as here, MediaSentry was acting as an investigator for Plaintiffs and their counsel, the New York Attorney General, interpreting a provision similar to

7

Section 23, . . .[2] has specifically stated that "One who devotes himself exclusively to making investigations for patent attorneys in connection with litigations for infringements does not require a license." Op. Atty. Gen., 21 St Dept Rep 495 (1919); see also N.Y. Gen. Bus. Law § 70 (annotated case notes No. 3). A direct parallel can be drawn from the patent infringement investigation described by the New York Attorney General and the copyright infringement investigation performed by MediaSentry in this case. Here, as described above, MediaSentry has been retained by the record companies to find individuals infringing, in an effort to aid Plaintiffs in stopping the wide-ranging illegal distribution and reproduction of their copyrighted works. MediaSentry does this by logging onto various P2P networks to search for potential infringers in the same manner as other users of P2P networks could. Because investigations "in connection with litigations for infringements [do] not require a license," id., Defendant's argument that MediaSentry is somehow in violation of the MGL Provisions should fail as a matter of law.

Second, there was no private investigation here because the information that MediaSentry gathered is public information that was placed out on the Internet from Defendant's computer, on Defendant's internet account, for any P2P user to see.[3] As a result, Defendant has no expectation of privacy with respect to such information and cannot claim to have been harmed by the disclosure of private information. See In re Verizon Internet Servs., Inc., 257 F. Supp. 2d 244,

---

[2] Specifically, N.Y. Gen. Bus. Law § 70(3) provides that "[n]o person, firm, company, partnership, limited liability company or corporation shall engage in the business of private investigator, business of bail enforcement agents or the business of watch, guard or patrol agency, or advertise his, their or its business to be that of private investigator, bail enforcement agent or watch, guard or patrol agency, notwithstanding the name or title used in describing such agency or notwithstanding the fact that other functions and services may also be performed for fee, hire or reward, without having first obtained from the department of state a license to do so."

[3] The integrity of the evidence gathered by MediaSentry is not at issue. MediaSentry's actions are analogous to a private citizen going to a public library and reading materials in the library's collection. According to Defendant's theory, the library patron would be required to get a private investigator's license.

8

257, 267 (D.D.C. 2003) (when an ISP subscriber "opens his computer to permit others, through peer-to-peer file sharing, to download materials from that computer, it is hard to understand just what privacy expectation he or she has after essentially opening the computer to the world."), rev'd on other grounds, 351 F.3d 1229 (D.C. Cir. 2003); United States v. Kennedy, 81 F. Supp. 2d 1103, 1110 (D. Kan. 2000) (activation of file-sharing mechanism shows no expectation of privacy); Elektra Entm't Group, Inc. v. Does 1-9, 2004 LEXIS 23560 at *13 (S.D.N.Y. Sep. 7, 2004) (holding that defendant has "minimal expectation of privacy in downloading and distributing copyrighted songs without permission") (citations omitted). For this reason, too, Defendant's allegations that MediaSentry has violated the MGL Provisions fails.

Third, Defendant has not cited any authority indicating that he has standing to assert claims under the MGL Provisions. Chapter 147 does not contain a provision that authorizes a private party to enforce the statute. Rather, Chapter 147 is captioned "State and Other Police, and Certain Powers and Duties of the Department of Public Safety." Defendant is accusing MediaSentry of violating Article 7 and is asking this Court to make a determination on a claim that Defendant cannot bring himself. Because Defendant does not have standing to bring a claim under the MGL Provisions, his motion should be denied.

Finally, Defendant does not, and could not, cite any authority for the proposition that a violation of the MGL Provisions, even if it occurred, would provide a basis to exclude testimony or evidence in a civil litigation. Plaintiffs are not aware of a single case where evidence was excluded because of a violation of any portion of the MGL Provisions. Moreover, no provision of the MGL Provisions supports Defendant's position. The instant case is a purely civil matter that does involve any government action that would invoke the Fourth Amendment.

For all of these reasons, there is no basis for the Court not to consider MediaSentry's evidence.

## CONCLUSION

Defendant's legal arguments are factually and legally flawed. Accordingly, Plaintiffs respectfully request that Defendant's Motion to Quash be denied.

|  |  |
|---|---|
|  | ARISTA RECORDS LLC; WARNER BROS. RECORDS INC.; ATLANTIC RECORDING CORPORATION; VIRGIN RECORDS AMERICA, INC.; UMG RECORDINGS, INC.; BMG MUSIC; CAPITOL RECORDS, INC.; SONY BMG MUSIC ENTERTAINMENT; MOTOWN RECORD COMPANY, L.P.; MAVERICK RECORDING COMPANY; ELEKTRA ENTERTAINMENT GROUP INC.; LAFACE RECORDS LLC; and INTERSCOPE RECORDS |
|  | By their attorneys, |
| Dated: February 19, 2008 | By: /s/ Katheryn Coggan<br>Katheryn Coggan<br>HOLME, ROBERTS & OWEN LLP<br>1700 Lincoln Street<br>Denver, CO  80203-4541<br>Main Phone:  (303) 861-7000<br>Main Fax:  (303) 866-5999-0200<br>*Admitted Pro Hac Vice* |
|  | John R. Bauer, BBO# 630742<br>Nancy M. Cremins, BBO # 658932<br>ROBINSON & COLE LLP<br>One Boston Place<br>Boston, MA  02108-4404<br>Main Phone:  (617) 557-5900<br>Main Fax:  (617) 557-5999 |

10

#1309630 v4

## CERTIFICATE OF SERVICE

      In accordance with Local Rule 5.2(b), I, Nancy M. Cremins, hereby certify that this document filed through the ECF system on February 19, 2008 will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

      /s/ Nancy M. Cremins  
      Nancy M. Cremins

#1309630 v4