UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
-----------------------------------------------------------------x
)
ARISTA. RECORDS LLC, et al., )
)
Plaintiffs, ) Civil Action No.
) 1:04 cv 12434-NG
)
-v.- )
)
DOES 1-21, )
)
Defendants. )
)
-----------------------------------------------------------------x

**REPLY TO PLAINTIFF'S OPPOSITION TO DOE'S SUPPLEMENTAL MEMORANDUM OF LAW**

Doe wishes to reply to the following arguments in plaintiffs' Opposition:
A. Intent Is Irrelevant Since Doe Is Strictly Liable.
B. Doe Actually Distributed Files to MediaSentry Without Authorization.
C. Doe's Citation to Opinions of Other Courts Was Misguided Effort to Disparage Plaintiffs.
D. MediaSentry
1. Investigation Was Exempted From Massachusetts Private Investigator Licensing Law (MGL) Because MediaSentry Was Employed By Attorney At Law;
2. Investigation Was Not Covered by MGL Since Only Public Information Uncovered;
3. Investigation Should not be Excluded Because No Precedent For Excluding Illegally Obtained Evidence in Civil Case;
4. Doe Has No Standing to File Claim Under MGL; and
5. Doe's Timing of Calling Court's Attention to MediaSentry Was Improper.

2

**REPLY ARGUMENT**
A.
Plaintiffs arguments regarding "strict liability" (Opposition to Supplemental Memorandum, section I) apply to cases where an infringing act such as copying or performing occurred, not to cases of mere authorization without such copying such as the present one. *Latin Amer. Music Co.* stated Mere authorization of an infringing act is an insufficient basis for copyright infringement. Infringement depends on whether an infringing act, such as copying or performing, has occurred. Therefore, to prove infringement, a claimant must show "an

infringing act after the authorization."

B.

Plaintiffs argue now that this Court need not even consider their "making available" theory "because plaintiffs have alleged, and have evidence to prove, that Defendant (sic, Doe because Doe is not a defendant since it has not been served) actually distributed a number of plaintiffs' copyrighted sound recordings to MediaSentry." Opposition, section II, 2nd paragraph. MediaSentry, of course, was authorized by plaintiffs to copy files during its investigation of Doe activities and so, under *Resnick,* there can be no liability for Doe's distribution to MediaSentry. *Resnick* held that

a "defendant is not liable under a contributory or vicarious infringement theory of liability unless plaintiffs show direct infringement by a third party. Plaintiffs * * * claim that they have shown direct infringement through the investigative work of Richard Hamilton, who obtained copies of plaintiffs' copyrighted work * * * at [plaintiffs'] direction. * * * But Hamilton's activities were authorized by plaintiffs themselves. When the person making the copies has been 'authorized by the copyright owner to use the copyrighted work,' he has not infringed. * * * Thus, Hamilton's [copying] does not constitute direct infringement by a third party."

3

In Opposition to Supplemental Memorandum, section IV, plaintiffs make it very clear that the only copying of files was by MediaSentry, but allege it was without authorization. On the contrary, MediaSentry was indeed authorized. The present case turns on that crucial fact. According to *Resnick*, when the person making copies has been authorized by the copyright holder there is no direct infringement; and such direct infringement must be shown in order to make out a claim under a contributory or vicarious infringement theory according to *Latin Amer. Music Co.*

C.

Plaintiffs argued that Doe's reference to other cases where federal courts commented on plaintiffs' and fellow RIAA record companies' tactics were a "misguided effort to disparage Plaintiffs and their efforts to protect their copyrights." Plaintiffs singled out one case from D. Me. where Magistrate Kravchuk commented that it was "difficult to ignore the kind of gamesmanship going on here." Plaintiffs advised that Magistrate Kravchuk's opinion is now being considered by the district court with the benefit of briefing by both parties. While Doe disagrees with the characterization of its efforts as "misguided," it is the court opinions which disparage plaintiffs, not Doe. The cases cited by Doe speak for themselves.

D.

1. Plaintiffs cited In Re Grand Jury Investigation, 407 Mass. 916, 556 N.E.2d 363 (1990), for the proposition that an investigator hired by an attorney falls within the licensing exception for attorneys. There was no unlicensed investigator in said case so there was no issue as to whether the investigator had

to be licensed. The second paragraph of the opinion says "Roe's attorney retained
Doe, an **employee of a licensed investigator**, see G.L. c. 147, secs. 23 and 25."
(Emphasis added.) Sections 23 and 25 were cited as authority for proposition that
an employee of a licensed investigator, not just the licensee, is exempted from necessity of a license. It was frivolous, to say the least, to cite *In Re Grand Jury Investigation* for the proposition that an investigator employed by an attorney at law does not have to be licensed.

4

Plaintiffs also cited Op. Atty. Gen., 21 St Dept Rep 495 (1919) for the proposition that "One who devotes himself exclusively to making investigations for patent attorneys in connection with litigations for infringements does not require a license," but fails to quote the Headnote, which says: "A patent investigator who holds himself out generally to patent attorneys for employment in the investigation of the character of persons and businesses is required to be licensed," referring to the New York private investigator licensing law in force in 1919. Copy of said opinion is attached as Ex. 1. In the present case, MediaSentry
was not employed full time and exclusively by attorneys for plaintiffs but rather MediaSentry offered and continues to offer its services to the general public and is hired for particular projects and tasks by various clients and customers. Plaintiffs' claim that MediaSentry was employed by its attorneys is in
sharp contrast to the Linares Declaration under penalty of perjury that MediaSentry was hired by RIAA to investigate and uncover copyright infringements, rather than by an attorney for plaintiffs. If Linares made a false statement in his Declaration, the entire Declaration, which was the basis for granting the expedited discovery, should be stricken.

2. Plaintiffs claimed in their Opposition that there was no private investigation and thus no license was required because the information MediaSentry gathered is "public information." Plaintiffs imply that private investigators only need a license when they are surreptitiously obtaining confidential, non-public information. In fact, private investigators provide a service in knowing how and where to find information which anyone can find, if they know where and how to look. Furthermore, MediaSentry used special methods to identify particular files at particular IP addresses at particular instants, record the data automatically, and process the data in a proprietary way. MediaSentry's activities went far beyond merely gathering public information. As explained in the Supplemental Memorandum, most computer users do not even know that they are "sharing" files, i.e., that their files are "available" for copying by others, so the files they store on their computers are hardly "public information."

5

3. Plaintiffs alleged that there were no cases where illegally obtained evidence, i.e., in violation of MGL, was excluded in a civil case; however,

plaintiffs failed to mention Carey v. Zayre of Beverly Inc., 367 Mass. 125, 324 N.E.2d 619 (1975) wherein Justice Kaplan observed as follows:
The reluctance of courts to exclude illegally seized evidence in civil cases is further demonstrated by the division of authority as to whether private party in a civil action may use evidence which he himself has obtained through violations of the law. Compare Sackler v. Sackler, 15 N.Y.2d 40, 42, 255 N.Y.S.2d 83, 84, 203 N.E.2d 481, 482 (1964), and Del Presto v. Del. Presto, 97 N.J. Super. 446, 452-454, 235 A.2d 240 (1967) (admitted) with Williams v. Williams, 8 Ohio Misc. 156, 163, 221 N.E. 2d 622 (Ct. Common Pleas 1966) (excluded). In such cases, it may be argued that **a deterrent function would be served by excluding the evidence, and that courts should not allow private citizens to benefit from their own violations of law**. (Emphasis added.)

The failure to obtain a license is not merely a technical violation of Massachusetts law. The reason the Commonwealth requires private investigators
to fulfill the license requirements is to protect the public from untrained and unethical investigators. The failure to qualify as to training and ethics calls into question the reliability of the results of MediaSentry's investigations and the entire Linares declaration which reported on those investigations.

4. Plaintiffs questioned whether Doe "has standing to bring a claim under the MGL provisions." This is a very misleading implication. Doe has not filed a complaint against MediaSentry. The action against MediaSentry was initiated by the Mass. state police division which enforces the private investigator licensing law.

5. Plaintiffs contend that Doe should have brought plaintiff's illegal investigations to the Court's attention prior to their Supplemental Memorandum. First, Doe was not aware of the State Police complaint against MediaSentry at the
time of the initial briefing, nor until after the Hearing on Doe's Motion was

6

scheduled. Second, Doe did bring the illegality of MediaSentry's investigation to the Court's attention at the Hearing, prior to the Supplemental Memorandum. Third, if plaintiffs knew of the action taken by the Commonwealth against MediaSentry for conducting private investigations without a license prior to the Hearing, they had a duty to inform the Court of the Commonwealth's action at the oral hearing on the motion of their own accord. At the Hearing, Plaintiffs did not even admit to the charges against MediaSentry after Doe's attorney alerted the court to the problem. Even when plaintiffs filed their Opposition, they failed to file copies of the cease and desist letter from the state police or RIAA's or MediaSentry's response thereto. Plaintiffs can not deny the crucial relevance of the illegality of MediaSentry's investigations to this Court and therefore their own candor with the Court should be questioned.

**CONCLUSION**

This case is controlled by *Latin Amer. Music Co. v. Archdiocese of San*

*Juan*, 499 F.3d 32, 46 (1st Cir. 2007) and *Resnick v. Copyright Clearance Center*, 422 F. Supp .2d 252, 259 (D. Mass., 2006)*.* Mere authorization of an infringing act is an insufficient basis for copyright infringement. The only infringing act alleged to have taken place after Doe's authorization was MediaSentry's downloading of files. Since MediaSentry was acting under the authority and permission of plaintiffs, there is insufficient basis to find liability. Furthermore the Linares declaration regarding the MediaSentry investigation submitted in support of plaintiffs' motion for expedited discovery was tainted.

The Court should therefore vacate the *Ex Parte* Order and, since the subpoena to Boston University was issued on the basis of that *Ex Parte* Order, quash the subpoena in its entirety under F.R.C.P. 45(c)(3).

Respectfully submitted,
/s/Raymond Sayeg

7

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be served electronically to the registered participants identified on the Notice of Electronic Filing (NEF) and paper copies will be served on those indicated as non-registered participants on this 26th day of February 2008.

/s/ Raymond Sayeg
Raymond Sayeg
Attorney for B.U. Doe