UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LONDON-SIRE RECORDS, INC., et al., | ) | No. **1:04cv12434-NG** |
| | ) | LEAD DOCKET NO. |
| Plaintiffs, | ) | |
| | ) | |
| | ) | |
| -v.- | ) | |
| | ) | |
| DOE 1 et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**MOTION TO (A) STRIKE DECLARATIONS OF CARLOS LINARES IN SUPPORT OF
*EX PARTE* APPLICATIONS FOR LEAVE TO TAKE IMMEDIATE DISCOVERY; AND
(B) VACATE ALL ORDERS GRANTING SAID APPLICATIONS**

**PRELIMINARY STATEMENT**

John Doe is filing today two related motions: to strike the Linares declarations; and to

vacate all orders granting immediate or expedited discovery which relied on said Linares

declarations.

This memorandum of law supports the two motions.

**I.      The Linares Declarations should be stricken because they were materially
false and included illegally obtained evidence**

Exhibit A is copy of the Commonwealth's letter of January 2, 2008 ("Sergeant Bishop

Letter"), evidence that the MediaSentry investigations filed in each of the consolidated actions

were unlicensed and illegal.  Doe informed the Court that it had recently received information

that the Commonwealth had accused MediaSentry of illegal investigations at the hearing on

Does' motion to quash the subpoena served on Boston University ("B.U.").  Plaintiffs did not

deny the accusation at the hearing, but opposed Does' Supplemental Memorandum of Law on

five grounds, among which was that MediaSentry was employed by an attorney at law and therefore exempt from the license requirement.  The Linares declarations under penalty of perjury stated that MediaSentry was employed by RIAA to investigate and uncover copyright infringements[1], not by an attorney at law.  Doe pointed out this important inconsistency in their Reply to Plaintiffs' Opposition to Supplemental Memorandum of Law, but plaintiffs have not addressed said inconsistency.

Linares also falsely declared under penalty of perjury that MediaSentry was able to detect infringement because the P2P software being used by targeted individuals has file sharing features enabled[2], but no infringement can occur until a file is copied from the targeted individuals, and MediaSentry is unable to detect any such copying except for its own, authorized and therefore non-infringing copying.

Linares also falsely declared that MediaSentry gathers metadata that demonstrates that the targeted individual was engaged in copyright infringement[3], i.e., that MediaSentry is able to determine from metadata that the individual has made a reproduction, which is not technically possible since, as eminent computer scientist Dr. Azer Bestevos, stated in his uncontroverted declaration filed in this action, it is impossible to determine if a file is a licensed file or an unlicensed copy since they are identical.

---

1 Paragraph 11, Document 5-3, filed May 2, 2007, 1:04-cv-10834-NG
2 id, paragraph 13
3 id, paragraph 14

Linares also implied that RIAA can determine whether a file is an illegal copy by listening to it[4] but the uncontroverted Dr. Azer Bestavos declaration explains why the Linares statement is impossible.

In determining whether plaintiffs pled an actual distribution and pled some concrete evidence to support their allegation, the declaration of a renowned, fully independent, non-compensated computer expert should have impeached the contrary declarations of an RIAA employee offering hearsay evidence of MediaSentry's illegal investigations.

## II.    Plaintiffs' *ex parte* motions for immediate or expedited discovery alleged no legally obtained evidence

The only evidence offered by plaintiffs was that which was obtained by illegal investigations by MediaSentry and, rather than being directly from MediaSentry, was presented as hearsay by an RIAA employee.  Upon striking the Linares declarations, there is no basis for holding that a *prima facie* case of infringement was demonstrated.

## III.    Each order granting immediate discovery relied on a materially false Linares declaration which included illegally obtained evidence and should therefore be vacated

The Court would not have granted immediate or expedited discovery to plaintiffs in the absence of declarations such as those of Linares, each of which relied exclusively on illegally obtained evidence and each of which contained other false or intentionally misleading statements; and so each order should be vacated upon recognition of the defects in the supporting declarations.

---

4 Id, paragraph 18

**IV.     A subpoena is required to obtain current status of the Commonwealth's enforcement action against MediaSentry**

It should be assumed that MediaSentry has not convinced the Commonwealth that its investigations were legal since plaintiffs would have so informed the Court. The undersigned attorney will issue and serve a subpoena commanding the Commonwealth to produce its records regarding this investigation.

**V.     The Order of March 31, 2008, should be revised following the striking of the Linares declarations**

According to this court's ORDER ON MOTIONS TO QUASH dated March 31, 2008 ("Order"), plaintiffs have pled an actual distribution and pled some concrete evidence to support their allegation[5]. The Court was referring to the pleadings entitled Declaration Of Carlos Linares In Support Of *Ex Parte* Application For Leave To Take Immediate Discovery ("Linares Declaration"). Virtually identical declarations were filed in each of the consolidated suits, each suffering from the same defects set forth in section I of this Memorandum.

The Court responded to Movants' claims that MediaSentry, the private investigator who downloaded the files from the Does and recorded their IP addresses, did not have the license to undertake private investigations required by Massachusetts General Laws ch. 147, secs. 23-25[6],

---

**5.** Page 27, ll. 5-8.

**6.** PART I. ADMINISTRATION OF THE GOVERNMENT

   TITLE XX. PUBLIC SAFETY AND GOOD ORDER

   CHAPTER 147. STATE AND OTHER POLICE, AND CERTAIN POWERS AND DUTIES OF THE DEPARTMENT OF PUBLIC SAFETY

   PRIVATE DETECTIVE BUSINESS

   Chapter 147: Section 22. Definitions

   Section 22. In this section and in sections twenty-three to thirty, inclusive, the following words shall have

the following meanings unless a different meaning is clearly required by the context:—

"Licensee", any person licensed under section twenty-five.

"Private detective business", the business of private detective or private investigator, and the business of watch, guard or patrol agency.

"Private detective" or "private investigator", a person engaged in business as a private detective or private investigator, including any person who, for hire, fee, reward or other consideration, (1) uses a lie-detector for the purpose of obtaining information with reference to the conduct, integrity, efficiency, loyalty or activities of any person or (2) engages in the business of making investigations for the purpose of obtaining information with reference to any of the following matters, whether or not other functions or services are also performed for hire, fee, reward or other consideration, or other persons are employed to assist in making such investigations:—

(a) Crime or other acts committed or threatened against the laws or government of the United States or any state of the United States;

(b) The identity, habits, conduct, movements, whereabouts, affiliations, associations, transactions, reputation or character of any person;

(c) Libels, fires, losses, accidents, or damage to, or loss or theft of, real or personal property;

(d) Evidence to be used before any investigating committee, board of award, or board of arbitration, or in the trial of civil or criminal cases.

"Watch, guard or patrol agency", the business of watch, guard or patrol agency, including the furnishing, for hire or reward, of watchmen, guards, private patrolmen or other persons to protect persons or property, to prevent the theft or the unlawful taking of goods, wares or merchandise, or the misappropriation or concealment thereof or of money, bonds, stocks, notes or other valuable documents, papers or articles of value, or to procure the return thereof, whether or not other functions or services are also performed for hire or reward, or other persons are employed to assist therein.

Chapter 147: Section 23. Necessity of license; exceptions

Section 23. No person shall engage in, advertise or hold himself out as being engaged in, nor solicit private detective business or the business of watch, guard or patrol agency, notwithstanding the name or title used in describing such business, unless licensed for such purpose as provided in section twenty-five.

The provisions of this section shall not apply to an agent, employee or assistant of a licensee, to any corporation, if its resident manager, superintendent or official representative is a licensee, nor to the following:—

1. A person employed by or on behalf of the commonwealth, including the general court or either of its branches, any committee of the general court or either of its branches, any special commission required to report to the general court, any political subdivision of the commonwealth or any public instrumentality, while such person is engaged in the discharge of his official duties.

2. A charitable, philanthropic or law enforcement agency, duly incorporated under the laws of the commonwealth, or any agent thereof while he is engaged in the discharge of his duties as such agent; provided, that such agency is promoted and maintained for the public good and not for private profit.

3. A person employed as an investigator, detective, watchman, guard, patrolman, or employed or assigned to perform any of the activities described in the definition "watch, guard or patrol agency" or whose duties include an inquiry into the fitness of an applicant for employment, in connection with the regular and customary business of his employer and whose services are not let out to another for profit or gain, but only while so acting for his employer.

4. A credit reporting bureau or agency whose business is principally the furnishing of information as to business and financial standing and credit responsibility.

5. Investigations as to the personal habits and financial responsibility of applicants for insurance or indemnity bonds, provided, such investigations do not include other activities described in section twenty-two.

6. An attorney at law in the practice of his profession.

7. Investigations with respect to, or the compilation or dissemination of, any data or statistics pertaining to any business or industry, by any trade or business association, board or organization, incorporated or unincorporated, not operated for profit, representing persons engaged in such business or industry, or by any agent of any such trade or business association while he is engaged in the discharge of his duties as such agent.

8. An insurance adjuster or investigator while acting in such capacity as an employee.

9. Any trade or business association, board or organization, incorporated or unincorporated, which furnishes as a service to members thereof, information pertaining to the business and financial standing, credit responsibility or reputation of persons with whom such members consider doing business; provided, that an investigation conducted by such association, board or organization shall be no more extensive than is reasonably required to determine the business and financial standing, credit responsibility or reputation of such person.

10. A person engaged in earning his livelihood by genealogical work and the compilation of family history while so engaged.

11. A person hired by the owner of a residential dwelling for the limited purpose of inspecting the exterior of an unoccupied residential dwelling for storm damage.

12. Individuals who are independently and currently licensed by the commonwealth in a profession or field of expertise, whereby they are exclusively utilized and confined in conducting an investigation to that profession or field of expertise, inasmuch as the context and extent of their inquiry and investigation does not exceed the particular area of their profession or field of expertise in which they are independently licensed within the commonwealth.

Whoever violates any provision of this section shall be punished by a fine of not less than two hundred nor more than one thousand dollars or by imprisonment for not more than one year, or by both such fine and imprisonment.

Chapter 147: Section 24. Applications; qualifications of applicants

Section 24. An application for a license to engage in the private detective business or a license to engage in the business of watch, guard or patrol agency shall be filed with the colonel of the state police on forms furnished by him, and statements of fact therein shall be under oath of the applicant. Such application shall include a certification by each of three reputable citizens of the commonwealth residing in the community in which the applicant resides or has a place of business, or in which the applicant proposes to conduct his business, that he has personally known the applicant for at least three years, that he has read the application and believes each of the statements made therein to be true, that he is not related to the applicant by blood or marriage, and that the applicant is honest and of good moral character. The applicant, or, if the applicant is a corporation, its resident manager, superintendent or official representative, shall be of good moral character, and, unless such application is for a license to engage in the business of watch, guard or patrol agency, shall have been regularly employed for not less than three years as a detective doing investigating work, a former member of an investigative service of the United States, a former police officer, of a rank or grade higher than that of patrolman, of the commonwealth, any political subdivision thereof or an official police department of another state, or a police officer in good standing formerly employed for not less than ten years with the commonwealth, or any political subdivision thereof or with an official police department of another state.

Section 25. The colonel of the state police may grant to an applicant complying with the provisions of section twenty-four a license to engage in the private detective business or a license to engage in the business of watch, guard or patrol agency; provided, however, that no such license shall be granted to any person who has been convicted in any state of the United States of a felony. No person convicted of a violation of section ninety-nine or ninety-nine A of chapter two hundred and seventy-two of the general laws shall be granted a license and any license previously granted to such person shall be revoked.

Such license shall be for one year, shall state the name under which the licensed business is to be conducted and the address of its principal office, and shall be posted by the licensee in a conspicuous place in such office. Such name shall be subject to the approval of the colonel of the state police; provided that such name shall not contain the words "police", "fire", nor any name which denotes or implies any association with agencies of the governments of the United States, the commonwealth or any of its political subdivisions. Failure to comply with the provisions of this paragraph shall constitute cause for revocation of such license.

The colonel of the state police may annually renew and may at any time for cause, after notice and a hearing, revoke, any such license. An application for a renewal shall be on a form furnished by the colonel.

Chapter 147: Section 25. License; disqualification of convicts; duration; posting; name of licensee and approval; renewal and revocation

Section 25. The colonel of the state police may grant to an applicant complying with the provisions of

section twenty-four a license to engage in the private detective business or a license to engage in the business of watch, guard or patrol agency; provided, however, that no such license shall be granted to any person who has been convicted in any state of the United States of a felony. No person convicted of a violation of section ninety-nine or ninety-nine A of chapter two hundred and seventy-two of the general laws shall be granted a license and any license previously granted to such person shall be revoked.

Such license shall be for one year, shall state the name under which the licensed business is to be conducted and the address of its principal office, and shall be posted by the licensee in a conspicuous place in such office. Such name shall be subject to the approval of the colonel of the state police; provided that such name shall not contain the words "police", "fire", nor any name which denotes or implies any association with agencies of the governments of the United States, the commonwealth or any of its political subdivisions. Failure to comply with the provisions of this paragraph shall constitute cause for revocation of such license.

The colonel of the state police may annually renew and may at any time for cause, after notice and a hearing, revoke, any such license. An application for a renewal shall be on a form furnished by the colonel.

Chapter 147: Section 26. License fees; bond

Section 26. The fee for an original license and for a renewal of any license shall be determined annually by the commissioner of administration under the provision of section three B of chapter seven for the filing thereof. If a person fails to apply for a renewal of a license within six months after the expiration thereof he shall pay for a renewal the fee herein provided for an original license.

Each licensee shall give to the commissioner a bond in the sum of five thousand dollars, executed by the applicant as principal and by a surety company authorized to do business as such in the commonwealth as surety. Such bond shall be in such form as the commissioner may prescribe, conditioned upon the honest conduct of the business of the licensee and the right of any person including the officer of any aggrieved labor union or association, whether or not incorporated, injured by the wilful, malicious or wrongful act of the licensee to bring in his own name an action on the bond.

Chapter 147: Section 27. Employment to determine labor conditions or disseminate propaganda; penalty

Section 27. No licensee shall enter, or cause any person to enter, any place of employment for any purpose having to do with the organizing or organization of employees in said establishment, or any purpose having to do with hours of labor, wages or salaries paid, or conditions of employment in such establishment or its branches or subsidiaries or related units, or to disseminate propaganda of any sort among employees in such establishment, or to be concerned with labor conditions of employees as a group, nor shall any licensee or agent or employee of a licensee pose as an employee in any such establishment for any of the aforementioned purposes.

Violation of any provision of this section shall be cause for the suspension of such license for not less than one year, after a public hearing by the colonel of the state police, on written complaint of any aggrieved person, or the officer of any aggrieved labor union or association, whether incorporated or otherwise.

Chapter 147: Section 28. Assistants; employment; divulgence of information or false report; penalty

Section 28. A licensee may employ to assist him in his business as many persons as he may deem necessary but shall not knowingly employ in connection with his business in any capacity any person who has been convicted of a felony or any former licensee whose license has been revoked.

If a licensee falsely states or represents that a person is or was in his employ, such false statement or representation shall be cause for revocation of his license. Whoever falsely states or represents that he has been a licensee or employed by a licensee shall be punished by a fine of not less than fifty nor more than five hundred dollars.

No person shall be employed by any licensee until he shall have executed and furnished to such licensee a statement under oath setting forth his full name, date of birth and residence; his parents' names and places of birth; the business or occupation in which he has been engaged for the three years immediately preceding the date of filing his statement; and that he has not been convicted of a felony or of any offence involving moral turpitude. Such statements shall be kept on file by the licensee and furnished to the colonel of the state police on demand.

Any person who is or has been an employee of a licensee and any licensee who divulges to anyone other than to his employer or as his employer shall direct, except before an authorized tribunal, any information acquired by him during such employment in respect to any of the work to which he has been assigned by such employer, and any such employee who wilfully makes a false report to his employer in respect to any such work, shall be punished by a fine of not more than five hundred dollars or by imprisonment for not more than one year, or both.

as follows:  "The Court has no evidence properly before it as to whether or not MediaSentry has

a license[7], how MediaSentry gathers its information[8,] or whether that information is publicly

available[9].  It therefore declines to reach the issue on this record: the Movant may re-file[10] a

motion to strike."  ORDER at footnote 30.

---

      No minor shall be employed as an investigator or guard by a licensee if the use of firearms is required in the performance of his duties.
      Chapter 147: Section 30. Prohibited acts; penalty
      Section 30. No licensee nor any of his employees shall knowingly:—
      1. Incite, encourage or aid any person who has become a party to any strike to commit any unlawful act against any person or property.
      2. Incite, stir up, create or aid in the inciting of discontent, or dissatisfaction among the employees of any person with the intention of having them strike.
      3. Interfere with or prevent lawful and peaceful picketing during strikes.
      4. Interfere with, restrain or coerce employees in the exercise of their right to form, join or assist any labor organization of their own choosing.
      5. Interfere with or hinder lawful or peaceful collective bargaining between employers and employees.
      6. Pay, offer or give any money, gratuity, consideration or other thing of value, directly or indirectly, to any person for any verbal or written report of the lawful activities of employees in the exercise of their right to organize, form or assist any labor organization and to bargain collectively through representatives of their own choosing.
      7. Advertise for, recruit, furnish or replace, or offer to furnish or replace for hire or reward, within or without the commonwealth, any skilled or unskilled help or labor, armed guards, other than armed guards theretofore regularly employed for the protection of payrolls, property or premises, for service upon property which is being operated in anticipation of or during the course or existence of a strike.
      8. Furnish armed guards upon the highways for persons involved in labor disputes.
      9. Furnish or offer to furnish to employers or their agents, any arms, munitions, tear gas implements or any other weapons.
      10. Send letters or literature to employers offering to eliminate labor unions.
      11. Advise any person of the membership of an individual in a labor organization for the purpose of preventing such individual from obtaining or retaining employment.
      Whoever violates any provision of this section shall be punished by a fine of not less than two hundred nor more than one thousand dollars or by imprisonment for not less than six months nor more than one year, or both.


**7** In fact, plaintiffs admitted on the record that MediaSentry received a cease and desist letter from the Commonwealth in their opposition to Does' Supplemental Brief and did not deny that MediaSentry was unlicensed. Plaintiffs only argued that MediaSentry did not need a license and that MediaSentry responded to the C&D letter and thought the charges would be resolved in MediaSentry's favor

**8** The record on Does' motion to quash indicates that MediaSentry uses specialized, proprietary software methods to peer into students' computer files and generate a list of music files allegedly available for at least MediaSentry to copy.

**9** Plaintiffs claimed in their Opposition to Does' Supplemental Memorandum that there was no private investigation and thus no license was required because the information MediaSentry gathered is "public information."  Plaintiffs imply that private investigators only need a license when they are surreptitiously obtaining confidential, non-public information.  In fact, private investigators provide a service in knowing how and where to find information which anyone can find, if they know where and how to look.  Furthermore, MediaSentry used special methods to identify

The ORDER is unclear as to whether the MediaSentry authorized downloads established the requisite actual copying element of infringement of the distribution right required in this Circuit by *Latin Amer. Music Co.* According to footnote 33 of the ORDER, the Court did not decide whether those downloads can constitute direct evidence of actual infringement. Although extensively briefed by the parties, the Order did not distinguish, or even cite this District's own *Resnick*[11] decision which held that authorized copying absolutely can not constitute direct evidence of actual infringement.

According to *Resnick,* when the person making copies has been authorized by the copyright holder there is no direct infringement; and such direct infringement must be shown in order to make out a claim under a contributory or vicarious infringement theory according to *Latin Amer. Music Co.* Clarification as to why *Resnick* was not followed is requested.

The Court correctly applied a *prima facie* standard which "require[d] plaintiffs to adduce evidence showing that their complaint and subpoena are more than a mere fishing expedition." However, the Order treated the authorized copying in a twisted way to find an inference due to statistical probability that a real, unauthorized infringement could have occurred: "The Court need not now decide the precise nature of the evidence MediaSentry gathered. * * *[even if] the investigator's download can [not] be a perfected infringement, the downloads are [] relevant []

---

particular files at particular IP addresses at particular instants, record the data automatically, and process the data in a proprietary way. MediaSentry's activities went far beyond merely gathering public information. As explained in the Supplemental Memorandum, most computer users do not even know that they are "sharing" files, i.e., that their files are "available" for copying by others, so the files they store on their computers are hardly "public information." See Does' Reply to said Opposition to Does' Supplemental Brief, paragraph D.2

**10** Movant had not previously moved to strike the Linares declarations, although in its Reply to Plaintiffs' Opposition to Doe's Supplemental Memorandum of Law, Movant said "If Linares made a false statement in his Declaration, the entire Declaration, which was the basis for granting expedited discovery, should be stricken." Reply, sec. D.1 on p. 4.

11 *Resnick v. Copyright Clearance Center*, 422 F. Supp .2d 252, 259 (D. Mass., 2006)

for * * * demonstrating that such infringement was technically feasible, thereby demonstrating that distributions could occur." Order, Page 41.   The false Linares declarations and the illegally obtained MediaSentry evidence are not necessary to demonstrate that infringement was technically feasible.  But technical feasibility does not prove that any file was actually copied.  It is technically feasible that the Court itself could reproduce copyrighted matter on a photocopier without permission, and millions of such illegal copies are made every day by others, which following the rationale of the ORDER, would lead to a "statistically reasonable inference" that illegal photocopies are being made by the Court, but that does not mean that the Court actually did so.  By storing hundreds of copyrighted books in its chambers and having a nearby photocopier, the Court "has completed all the necessary steps," but can a "reasonable fact finder infer" that infringement "actually took place"?  See Order, pp. 26, 42.

The Court did not comment Movants' technical explanation on the record that it is much more likely than not that a particular file was not downloaded:

"First, their files may have been uninteresting to others; second, many other members of the P2P networks may have had the same files "available" at the same time and so those wanting copies might have had a choice of dozens of computers from which to copy the particular file.  Third, usually several instances of the same file are available over P2P networks from several sources at the same time in which case the requesting computer obtains tiny parts of each file from each of the sources rather than making a complete copy of a file from a single source, which is a P2P design feature to improve the speed of file transfers." Supp. Memo re Motion to Quash, fn. 5.

Plaintiffs did not deny this technical explanation in their Reply to the Supp. Memo and so it should be considered as admitted.

According to the ORDER, page 1, 2nd paragraph, "plaintiffs have alleged that each defendant "shared" many, many music files - - at least 100, and sometimes almost 700.  See * * * Linares Decl. * * * attesting to the veracity * * *."  Attached as Exhibit B are the actual lists of copyrighted files found by MediaSentry for each Doe in Arista v. Does 1-21, case 1:07-cv-10834-NG, collectively Ex. A of Doc 1-2, showing no more than ten copyrighted files copied by plaintiffs' agent, MediaSentry, for any particular Doe.  The Court relied very heavily on the number of files since the next sentence of the ORDER, referring to the at least 100 files, sometimes up to 700, allegation, said

> "that evidence supports an inference that defendants participated in the peer-to-peer network precisely to share[12] copyrighted files.  The evidence and allegations, taken together, are sufficient to allow a statistically reasonable inference that at least one copyrighted work was downloaded at least once.  That is sufficient to make out a prima facie case [that an unauthorized party made the copy necessary under *Latin Amer. Music Co.* to demonstrate distribution infringement.]"

The Court did not cite any declaration or pleading or any other authority for its "statistically reasonable inference" theory, but clearly it was based on the false statements attested to by Linares that as many as 700 of plaintiffs' copyrighted music files were found on each Doe computer by MediaSentry.  If the Court is relying on statistics rather than on evidence, then the fact that only 1/70th of the number of files were found, i.e., only 10 rather than 700, should infer the opposite of what the Court concluded.

Furthermore, the Court apparently found intent on the part of the Does ("defendants participated in the peer-to-peer network precisely to share copyrighted files," supra), while

---

12 apparently finding intent without explicitly stating so.

ignoring the RIAA's own testimony before the Federal Trade Commission on November 15, 2004, cited and quoted in earlier pleadings by Movants, as follows:

> "P2P services often configure their software to share content by default. What users do not know is that they may be sharing their tax returns, financial records, health records, business records, email, and other personal and private material[13]. * * * P2P software may, upon installation, automatically search a users *entire* hard drive for content. Continuing sharing of personal information is hard to avoid and is facilitated by confusing and complicated instructions for designating shared items. A study by * * * HP Laboratories showed that the "majority of users . . . were unable to tell what files they were sharing, and sometimes incorrectly assumed they were not sharing any files when in fact they were sharing all files on their hard drives. <u>Peer-to-Peer File-Sharing Technology: Consumer Protection and Competition Issues, P2P File-Sharing Workshop</u> [Federal Trade Commission] – <u>Comment, P034517</u>, pp. 8-9.

In finding intent by Does to have an unauthorized parties make copies of their files, the Court apparently gave more weight to the false Linares statement about 700 of plaintiffs' copyrighted files being made "available" in some cases than to the RIAA's own testimony which negatives any inference of intent. The Court was apparently unaware of the Exhibits to the Complaints which listed only 10 of plaintiffs' copyrighted files per Doe.

## CONCLUSION

For the foregoing reasons, the Linares declarations filed in support of *ex parte* motions for expedited or immediate discovery should be stricken, the orders based on such motions

---

[13] and, of course, legal music files

should be vacated, and the Order of March 31, 2008, should be reconsidered and revised in view of the rejection of the MediaSentry evidence and striking of the Linares declarations, lack of evidence to support the statistical inference theory on which the Order was based, and lack of briefing on the statistical inference theory. The Court should also follow this District's Resnick precedent to the extent that it is contrary to the *Sony Music* opinion of a district judge in New York, and should reconsider its novel and unprecedented statistical inference theory.

The Court is also reminded of the uncontroverted evidence that plaintiffs are only seeking each Doe name so that they can extort thousands of dollars from each of them, not to seek a trial since they have no evidence of infringement.

Respectfully submitted,

JOHN DOE
By its Attorneys

Dated April 9, 2008

/s/ Raymond Sayeg
Raymond Sayeg, BBO #555437
DENNER PELLEGRINO, LLP
Four Longfellow Place, 35th Floor
Boston, Massachusetts 02114
(617 ) 742-1184

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system and will be served

electronically to the registered participants identified on the Notice of Electronic Filing (NEF)

and paper copies will be served on those indicated as non-registered participants.


_/s/ Raymond Sayeg_____
Denner Pellegrino LLP

:



04/04/08  FRI 08:28 FAX 1 413 545 2373      UMASS LEGAL SVS                    002
04/04/2008 10:08 FAX 508 620 2046      MSP UMA LEGAL                           002
01/03/2008 11:41 FAX 9785386021              MA STATE POLICE



DEVAL L. PATRICK
GOVERNOR

TIMOTHY P. MURRAY
LIEUTENANT GOVERNOR

KEVIN M. BURKE
SECRETARY

COLONEL MARK F. DELANEY
SUPERINTENDENT

*The Commonwealth of Massachusetts*

*Department of State Police*

*Certification Unit*

*485 Maple Street*

*Danvers, MA 01923*

*(978) 538-6128 Voice – (978) 538-6021 Fax*

January 2, 2008

Mr. Chris Steven Fedde, Jr.
Safenet, Inc.
4690 Millenium Drive
Belcamp, MD 21017

Mr. Fedde:

An investigation by this office has revealed that you are advertising and operating a Private Detective company under the title of "Safenet, Inc." and "MediaSentry". A review of our records indicates that you are not licensed to conduct investigations in the Commonwealth of Massachusetts under this business name.

This is an official cease and desist order. Your company is not licensed to advertise or perform the business of Private Investigations in the Commonwealth of Massachusetts. You are in violation of MGL Chapter 147, Sections 22 and 23. If further inquiries prove that you are currently operating or advertising without a license complaints for violation of this statute will be forthcoming.

Specifically, MGL Chapter 147, Section 23 states that "No person shall engage in, advertise or hold himself out as being engaged in, nor solicit private detective business or the business of watch, guard or patrol agency, notwithstanding the name or title used in describing such business, unless licensed for such purpose as provided in section twenty-five". Section 23 also states, "Whoever violates any provision of this section shall be punished by a fine of not less than two hundred nor more than one thousand dollars or by imprisonment for not more than one year, or by both such fine and imprisonment".

If you have any questions or concerns, please contact me at the above telephone number.

Regards,

Sergeant Chester Bishop
Certification Unit

**DEFENDANT'S**
**EXHIBIT**

**A**

*Excellence In Service Through Quality Policing*

# EXHIBIT A

**IP Address:** 168.122.128.38 2007-02-14 04:38:55 EST

**P2P Network:** GnutellaUS

**CASE ID#** 118285880

**Total Audio Files:** 265

| Copyright Owner | Artist | Recording Title | Album Title | SR# |
|---|---|---|---|---|
| Warner Bros. Records Inc. | Madonna | Take a Bow | Bedtime Stories | 200-082 |
| Warner Bros. Records Inc. | Madonna | Dress You Up | Like a Virgin | 59-442 |
| Virgin Records America, Inc. | Spice Girls | Goodbye | Forever | 289-357 |
| Virgin Records America, Inc. | Spice Girls | Saturday Night Divas | Spiceworld | 261-523 |
| Virgin Records America, Inc. | Spice Girls | Never Give Up On The Good Times | Spiceworld | 261-523 |
| SONY BMG MUSIC ENTERTAINMENT | Billy Joel | Captain Jack | Piano Man | N12214 |
| UMG Recordings, Inc. | Nirvana | Dumb | In Utero | 172-276 |
| UMG Recordings, Inc. | Nirvana | Breed | Nevermind | 135-335 |
| UMG Recordings, Inc. | Aqua | Aquarius | Aquarius | 284-437 |
| Warner Bros. Records Inc. | Madonna | Holiday | Madonna | 46-877 |



**DEFENDANT'S EXHIBIT**

B

tabbies

## EXHIBIT A

**IP Address:** 168.122.128.50 2007-01-26 06:24:03 EST          **CASE ID#** 116062878

**P2P Network:** GnutellaUS          **Total Audio Files:** 288

| Copyright Owner | Artist | Recording Title | Album Title | SR# |
|---|---|---|---|---|
| Atlantic Recording Corporation | Jewel | Who Will Save Your Soul | Pieces of You | 198-481 |
| Warner Bros. Records Inc. | Seal | Kiss From A Rose | Seal | 194-147 |
| SONY BMG MUSIC ENTERTAINMENT | Mariah Carey | Emotions | Emotions | 134-831 |
| SONY BMG MUSIC ENTERTAINMENT | Cyndi Lauper | Time After Time | She's So Unusual | 50-827 |
| LaFace Records LLC | TLC | Unpretty | Fanmail | 298-454 |
| BMG Music | Natalie Imbruglia | Torn | Left of the Middle | 246-607 |
| Maverick Recording Company | Michelle Branch | Everywhere | The Spirit Room | 303-732 |
| UMG Recordings, Inc. | Mary J. Blige | No More Drama | No More Drama | 301-461 |
| SONY BMG MUSIC ENTERTAINMENT | John Mayer | Your Body Is a Wonderland | Room for Squares | 305-049 |

**EXHIBIT A**

**IP Address:** 168.122.187.158 2007-02-03 13:41:42 EST

**CASE ID#** 117023910

**P2P Network:** GnutellaUS

**Total Audio Files:** 100

| Copyright Owner | Artist | Recording Title | Album Title | SR# |
|---|---|---|---|---|
| UMG Recordings, Inc. | Blink-182 | All the Small Things | Enema of the State | 279-826 |
| UMG Recordings, Inc. | Bon Jovi | It's My Life | Crush | 281-803 |
| UMG Recordings, Inc. | Bon Jovi | You Give Love a Bad Name | Slippery When Wet | 71-794 |
| SONY BMG MUSIC ENTERTAINMENT | Journey | Faithfully | Frontiers | 43-223 |
| Warner Bros. Records Inc. | Green Day | Basket Case | Dookie | 185-457 |
| UMG Recordings, Inc. | The Police | Message In A Bottle | Regatta De Blanc | 13-166 |
| BMG Music | Dave Matthews Band | Everyday | Everyday | 300-313 |
| BMG Music | Dave Matthews Band | Satellite | Under the Table and Dreaming | 285-688 |
| BMG Music | Lit | My Own Worst Enemy | A Place in the Sun | 264-272 |
| SONY BMG MUSIC ENTERTAINMENT | Europe | The Final Countdown | The Final Countdown | 76-395 |

**EXHIBIT A**

**IP Address:** 168.122.189.30 2007-01-25 18:08:47 EST

**CASE ID#** 115994639

**P2P Network:** AresWarezUS

**Total Audio Files:** 698

| Copyright Owner | Artist | Recording Title | Album Title | SR# |
|---|---|---|---|---|
| Warner Bros. Records Inc. | Green Day | When I Come Around | Dookie | 185-457 |
| SONY BMG MUSIC ENTERTAINMENT | Fiona Apple | Criminal | Tidal | 227-923 |
| SONY BMG MUSIC ENTERTAINMENT | George Michael | Freedom | Listen Without Prejudice, Vol. 1 | 133-600 |
| SONY BMG MUSIC ENTERTAINMENT | Incubus | Drive | Make Yourself | 278-818 |
| Virgin Records America, Inc. | Janet Jackson | I Get Lonely | The Velvet Rope | 261-516 |
| Virgin Records America, Inc. | Janet Jackson | If | Janet | 174-392 |
| Arista Records LLC | Avril Lavigne | Losing Grip | Let Go | 312-786 |
| SONY BMG MUSIC ENTERTAINMENT | Kandi | Don't Think I'm Not | Hey Kandi | 269-854 |
| SONY BMG MUSIC ENTERTAINMENT | B2K | Gots Ta Be | B2K | 308-430 |
| UMG Recordings, Inc. | Aerosmith | Crazy | Get A Grip | 153-061 |

# EXHIBIT A

**IP Address:** 168.122.189.51 2007-01-25 21:37:31 EST          **CASE ID#** 116002252

**P2P Network:** AresWarezUS          **Total Audio Files:** 699

| Copyright Owner | Artist | Recording Title | Album Title | SR# |
|---|---|---|---|---|
| Warner Bros. Records Inc. | Green Day | When I Come Around | Dookie | 185-457 |
| SONY BMG MUSIC ENTERTAINMENT | Fiona Apple | Criminal | Tidal | 227-923 |
| SONY BMG MUSIC ENTERTAINMENT | George Michael | Freedom | Listen Without Prejudice, Vol. 1 | 133-600 |
| Virgin Records America, Inc. | Janet Jackson | I Get Lonely | The Velvet Rope | 261-516 |
| Virgin Records America, Inc. | Janet Jackson | If | Janet | 174-392 |
| Arista Records LLC | Avril Lavigne | Losing Grip | Let Go | 312-786 |
| SONY BMG MUSIC ENTERTAINMENT | Kandi | Don't Think I'm Not | Hey Kandi | 269-854 |
| SONY BMG MUSIC ENTERTAINMENT | B2K | Gots Ta Be | B2K | 308-430 |
| UMG Recordings, Inc. | Aerosmith | Crazy | Get A Grip | 153-061 |

**EXHIBIT A**

**IP Address:** 168.122.190.46 2007-01-18 07:12:49 EST

**CASE ID#** 115064117

**P2P Network:** GnutellaUS

**Total Audio Files: 384**

| Copyright Owner | Artist | Recording Title | Album Title | SR# |
|---|---|---|---|---|
| Capitol Records, Inc. | Radiohead | Idioteque | Kid A | 289-381 |
| Capitol Records, Inc. | Radiohead | Creep | Pablo Honey | 190-976 |
| SONY BMG MUSIC ENTERTAINMENT | George Michael | Freedom | Listen Without Prejudice, Vol. 1 | 133-600 |
| UMG Recordings, Inc. | Nirvana | All Apologies | In Utero | 172-276 |
| Arista Records LLC | Ace of Base | All That She Wants | The Sign | 169-749 |
| UMG Recordings, Inc. | Nirvana | The Man Who Sold The World | MTV Unplugged In New York | 178-690 |
| Capitol Records, Inc. | Coldplay | A Whisper | A Rush of Blood to the Head | 322-958 |
| Capitol Records, Inc. | Radiohead | A Wolf at the Door. (It Girl. Rag Doll.) | Hail to the Thief | SRu494-560 |
| Capitol Records, Inc. | Pink Floyd | Time | Dark Side Of The Moon | N5354 |

## EXHIBIT A

**IP Address:** 168.122.211.149 2007-02-27 16:28:26 EST          **CASE ID#** 119950907

**P2P Network:** GnutellaUS          **Total Audio Files:** 275

| Copyright Owner | Artist | Recording Title | Album Title | SR# |
|---|---|---|---|---|
| Warner Bros. Records Inc. | Madonna | Frozen | Ray of Light | 252-818 |
| Virgin Records America, Inc. | Paula Abdul | Straight Up | Forever Your Girl | 93-688 |
| LaFace Records LLC | TLC | Unpretty | Fanmail | 298-454 |
| BMG Music | Dave Matthews Band | Crash Into Me | Crash | 212-572 |
| Capitol Records, Inc. | Thalia | A Quien Le Importa | Thalia | 317-586 |
| BMG Music | Clint Black | When I Said I Do | D' Lectrified | 270-778 |
| UMG Recordings, Inc. | Melissa Etheridge | Come to My Window | Yes I Am | 171-983 |
| Elektra Entertainment Group Inc. | Third Eye Blind | Jumper | Third Eye Blind | 188-673 |
| SONY BMG MUSIC ENTERTAINMENT | Jessica Simpson | I Think I'm In Love With You | Sweet Kisses | 276-117 |
| SONY BMG MUSIC ENTERTAINMENT | Men At Work | Down Under | Business As Usual | 35-328 |

**EXHIBIT A**

**IP Address:** 168.122.211.176 2007-01-20 00:42:59 EST

**CASE ID#** 115316034

**P2P Network:** AresWarezUS

**Total Audio Files:** 254

| Copyright Owner | Artist | Recording Title | Album Title | SR# |
|---|---|---|---|---|
| UMG Recordings, Inc. | Blink-182 | Adam's song | Enema of the State | 279-826 |
| Capitol Records, Inc. | Marcy Playground | Sex and Candy | Marcy Playground | 240-954 |
| SONY BMG MUSIC ENTERTAINMENT | Journey | Open Arms | Escape | 30-088 |
| UMG Recordings, Inc. | Tonic | If You Could Only See | Lemon Parade | 257-075 |
| Arista Records LLC | Sarah McLachlan | Building a Mystery | Surfacing | 243-027 |
| SONY BMG MUSIC ENTERTAINMENT | Rage Against the Machine | Sleep Now In The Fire | Battle Of Los Angeles | 276-602 |
| Warner Bros. Records Inc. | Red Hot Chili Peppers | Dosed | By The Way | 316-878 |

**EXHIBIT A**

**IP Address:** 168.122.221.137 2007-02-22 06:09:57 EST

**CASE ID#** 119272670

**P2P Network:** GnutellaUS

**Total Audio Files:** 256

| Copyright Owner | Artist | Recording Title | Album Title | SR# |
|---|---|---|---|---|
| SONY BMG MUSIC ENTERTAINMENT | Michael Jackson | Beat It | Thriller | 41-965 |
| SONY BMG MUSIC ENTERTAINMENT | Nas | Hate Me Now | I Am | 175-149 |
| Warner Bros. Records Inc. | Linkin Park | Crawling | Hybrid Theory | 288-402 |
| UMG Recordings, Inc. | 3 Doors Down | Kryptonite | The Better Life | 277-407 |
| Warner Bros. Records Inc. | Goo Goo Dolls | Black Balloon | Dizzy Up the Girl | 246-538 |
| SONY BMG MUSIC ENTERTAINMENT | Billy Joel | Piano Man | Piano Man | N12214 |
| Capitol Records, Inc. | Vanilla Ice | Ice Ice Baby | To The Extreme | 125-259 |
| Interscope Records | Eminem | Soldier | Eminem Show | 317-924 |
| UMG Recordings, Inc. | Tom Petty | American Girl | Long After Dark | 50-037 |
| Warner Bros. Records Inc. | Rod Stewart | Forever Young | Out Of Order | 92-430 |

## EXHIBIT A

**IP Address:** 168.122.232.86 2007-01-28 01:14:32 EST          **CASE ID#** 116260205

**P2P Network:** GnutellaUS          **Total Audio Files:** 260

| Copyright Owner | Artist | Recording Title | Album Title | SR# |
|---|---|---|---|---|
| Atlantic Recording Corporation | Matchbox 20 | Real World | Yourself or Someone Like You | 227-755 |
| Capitol Records, Inc. | MC Hammer | Too Legit to Quit | Too Legit to Quit | 136-387 |
| Warner Bros. Records Inc. | ZZ Top | Sharp Dressed Man | Eliminator | 45-132 |
| Interscope Records | No Doubt | Bathwater | Return Of Saturn | 279-727 |
| SONY BMG MUSIC ENTERTAINMENT | George Michael | Freedom | Listen Without Prejudice, Vol. 1 | 133-600 |
| Warner Bros. Records Inc. | Barenaked Ladies | One Week | Stunt | 257-724 |
| Warner Bros. Records Inc. | Fleetwood Mac | Don't Stop | Rumours | N39857 |
| Elektra Entertainment Group Inc. | Eagles | Hotel California | Hotel California | N38950 |
| BMG Music | Eve 6 | Inside Out | Eve 6 | 257-983 |

# EXHIBIT A

**IP Address:** 168.122.240.187 2007-01-16 03:25:32 EST          **CASE ID#** 114769501

**P2P Network:** GnutellaUS          **Total Audio Files:** 505

| Copyright Owner | Artist | Recording Title | Album Title | SR# |
|---|---|---|---|---|
| UMG Recordings, Inc. | Counting Crows | A Long December | Recovering The Satellites | 226-415 |
| UMG Recordings, Inc. | Counting Crows | Colorblind | This Desert Life | 271-316 |
| Virgin Records America, Inc. | Spice Girls | Say You'll Be There | Spice | 201-276 |
| UMG Recordings, Inc. | The Police | Every Breath You Take | Synchronicity | 44-862 |
| SONY BMG MUSIC ENTERTAINMENT | Celine Dion | Because You Loved Me | Falling Into You | 224-159 |
| SONY BMG MUSIC ENTERTAINMENT | Bone Thugs-N-Harmony | Look Into My Eyes | Art Of War | 240-553 |
| SONY BMG MUSIC ENTERTAINMENT | Mandy Moore | I Wanna Be With You | I Wanna Be With You | 305-059 |
| BMG Music | NSYNC | God Must Have Spent A Little More Time on You | *NSYNC | 252-748 |
| Warner Bros. Records Inc. | Rod Stewart | Forever Young | Out Of Order | 92-430 |
| UMG Recordings, Inc. | Shaggy | It Wasn't Me | Hot Shot Ultramix | 306-657 |

# EXHIBIT A

**IP Address:** 168.122.245.220 2007-01-30 01:00:22 EST          **CASE ID#** 116479977

**P2P Network:** GnutellaUS          **Total Audio Files:** 664

| Copyright Owner | Artist | Recording Title | Album Title | SR# |
|---|---|---|---|---|
| Warner Bros. Records Inc. | Joni Mitchell | A Case Of You | Both Sides Now | 275-916 |
| SONY BMG MUSIC ENTERTAINMENT | Mariah Carey | Hero | Music Box | 178-631 |
| Warner Bros. Records Inc. | Fleetwood Mac | Dreams | Rumours | N39857 |
| Warner Bros. Records Inc. | Goo Goo Dolls | Black Balloon | Dizzy Up the Girl | 246-538 |
| UMG Recordings, Inc. | U2 | Where The Streets Have No Name | The Joshua Tree | 78-949 |
| Arista Records LLC | Whitney Houston | It's Not Right But It's Okay | My Love is Your Love | 298-453 |
| Arista Records LLC | Whitney Houston | Greatest Love of All | Whitney Houston | 60-716 |
| Interscope Records | No Doubt | Underneath it All | Rock Steady | 305-872 |
| Elektra Entertainment Group Inc. | Missy Elliott | 4 My People | Miss E…So Addictive | 297-686 |
| Capitol Records, Inc. | Coldplay | The Scientist | A Rush of Blood to the Head | 322-958 |

**EXHIBIT A**

**IP Address:** 168.122.247.16 2007-02-07 13:57:19 EST

**CASE ID#** 117522101

**P2P Network:** GnutellaUS

**Total Audio Files:** 491

| Copyright Owner | Artist | Recording Title | Album Title | SR# |
|---|---|---|---|---|
| UMG Recordings, Inc. | Godsmack | Whatever | Godsmack | 241-879 |
| SONY BMG MUSIC ENTERTAINMENT | Dixie Chicks | Wide Open Spaces | Wide Open Spaces | 252-000 |
| UMG Recordings, Inc. | U2 | Sunday Bloody Sunday | War | 42-944 |
| Virgin Records America, Inc. | Ben Harper | Steal My Kisses | Burn To Shine | 273-400 |
| Maverick Recording Company | Michelle Branch | Goodbye to You | The Spirit Room | 303-732 |
| SONY BMG MUSIC ENTERTAINMENT | Destiny's Child | Bootylicious | Survivor | 289-199 |
| UMG Recordings, Inc. | Aqua | Aquarius | Aquarius | 284-437 |
| Warner Bros. Records Inc. | Faith Hill | Cry | Cry | 321-377 |
| Warner Bros. Records Inc. | Rod Stewart | Forever Young | Out Of Order | 92-430 |

**EXHIBIT A**

**IP Address:** 168.122.250.196 2007-02-01 14:13:06 EST

**CASE ID#** 116775593

**P2P Network:** GnutellaUS

**Total Audio Files:** 401

| Copyright Owner | Artist | Recording Title | Album Title | SR# |
|---|---|---|---|---|
| UMG Recordings, Inc. | Guns N Roses | Paradise City | Appetite for Destruction | 85-358 |
| SONY BMG MUSIC ENTERTAINMENT | Pearl Jam | Alive | Ten | 137-787 |
| Warner Bros. Records Inc. | Faith Hill | Breathe | Breathe | 276-629 |
| UMG Recordings, Inc. | Tonic | If You Could Only See | Lemon Parade | 257-075 |
| UMG Recordings, Inc. | U2 | Beautiful Day | All That You Can't Leave Behind | 294-631 |
| Arista Records LLC | Phil Vassar | Just Another Day In Paradise | Phil Vassar | 284-145 |
| Elektra Entertainment Group Inc. | Eagles | Hotel California | Hotel California | N38950 |
| SONY BMG MUSIC ENTERTAINMENT | Pearl Jam | Daughter | Vs. | 207-219 |
| Capitol Records, Inc. | Coldplay | The Scientist | A Rush of Blood to the Head | 322-958 |

## EXHIBIT A

**IP Address:** 168.122.254.89 2007-02-03 15:23:12 EST

**CASE ID#** 117029157

**P2P Network:** AresWarezUS

**Total Audio Files:** 397

| Copyright Owner | Artist | Recording Title | Album Title | SR# |
|---|---|---|---|---|
| SONY BMG MUSIC ENTERTAINMENT | Pearl Jam | Black | Ten | 137-787 |
| Interscope Records | No Doubt | Too Late | Return Of Saturn | 279-727 |
| Interscope Records | No Doubt | Just A Girl | Tragic Kingdom | 206-724 |
| UMG Recordings, Inc. | Beck | Mixed Bizness | Midnite Vultures | 276-479 |
| Elektra Entertainment Group Inc. | Eagles | Hotel California | Hotel California | N38950 |
| BMG Music | Eve 6 | Here's To The Night | Horrorscope | 285-024 |
| SONY BMG MUSIC ENTERTAINMENT | Incubus | Nice to Know You | Morning View | 306-181 |
| Interscope Records | No Doubt | Hey Baby | Rock Steady | 305-872 |
| Warner Bros. Records Inc. | Red Hot Chili Peppers | This Is the Place | By The Way | 316-878 |

**EXHIBIT A**

**IP Address:** 168.122.254.99 2007-01-15 11:21:55 EST

**CASE ID#** 114693598

**P2P Network:** AresWarezUS

**Total Audio Files:** 358

| Copyright Owner | Artist | Recording Title | Album Title | SR# |
|---|---|---|---|---|
| UMG Recordings, Inc. | Bloodhound Gang | Along Comes Mary | Hooray For Boobies | 278-185 |
| SONY BMG MUSIC ENTERTAINMENT | Pearl Jam | Black | Ten | 137-787 |
| Capitol Records, Inc. | Everclear | Santa Monica | Sparkle And Fade | 279-015 |
| Capitol Records, Inc. | Marcy Playground | Sex and Candy | Marcy Playground | 240-954 |
| Interscope Records | No Doubt | Just A Girl | Tragic Kingdom | 206-724 |
| SONY BMG MUSIC ENTERTAINMENT | Incubus | Drive | Make Yourself | 278-818 |
| Elektra Entertainment Group Inc. | Eagles | Hotel California | Hotel California | N38950 |
| BMG Music | Eve 6 | Inside Out | Eve 6 | 257-983 |
| SONY BMG MUSIC ENTERTAINMENT | Incubus | Nice to Know You | Morning View | 306-181 |
| SONY BMG MUSIC ENTERTAINMENT | System of a Down | Toxicity | Toxicity | 301-897 |

**EXHIBIT A**

**IP Address:** 168.122.80.181 2007-02-07 04:23:43 EST          **CASE ID#** 117475470

**P2P Network:** GnutellaUS                                      **Total Audio Files:** 131

| Copyright Owner | Artist | Recording Title | Album Title | SR# |
|---|---|---|---|---|
| UMG Recordings, Inc. | Bon Jovi | It's My Life | Crush | 281-803 |
| SONY BMG MUSIC ENTERTAINMENT | Michael Bolton | How Am I Supposed To Live Without You | Soul Provider | 106-829 |
| SONY BMG MUSIC ENTERTAINMENT | Michael Jackson | Thriller | Thriller | 41-965 |
| Motown Record Company, L.P. | 98 Degrees | I Do (Cherish You) | 98 Degrees & Rising | 237-315 |
| Motown Record Company, L.P. | Rick James | Super Freak | Street Songs | 25-800 |
| UMG Recordings, Inc. | Berlin | Take My Breath Away | Count Three and Pray | 72-521 |
| Virgin Records America, Inc. | UB40 | Red Red Wine | Labour of Love | 49-244 |
| UMG Recordings, Inc. | Ludacris | Roll Out | Word of Mouf | 304-605 |
| Arista Records LLC | Whitney Houston | I Will Always Love You | Bodyguard Soundtrack | 152-583 |
| UMG Recordings, Inc. | Shaggy | Angel | Hot Shot Ultramix | 306-657 |

## EXHIBIT A

**IP Address:** 168.122.80.35 2007-02-27 00:10:16 EST

**CASE ID#** 119850664

**P2P Network:** GnutellaUS

**Total Audio Files:** 142

| Copyright Owner | Artist | Recording Title | Album Title | SR# |
|---|---|---|---|---|
| UMG Recordings, Inc. | Bon Jovi | It's My Life | Crush | 281-803 |
| UMG Recordings, Inc. | Bryan Adams | Please Forgive Me | So Far So Good | 206-509 |
| Warner Bros. Records Inc. | Seal | Kiss From A Rose | Seal | 194-147 |
| SONY BMG MUSIC ENTERTAINMENT | Mariah Carey | Love Takes Time | Mariah Carey | 118-408 |
| SONY BMG MUSIC ENTERTAINMENT | Marvin Gaye | Sexual Healing | Midnight Love | 41-568 |
| Virgin Records America, Inc. | UB40 | Red Red Wine | Labour of Love | 49-244 |
| SONY BMG MUSIC ENTERTAINMENT | Celine Dion | The Power of Love | The Colour of My Love | 191-558 |
| LaFace Records LLC | Toni Braxton | Spanish Guitar | The Heat | 287-194 |
| UMG Recordings, Inc. | Ludacris | Roll Out | Word of Mouf | 304-605 |
| Arista Records LLC | Whitney Houston | I Will Always Love You | Bodyguard Soundtrack | 152-583 |

**EXHIBIT A**

**IP Address:** 168.122.82.208 2007-02-02 08:54:57 EST

**CASE ID#** 116859579

**P2P Network:** GnutellaUS

**Total Audio Files:** 425

| Copyright Owner | Artist | Recording Title | Album Title | SR# |
|---|---|---|---|---|
| Atlantic Recording Corporation | Matchbox 20 | Girl Like That | Yourself or Someone Like You | 227-755 |
| SONY BMG MUSIC ENTERTAINMENT | Sade | Kiss Of Life | Love Deluxe | 183-731 |
| SONY BMG MUSIC ENTERTAINMENT | Sade | By Your Side | Lovers Rock | 298-354 |
| SONY BMG MUSIC ENTERTAINMENT | Sade | Paradise | Stronger Than Pride | 93-822 |
| Warner Bros. Records Inc. | Red Hot Chili Peppers | Scar Tissue | Californication | 174-922 |
| Warner Bros. Records Inc. | Red Hot Chili Peppers | Aeroplane | One Hot Minute | 243-059 |
| UMG Recordings, Inc. | U2 | Beautiful Day | All That You Can't Leave Behind | 294-631 |
| UMG Recordings, Inc. | Tom Petty | I Won't Back Down | Full Moon Fever | 103-541 |
| UMG Recordings, Inc. | Vanessa Carlton | A Thousand Miles | Be Not Nobody | 313-943 |

# EXHIBIT A

**IP Address:** 168.122.186.180 2007-01-26 09:51:30 EST          **CASE ID#** 116086957

**P2P Network:** GnutellaUS          **Total Audio Files:** 112

| Copyright Owner | Artist | Recording Title | Album Title | SR# |
|---|---|---|---|---|
| Warner Bros. Records Inc. | Goo Goo Dolls | Black Balloon | Dizzy Up the Girl | 246-538 |
| Virgin Records America, Inc. | Spice Girls | Spice Up Your Life | Spiceworld | 261-523 |
| SONY BMG MUSIC ENTERTAINMENT | Billy Joel | Piano Man | Piano Man | N12214 |
| SONY BMG MUSIC ENTERTAINMENT | Will Smith | Miami | Big Willie Style | 249-123 |
| Maverick Recording Company | Michelle Branch | Everywhere | The Spirit Room | 303-732 |
| SONY BMG MUSIC ENTERTAINMENT | Destiny's Child | Survivor | Survivor | 289-199 |
| SONY BMG MUSIC ENTERTAINMENT | Incubus | Wish You Were Here | Morning View | 306-181 |
| UMG Recordings, Inc. | Vanessa Carlton | A Thousand Miles | Be Not Nobody | 313-943 |
| BMG Music | NSYNC | God Must Have Spent A Little More Time on You | *NSYNC | 252-748 |

## EXHIBIT A

**IP Address:** 168.122.209.213 2007-01-25 06:56:24 EST          **CASE ID#** 115939205

**P2P Network:** GnutellaUS          **Total Audio Files:** 567

| Copyright Owner | Artist | Recording Title | Album Title | SR# |
|---|---|---|---|---|
| Atlantic Recording Corporation | Jewel | I'm Sensitive | Pieces of You | 198-481 |
| Elektra Entertainment Group Inc. | Tracy Chapman | Fast Car | Tracy Chapman | 92-491 |
| Virgin Records America, Inc. | Spice Girls | Spice Up Your Life | Spiceworld | 261-523 |
| UMG Recordings, Inc. | Lisa Loeb | I Do | Firecracker | 244-058 |
| UMG Recordings, Inc. | Shania Twain | From This Moment On | Come On Over | 243-502 |
| Arista Records LLC | Alan Jackson | Gone Country | Who I Am | 202-090 |
| Arista Records LLC | Avril Lavigne | I'm With You | Let Go | 312-786 |
| Virgin Records America, Inc. | Janet Jackson | All for You | All for You | 308-900 |
| Capitol Records, Inc. | Coldplay | Clocks | A Rush of Blood to the Head | 322-958 |