UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LONDON-SIRE RECORDS, INC., et al.,<br><br>    Plaintiffs<br><br>v.<br><br><br>DOE 1 et al.,<br><br>    Defendants. | No. **1:04cv12434-NG**<br>LEAD DOCKET NO. |

**PLAINTIFFS' OPPOSITION TO MOTION TO STRIKE DECLARATIONS OF CARLOS LINARES IN SUPPORT OF *EX PARTE* APPLICATIONS FOR LEAVE TO TAKE IMMEDIATE DISCOVERY; AND VACATE ALL ORDERS GRANTING SAID APPLICATIONS**

Plaintiffs submit the following Opposition to Motion to (A) Strike Declarations of Carlos Linares in Support of Ex Parte Applications for Leave to Take Immediate Discovery; and (B) Vacate all Orders Granting Said Applications ("Defendant's Motion").

**INTRODUCTION AND SUMMARY OF ARGUMENTS**

The Court previously consolidated several independent cases against hundreds of Doe Defendants who are alleged to have infringed various copyrighted works owned by various Plaintiff record companies. These cases were consolidated for judicial convenience, but are proceeding as independent actions. In several of these cases, various Plaintiff record companies submitted the affidavit of Carlos Linares ("Linares Declaration") in support of their Application for Leave to Take Immediate Discovery. In most of these cases, expedited discovery is complete. Of over 50 cases consolidated in this matter, only seven active cases remain. In those

seven cases, Plaintiffs have received subpoena responses for or otherwise resolved their claims against 31 of the 123 defendants.

Defendant's Motion indicates that it is being filed on behalf of John Doe, but does not identify which case it is being filed in or which doe defendant is represented by Defense Counsel. Defendants' Motion does not represent that Defense Counsel has been retained by anyone other than this single unidentified John Doe Defendant.

Defendant's Motion raises numerous arguments which do not have any merit. First, Defense Counsel moves to strike the Linares Declaration and vacate all orders granting expedited discovery in the consolidated cases within this District. Defense Counsel does not have standing to assert this argument on behalf of doe defendants he does not represent. In fact, his efforts to do so are contrary to Rule 11(a).

Second, the arguments asserted in Defendant's Motion are moot with respect to most of the cases in this District. This is because expedited discovery has been completed for most of the ongoing cases before this Court.

Third, Defendant is moving to strike the Linares Declaration based upon disputed factual issues. A dispute over factual issues, however, does not provide a proper basis for striking his declaration. Additionally, Defendant's factual arguments are incorrect. For example, Defendant argues that the Linares Declaration is based on hearsay. This is simply not true. The Linares Declaration was submitted in support of Plaintiffs' Motion for Leave to Take Immediate Discovery. Mr. Linares is an attorney employed by the Recording Industry Association of America ("RIAA") to work on behalf of the Plaintiff record companies. His duties include supervising copyright infringement investigations, including the work of MediaSentry in this case. Thus, Mr. Linares' opinions are based on personal knowledge and are not hearsay

2

statements as Defendant argues. All of Defendant's remaining factual arguments are similarly flawed.

Fourth, Defendant argues that the Linares Declaration should be stricken because it was based upon the work of MediaSentry. Defendant argues that MediaSentry should have had a private investigator's license pursuant to Massachusetts General Laws ("MGL") 147, Section 23. Defendant is wrong for several reasons. MediaSentry does not fall under the MGL Section 23 licensing requirements because the investigative work was performed on behalf of counsel and accordingly was not subject to the Section 23 licensing requirements. Additionally, MediaSentry did not conduct an investigation subject to Section 23 because its work merely involved gathering public information. Moreover, Defendant does not have standing to enforce the statute. Finally, even if a violation of Section 23 occurred, there is no legal basis for excluding the information MediaSentry gathered.

Fifth, Defendant challenges the Court's finding that there was a statistically reasonable basis for inferring that copyrighted works had been downloaded. Plaintiffs provided substantial evidence of downloading of copyrighted files by Defendant. Defendant also raises a factual issues that need not be resolved at this stage in the proceeding.

Finally, Defendant suggests that he may not have intended to infringe Plaintiffs' copyrighted works. Intent, however, is not required for copyright infringement.

## ARGUMENTS

**I.  Defense Counsel Does Not Have Standing or Authority to Vacate Discovery on Behalf of Doe Defendants Who are Not His Clients.**

Defense Counsel asks the Court to strike the Linares Declarations and vacate the Discovery Orders in *each* case consolidated under 1:04-cv-12434-NG (the "Lead Docket"). (*See* Doc. No. 170 and Doc. No. 171.) Defense Counsel has no standing to make such a request

3

because it appears that Defense Counsel represents only a single doe defendant in one of the consolidated cases. As such, Defense Counsel lacks standing to file a motion relating to doe defendants in this case or any of the other cases consolidated under the Lead Docket because he does not appear to represent any of the doe defendants in those cases.

Rule 11(a) requires that motions be signed by a party, or an attorney representing a party to the action. When, as here, an attorney purports to represent multiple defendants, "the signing attorney must make explicit that each defendant has consented and that he or she therefore is signing the [paper] on behalf of each defendant whom he or she represents." Wright & Miller, Federal Practice and Procedure: Civil 3d § 1333 (2004). Defense Counsel has made no such showing. Despite asking the Court to make a broad ruling that affects the interests of dozens of doe defendants, Defense Counsel has not presented evidence that any other does consent to his Motion. No other doe defendants have signed the Motions before the Court, and no other does have joined in these Motions. "To allow one party, through counsel, to bind or represent the position of other parties without their express consent to be so bound would have serious repercussions . . . in any incident of litigation." *Creekmore v. Food Lion*, 797 F. Supp. 505, 509 (E.D. Va. 1992) (finding defendant's petition for removal improper when it purported to act with the consent of its co-defendants but the co-defendants did not independently or unambiguously join in the petition).

Additionally, where, as here, such cases are "consolidated for purposes of convenience and judicial efficiency, the cases retain their separate identity." *Albert v. Maine Central R.R. Co.*, 898 F.2d 5, 6 (1st Cir. 1990). A non-party to a case can only file a motion such as Defendant's with leave from the Court to intervene pursuant to Federal Rule of Civil Procedure 24. *See United States v. Am. Telephone and Telegraph Co.*, 1982 U.S. Dist. LEXIS

10949, *2 (Feb. 5, 1982) (disallowing the State of Michigan to file a motion to modify time limits where the State was a non-party to the action). Defense Counsel has not filed a motion to intervene in any of the consolidated cases here. It follows that Defense Counsel lacks standing to file his Motions to Strike and Vacate because Defense Counsel does not represent a party in each of the separate consolidated cases. *See Mastercard Int'l Inc. v. Fed'n Internationale de Football Ass'n,* 471 F.3d 377, 382 (2d Cir. 2006) (finding that a non-party to the underlying action did not have standing to file a motion to dismiss); *PFIP, LLC v. Aspen Total Fitness Centereach, LLC,* 2006 U.S. Dist. LEXIS 37968, *3 (D.N.H. June 7, 2006) (holding that two non-parties to an action lacked standing to file a motion to dismiss and/or transfer). Accordingly, Plaintiffs respectfully request that the Court deny Defendant's Motions to Strike and Vacate Discovery Orders in the separate consolidated cases.

  II.   **Most of Defendants' Claims are Moot Because Expedited Discovery is Complete.**

Defendant's assertion that the Court should vacate the discovery orders in all of the consolidated cases in this district is moot in most of these cases. Of the 435 Doe Defendants involved in the consolidated cases, Plaintiffs have received discovery or otherwise resolved their case regarding 356 of the Doe Defendants. Accordingly, Defendant's Motion is moot with respect to most of the cases before the Court.

  III.  **Mr. Linares's Declaration is Factually Correct and Based on Personal Knowledge.**

Carlos Linares submitted a declaration in several of the individual cases in support of Plaintiffs' Motions for Expedited Discovery. Mr. Linares is an attorney who serves as Vice President, Anti-Piracy Legal Affairs for RIAA. (Linares Decl at ¶ 2) In this capacity, he works entirely on behalf of the Plaintiff record companies, supervising investigations into copyright

5

#1325554 v4

infringement, including the work of MediaSentry in the cases before the Court. *Id*. The statements in the Linares Declaration are based upon personal knowledge. *Id*.

Defendant offers various factual challenges to the Linares Declaration. Factual challenges do not provide a legal basis for excluding the Linares Declaration. *Eicken v. USAA Federal Savings Bank*, 498 F. Supp. 2d 954, 960-61 (S.D. Tx. 2007) (denying motion to strike affidavit that included disputed factual allegations); *Freeman v. Berge, 2003* U.S. Dist. LEXIS 24692, 2-4 (W.D. Wis. Dec. 3, 2003) (disputes over proposed findings of fact are not grounds to strike an affidavit). Additionally, Defendant's factual arguments are incorrect. First, Defendant claims that the Linares Declaration should be stricken because it is based on hearsay. In fact, Mr. Linares' opinions are properly based on personal knowledge derived from his supervision of MediaSentry, who investigated the copyright infringement at issue in this case.

Second, Defendant erroneously represents that Mr. Linares falsely stated that MediaSentry was able to detect infringement solely because the P2P software being used by targeted individuals had the file sharing features enabled. More to the point, MediaSentry was able to show actual distribution by downloading copyrighted audio files from Defendant's computer. (Linares Decl at ¶¶ 14-15)

Defendant claims that the Linares Declaration fails to show actual distribution of copyrighted materials. As part of its fact gathering, MediaSentry downloaded various copyrighted works that Defendant has made available in his shared file. (Linares Decl at ¶ 14) Defendant argues, as a matter of law, that actual distribution may not be shown by copying performed by an investigator retained by the copyright holder, because such a distribution is authorized. This is not a proper basis for striking the Linares Declaration. Additionally, the case law does not support Defendant's position. In *Olan Mills, Inc. v. Linn Photo*, 23 F.3d 1345,

1348 (8th Cir. 1994), the court held that, where the plaintiff copyright holder hired an investigator to investigate the defendant's infringement by asking the defendant to make copies of the plaintiff's works, the plaintiff "did not authorize the investigator to validate [the defendant's] unlawful conduct." Rather, retention of the investigator was merely an attempt to stop such infringement, and "the copies made by [the defendant] at the request of the investigator were copyright violations." *Id.*

Similarly, in *RCA/Ariola Int'l Inc. v. Thomas & Grayston Co.*, 845 F.2d 773, 781 (8th Cir. 1988), the Eighth Circuit affirmed the district court's decision that the plaintiff "had proved a clear case of direct infringement against the [defendant] retailers by showing that the plaintiff's investigators were permitted to make infringing copies" on cassette duplicating machines with the retailer's direct assistance. *See also RCA Records v. All-Fast Sys. Inc.*, 594 F. Supp. 335, 338 (S.D.N.Y. 1984) (evidence that "defendant's employees willingly and knowingly copied copyrighted tapes for plaintiffs' investigators" established a likelihood of success on the merits of plaintiffs' infringement claim); *Wahpeton Canvas Co. v. Bremer*, 893 F. Supp. 863, 871-72 (N.D. Iowa 1995) (holding, in the patent context, that the defendant's sale of parts to the plaintiff's investigator was not an authorized sale but, rather, was an infringing act). In contrast, the two cases cited in Defendant's Motion are inapplicable because they do not involve private investigations of copyright infringement.[1]

---

[1] Instead, both cases address the issue of whether making copyrighted works available is sufficient to show infringement. In *Latin American Music Co. v. Archdiocese of San Juan*, 499 F.3d 32 (1st Cir. 2007) ("*LAMCO*"), the court considered whether the listing of a copyrighted sound recording in a catalogue is, by itself, sufficient to establish infringement. *See* 499 F.3d at 46-47. After holding that such a listing, by itself, is not an infringing act, *LAMCO* noted that eight of the sound recordings were also "available" on the defendant's website. *Id.* at 47. The court held that making the eight sound recordings available "might be infringing actions," and remanded the issue to the district court for proceedings on the issue. *Id.* Likewise, the court in *Resnick v. Copyright Clearance Center, Inc.*, 422 F. Supp. 2d 252 (D. Mass. 2006),

As each of these cases shows, obtaining a copy of the infringing work does not immunize the infringer's conduct. By retaining MediaSentry to assist in its copyright enforcement efforts, Plaintiffs in no way authorized Defendants to distribute their copyrighted works over the Internet, nor did MediaSentry do so.

### IV.     Plaintiffs Conducted a Proper Investigation of Defendant's Infringement.

Defendant argues that the Linares Declaration should be stricken because it is based on an improper investigation conducted by MediaSentry. Defendant claims that this investigation was improper because MediaSentry is not licensed.[2] This argument has no merit.

As a preliminary matter, it should be noted that the factual basis for Defendant's argument is limited at best. MediaSentry received a letter, dated January 2, 2008, from a Sergeant Bishop in the Certification Unit of the Department of State Police, indicating that MediaSentry was allegedly in violation of the MGL Provisions. By letter dated January 10, 2008, counsel for MediaSentry disputed Sergeant Bishop's initial assessment.[3] Since then, MediaSentry has received no further communication from the State Police.

Defendant's substantive arguments are wrong for at least three reasons.

---

acknowledged that where, as here, there is direct proof of an infringing act such as distribution that occurs after the wrongful authorization, a direct cause of action may lie against the individual who authorized the act. *Id*. at 259.

[2] This argument was previously briefed in Plaintiffs' Response in Opposition to Supplemental Memorandum of Law of Boston University Doe in Support of Doe Defendant's Motion to Quash and Subpoena Civil Action No. 07-cv-1083 (Original Docket No.), that is currently before the Court. Because much of Defendant's argument is based upon this theory, Plaintiffs will include relevant portions of it in this brief.

[3] Defendant mischaracterizes Plaintiffs' actions at the hearing on Does' Motion To Quash the Subpoena Served on Boston University. Since Plaintiffs first learned of this issue at the hearing, they were not in a position to address the issue at the hearing.

#1325554 v4

First, the investigations performed by MediaSentry do not fall under the MGL Section 23 licensing requirements because Section 23 does not apply to "[a]n attorney at law in the practice of his profession." Section 23(6). This exemption includes agents and investigators retained by the attorney. Supreme Judicial Court Rule 3:08, PF 15; *In re Grand Jury Investigation*, 407 Mass. 916 (1990). Defendant argues that this exemption does not apply because MediaSentry was retained by RIAA. This distinction has no merit because MediaSentry's work was performed under the supervision and direction of Mr. Linares, an attorney, to assist him and other attorneys in their investigation and litigation against copyright infringers.[4]

Second, there was no private investigation here because the information that MediaSentry gathered is public information that was placed out on the Internet from Defendant's computer, on Defendant's internet account, for any P2P user to see.[5] As a result, Defendant has no expectation of privacy with respect to such information and cannot claim to have been harmed by the disclosure of private information. *See In re Verizon Internet Servs., Inc.*, 257 F. Supp. 2d 244, 257, 267 (D.D.C. 2003) (when an ISP subscriber "opens his computer to permit others, through peer-to-peer file sharing, to download materials from that computer, it is hard to understand just what privacy expectation he or she has after essentially opening the computer to the world."), *rev'd on other grounds*, 351 F.3d 1229 (D.C. Cir. 2003); *United States v. Kennedy*,

---

[4] Although Defendant does not cite, and Plaintiffs are unaware of, any authority that the MGL Provisions apply where, as here, MediaSentry was acting as an investigator for Plaintiffs and their counsel, the New York Attorney General, interpreting a provision similar to Section 23, found that "One who devotes himself exclusively to making investigations for patent attorneys in connection with litigations for infringements does not require a license." Op. Atty. Gen., 21 St Dept Rep 495 (1919); see also N.Y. Gen. Bus. Law § 70 (annotated case notes No. 3). This detailed analysis of the New York statute are briefed in Plaintiffs' Response in Opposition to Supplemental Memorandum of Law of Boston University Doe in Support of Doe Defendant's Motion to Quash Subpoena and will not be repeated here.

[5] The integrity of the evidence gathered by MediaSentry is not at issue.

81 F. Supp. 2d 1103, 1110 (D. Kan. 2000) (activation of file-sharing mechanism shows no expectation of privacy); *Elektra Entm't Group, Inc. v. Does 1-9*, 2004 LEXIS 23560 at *13 (S.D.N.Y. Sep. 7, 2004) (holding that defendant has "minimal expectation of privacy in downloading and distributing copyrighted songs without permission") (citations omitted). For this reason, too, Defendant's allegation that MediaSentry has violated the MGL Provisions fails.

Third, Defendant has not cited any authority indicating that he has standing to assert claims under the MGL Provisions. Chapter 147 does not contain a provision that authorizes a private party to enforce the statute. Rather, Chapter 147 is captioned "State and Other Police, and Certain Powers and Duties of the Department of Public Safety." Defendant seeks to issue a subpoena commanding the Commonwealth to produce its records regarding this matter. There is no need for such a subpoena, however, because Defendant does not have standing to bring a claim under the MGL Provisions.

Finally, Defendant does not, and could not, cite any authority for the proposition that a violation of the MGL Provisions, even if it occurred, would provide a basis to exclude testimony or evidence in a civil litigation. Plaintiffs are not aware of a single case where evidence was excluded because of a violation of any portion of the MGL Provisions. Moreover, there is no portion of the MGL Provisions or case authority that support Defendant's position. *TNT Road Co. v. Sterling Truck Corp.*, 2004 U.S. Dist. LEXIS 13463 * 6 (D. Ma. July 19, 2004) (failure of expert to obtain a private investigator's license did not warrant excluding his testimony at trial). The instant case is a purely civil matter that does involve any government action that would invoke the Fourth Amendment. *Mejia v. City of News York*, 119 F. Supp. 2d 232, 254 (S.D.N.Y. 2000) ("the Fourth Amendment's exclusionary rule does not apply in civil actions other than civil forfeiture proceedings.") (*citing Pennsylvania Bd. of Probation & Parole v. Scott*, 524 U.S.

357, 363 (1998); *Nutrasweet Co. v. X-L Eng'g Corp.*, 926 F. Supp. 767, 769 (N.D. Ill. 1996) ("[T]he Fourth and Fourteenth Amendments do not require in civil cases that the exclusionary rule be extended to situations where private parties seek to introduce evidence obtained through unauthorized searches made by state officials.").

For all of these reasons, there is no basis to strike the Linares Declaration based upon MediaSentry's work in this case.

V. **The Court Properly Determined that there was a Statistically Reasonable Inference of Distribution.**

The Court's stated standard for a *prima facie* case "require[d] plaintiffs to adduce evidence showing that their complaint and subpoena are more than a mere fishing expedition." In finding an adequate *prima facie* case, the Court relied on allegations and evidence. Plaintiffs alleged facts that in combination with the limited evidence presented at this stage met the *prima facie* standard. The Court did not need to make a statistical inference that "at least one copyrighted work was downloaded at least once" in order to make its finding. However, Defendant challenges the inference and in so doing twists the logic relied upon by the Court.

First, at this stage of the litigation, Plaintiffs are not required to prove their full case. This is not the trial, and Plaintiffs will present additional evidence at the appropriate times. To survive a challenge to the expedited discovery, Plaintiffs need only to offer sufficient evidence to demonstrate that the allegations are well founded. Plaintiffs have done so here by presenting evidence regarding the sampling of sound recordings that each defendant was distributing (shown in Exhibit A to the Complaint), which was representative of what each defendant had on his or her system and what each defendant was doing on the network. In order to explore whether and to what extent each defendant illegally obtained the sound recordings and files and distributed same requires further discovery such as interrogatories, depositions, and computer

inspections. Such discovery is best pursued in the normal course of the litigation – after service of the complaint, an answer, initial disclosures and the Rule 26(f) conference. The allegations raised by the Complaint, together with the evidence presented, form an adequate basis to allow the initial discovery to proceed.

Second, the Court made a reasonable inference of the likelihood that distribution actually occurred. With as many as 700 audio files found in the Defendants' shared folder and the evidence of actual distribution to MediaSentry, it is reasonable for the Court to infer the statistical likelihood of actual distribution to third parties. The Court found such inference to be sufficient to justify the initial discovery so that this case may proceed to the next step of the litigation.

To the extent that Defendant uses this forum to challenge the factual assertion, it is simply not the time to address that assertion. Nor is it necessary for Plaintiffs to respond to the so-called technical explanation provided by Defendant that asserts the files in the shared folder may have been uninteresting to third parties, that because such files are available from other computers there is no reason to believe third parties would obtain the file from these defendants, and that such third parties may have obtained only a portion of a download from any given defendant in this case. See Motion to Strike at 10; Supp. Memo re Motion to Quash, fn. 5. Doe Defendants will have ample opportunity during discovery and trial to assert their position. Consideration of Defendant's theory is premature at this stage of the litigation.

### VI.     Intent is Not Required for Copyright Infringement.

Defendant argues that because of the nature of Defendant's file sharing, it is possible that copyrighted sound recordings were distributed without Defendant's knowledge. Even if factually true, it is of no consequence. Copyright infringement is a strict liability offense. Plaintiffs need not demonstrate Defendant's intent to infringe, or even knowledge of

infringement, in order to prove copyright infringement. *See Chavez v. Arte Publico Press*, 204 F.3d 601, 607 (5th Cir. 2000) ("Copyright infringement actions, like those for patent infringement, ordinarily require no showing of intent to infringe."); *Lipton v. Nature Co.*, 71 F.3d 464, 471 (2nd Cir. 1995) (intent to infringe is not required under the Copyright Act); *Pinkham v. Sara Lee Corp.*, 983 F.2d 824, 829 (8th Cir. 1992) ("The defendant's intent is simply not relevant [to show liability] for copyright infringement.  The defendant is liable even for 'innocent' or 'accidental' infringements."); *County of Ventura v. Blackburn*, 362 F.2d 515 (9th Cir. 1966) (affirming trial court's determination of infringement and concluding that "lack of intent to infringe does not excuse legal liability"); *Full Keel Music, Inc. v. Donna's Pub, Inc.*, 1994 U.S. Dist LEXIS 21056 (D.Ma. 1994); 4 M. & D. Nimmer, Nimmer On Copyright § 13.08, at 13-279 ("In actions for statutory copyright infringement, the innocent intent of the defendant will not constitute a defense to a finding of liability.").

In the context of a copyright claim, a plaintiff need only allege:  (1) that the plaintiff owns valid copyrights, and (2) that the defendant violated one or more of the exclusive rights set forth in 17 U.S.C. § 106.  *See Feist Pubs., Inc.*, 499 U.S. 340, 361 (1991); 4 M. & D. Nimmer, Nimmer On Copyright § 13.01, at 13-5 & n. 4 (2005) ("Reduced to most fundamental terms, there are only two elements necessary to the plaintiffs' case in an infringement action: ownership of the copyright by the plaintiff and copying [or public distribution or public display] by the defendant").  In this case, Plaintiffs presented substantial evidence to satisfy both of these elements.

## CONCLUSION

For all of the reasons set forth above Defendant's Motion should be denied and ongoing expedited discovery should continue.

ARISTA RECORDS LLC; WARNER BROS. RECORDS INC.; ATLANTIC RECORDING CORPORATION; VIRGIN RECORDS AMERICA, INC.; UMG RECORDINGS, INC.; BMG MUSIC; CAPITOL RECORDS, INC.; SONY BMG MUSIC ENTERTAINMENT; MOTOWN RECORD COMPANY, L.P.; MAVERICK RECORDING COMPANY; ELEKTRA ENTERTAINMENT GROUP INC.; LAFACE RECORDS LLC; and INTERSCOPE RECORDS

By their attorneys,

Dated: April 23, 2008     By:   /s/ Katheryn Jarvis Coggon
Katheryn Jarvis Coggon
Holme Roberts & Owen
1700 Lincoln, Suite 4100
Denver, Colorado 80203


John R. Bauer, BBO# 630742
Nancy M. Cremins, BBO # 658932
ROBINSON & COLE LLP
One Boston Place
Boston, MA  02108-4404
Main Phone:  (617) 557-5900
Main Fax:  (617) 557-5999

**CERTIFICATE OF ELECTRONIC FILING**

In accordance with Local Rule 5.2(b), I, Nancy M. Cremins, hereby certify that this document filed through the ECF system on April 23, 2008 will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Nancy M. Cremins
Nancy M. Cremins

#1325554 v4