UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LONDON-SIRE RECORDS, INC., et al., ) | No. **1:04cv12434-NG** |
| ) | LEAD DOCKET NO. |
| Plaintiffs, ) | |
| ) | |
| ) | |
| -v.- ) | |
| ) | |
| DOE 1 et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**REPLY TO OPPOSITION TO MOTIONS TO (A) STRIKE DECLARATIONS OF CARLOS LINARES IN SUPPORT OF *EX PARTE* APPLICATIONS FOR LEAVE TO TAKE IMMEDIATE DISCOVERY; AND (B) VACATE ALL ORDERS GRANTING SAID APPLICATIONS**

**PRELIMINARY STATEMENT**

Doe replies to Plaintiffs' arguments I through VI as follows:

**I.      Defense Counsel Does Not Have Standing**

Although the motions were filed by counsel for one of the Does, all of the Linares declarations are defective for the same reasons so the Court may decide to strike all at the same time and vacate all of the expedited discovery orders for judicial efficiency. The cases were consolidated because there were common issues which apply to all of them. The reliability of the Linares declarations is one of those common issues. Further, the Court may order refund of all settlement payments received due to the false declarations and false pretenses under which other Does settled, thereby benefiting all Does in cases consolidated under this caption.

**II.      Defendant's Claims are Moot**

As to Does who have settled, the motions are not moot if the Court considers ordering refund of settlement payments due to the false declarations.

### III. Linares's Declarations are Factually Correct and Based on Personal Knowledge

Neither Linares nor the RIAA can claim first hand knowledge of the investigations or the results since the investigations were conducted by an independent party which holds itself out to the public as an investigator of copyright infringements. The RIAA is not its only client. RIAA can only say that they received reports from MediaSentry. No declaration under penalty of perjury by MediaSentry itself is before the Court and therefore the Court should not rely on a second hand report by Linares as to what MediaSentry reported to its client, the RIAA. Under the Federal Rules of Evidence, of course, hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." FRE 801(c). Declarant Linares's quoting of MediaSentry's reports is hearsay and, since plaintiffs have not claimed any FRE 803 exceptions, his declarations are inadmissable under FRE 802.

### IV. Plaintiffs Conducted a Proper Investigation of Defendants' Infringement

The trustworthiness of the MediaSentry investigations is a crucial issue. The Commonwealth regulates investigators to assure ethical standards and competency standards are met; and can revoke an investigator's license if a valid complaint by a member of the public is received. In view of MediaSentry's violating the licensing law, the trustworthiness of what Linares claims they reported to him should be in doubt. Furthermore, in spite of an outstanding official Cease and Desist order from the Commonwealth, MediaSentry has continued to investigate in the Commonwealth and plaintiffs have even submitted results of such post-cease and desist order investigations in a recent suit consolidated under the above caption. See EXHIBIT A DOE LIST filed with Complaint of March 26, 2008 captioned *Laface v. Does 1-17*, 1:08-cv-10492-NG, listing I. P. addresses for Does 15-17 on Jan. 22, Jan. 31, and Feb. 4, 2008,

respectively, all subsequent to the official Cease and Desist letter of Jan. 2, 2008. Plaintiffs allege MediaSentry responded to the Cease and Desist order but did not file a copy of such response, nor did they allege the Cease and Desist order has been rescinded. Doe suggests that information received from this scofflaw private investigator, through an intermediary's declaration and not through the private investigator's declaration, is not trustworthy enough to establish a *prima facie* case of copyright infringement sufficient to justify expedited discovery (discovery being used for purposes of extortion of settlements rather than for uncovering facts leading to evidence to be used at a trial).

Plaintiffs again advance two previously briefed arguments that MediaSentry was excepted from the licensing law. First, plaintiffs cite the MGL exception for an attorney at law in the practice of his profession. MediaSentry was not an attorney at law in the practice of his profession, nor a full time employee of an attorney. See detailed analysis in section D.1 of *Reply to Plaintiffs' Opposition to Doe's Supplemental Memorandum of Law* on Feb. 26, 2008, Second, plaintiffs claim MediaSentry only gathered public information. This is not an exception and is also untrue. See section D.2 of *Reply to Plaintiffs' Opposition to Doe's Supplemental Memorandum of Law* where Doe previously rebutted plaintiffs' frivolous "public information" argument.

Plaintiffs claim that they were unaware of the Jan. 2, 2008, cease and desist letter when counsel appeared at the Jan. 28, 2008 hearing and that is why they would not admit to it when the undersigned called it to the Court's attention. In sharp contrast, plaintiffs claim that Linares closely supervised MediaSentry and they were equivalent to being an employee of Linares who was an attorney employed by RIAA. Either plaintiffs' counsel has an unusual view of their duty

of candor to the Court or MediaSentry did not report the cease and desist letter to its supervisor, Linares, or attorney Linares did not report the letter to counsel appearing at the Jan. 28 hearing.

### V.  The Court Properly Determined that there was a Statistically Reasonable Inference of Distribution

Again, only 10 files were identified as recordings of plaintiffs' copyrighted works, not 700, and there was no evidence that any were unlicensed, contrary to Linares's false declarations that they were infringements.

### VI.  Intent is not Required for Copyright Infringement

Intent is an element of "offering to distribute" or "making available." The Court recognized this obvious principle and implied intent due to a misapprehension as to the number of files each Doe was allegedly "sharing," i.e., up to 700 loosely alleged by plaintiffs vs. 10 or less actually listed by MediaSentry.

## CONCLUSION

The false and misleading Linares declarations should be stricken and all order based on them should be vacated.

Linares falsely declared under penalty of perjury that MediaSentry was able to detect infringement because the P2P software being used by targeted individuals has file sharing features enabled, but no infringement can occur until a file is copied from the targeted individuals, and MediaSentry is unable to detect any such copying except for its own, authorized and therefore non-infringing copying.

Linares also falsely declared that MediaSentry gathers metadata that demonstrates that the targeted individual was engaged in copyright infringement, i.e., that MediaSentry is able to determine from metadata that the individual has made a reproduction, which is not technically

–4–

possible since, as eminent computer scientist Dr. Azer Bestevos, stated in his uncontroverted declaration filed in this action, it is impossible to determine if a file is a licensed file or an unlicensed copy since they are identical.

Linares also implied that RIAA can determine whether a file is an illegal copy by listening to it but the uncontroverted Dr. Azer Bestavos declaration explains why the Linares statement is impossible.

Now plaintiffs assert that Linares as an attorney employed MediaSentry, contrary to his declaration that RIAA employed MediaSentry. Linares is not a Massachusetts attorney and RIAA was not "employed" by him in the sense of a full time employee; MediaSentry performs investigations for hire for others as well, not exclusively for RIAA or exclusively for "attorney" Linares.

Respectfully submitted,

/s/ Raymond Sayeg

Attorney for Doe

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system and will be served electronically to the registered participants identified on the Notice of Electronic Filing (NEF) and paper copies will be served on those indicated as non-registered participants.