UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LONDON-SIRE RECORDS, INC., et al., <br><br> Plaintiffs <br><br> v. <br><br><br> DOE 1 et al., <br><br> Defendants. | No. **1:04cv12434-NG** <br> LEAD DOCKET NO. |

## PLAINTIFFS' MOTION TO QUASH DEPOSITION SUBPOENA DUCES TECUM

Plaintiffs through their undersigned counsel, submit the following Motion to Quash Deposition Subpoena Duces Tecum to the Keeper of Records, Massachusetts State Police ("Defendant's Subpoena"). Defendant's Subpoena should be quashed because it is neither timely nor relevant to any potential legal defense in this case. In support thereof, Plaintiffs represent as follows:

1. Defendant's Subpoena seeks production, on May 9, 2008,[1] from the keeper of records of the Massachusetts State Police of all documents relating to "the investigation, prosecution, and enforcement activities against Safenet, Inc., MediaSentry, and Chris Stephen Fedde, Jr. following the attached letter of January 3, 2008 from Sgt. Bishop of the Certification Unit." Defendant's Subpoena (Attached as Exhibit A). Defendant argues that MediaSentry's

---

[1] We received notice on May 8, 2008 that the deposition would not be going forward on May 9, 2008. Plaintiffs submit to preserve its objections to the subpoena and deposition

#1331565 v1

work in this case required a private investigator's license pursuant to Massachusetts General Laws ("MGL") 147, Section 23.

2. This case is still in its incipient stages. Plaintiffs filed this case against Doe Defendants, and sought initial limited discovery to identify the Doe Defendant. Plaintiffs have not yet received the information necessary to identify the Doe Defendant. Once that information is provided, Plaintiffs will name each Defendant by name individually and will proceed with the litigation in the normal course. During that proceeding and pursuant to the Federal Rules of Civil Procedure, Defendant will have the opportunity to obtain discovery regarding the merits of Plaintiffs' claims. Until such time, Defendant should not be permitted to obtain discovery on the merits of Plaintiffs' claims.[2] [3]

3. Defendant's Subpoena is also improper because it seeks information not relevant to the case. In Plaintiffs' Response in Opposition to Supplemental Memorandum of Law of

---

[2] Defendant also did not confer with Plaintiffs' counsel prior to setting the May 9, 2008 deposition date. Starting on April 28, 2008, Plaintiffs' counsel left several messages for Defendant's counsel seeking a copy of the subpoena. Defendant's counsel did not provide a copy of the subpoena until May 6, 2008 – 3 days prior to the original deposition date.

[3] In serving discovery, Defendant must comply with the Federal Rules of Civil Procedure, which they have not. Rule 26(d)(1) provides that "[a] party may *not seek discovery from any source before the parties have conferred as required by Rule 26(f)*, except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, *or by court order*." (emphasis added). In this case, there has not been an Answer filed, yet alone a Rule 26(f) conference. As such, Defendant may only promulgate discovery if they satisfy one of the Rule 26(f) discovery exemptions, which he/she has failed to do. First, this proceeding is not exempted from initial disclosure under Rule 26(a)(1)(B). Second, Plaintiffs have not stipulated to any discovery. In fact, Plaintiffs object to Defendant's Subpoena because it is both premature and seeks information that is not relevant to any claim or defense in the case. Third, Defendant has not sought nor obtained an order of this Court permitting early discovery. *Yokohama Tire Corp. v. Dealers Tire Supp.*, 202 F.R.D. 612, 613-14 (D. Az. 2001). However, in conferring with Defense counsel prior to filing the instant motion, he indicated that he would not seek the discovery requested by the subpoena until after a Rule 26 conference had occurred. As such, Plaintiffs no longer advance this argument as a basis for its motion to quash moving forward.

Boston University Doe in Support of Doe Defendants' Motion to Quash and Subpoena Civil Action No. 07-cv-1083 (Original Docket No.), Plaintiffs briefed in detail why the MGL Chapter 23 provisions do not apply the work of MediaSentry in this case. Accordingly, these arguments will only be summarized here. First, MediaSentry does not fall under the MGL Section 23 licensing requirements because the investigative work was performed on behalf of counsel and accordingly was not subject to the Section 23 licensing requirements. Second, MediaSentry did not conduct an investigation subject to Section 23 because its work merely involved gathering public information. Third, Defendant does not have standing to enforce the statute. Finally, even if a violation of Section 23 occurred, there is no legal basis for excluding the information MediaSentry gathered. As such, the documents and testimony Defendant seeks can bear no relevance on the claims and defenses in this case.

4.      Plaintiffs informed Defendant's Counsel of Plaintiffs' objections to Defendant's Subpoena. Defendant responded to Plaintiffs by letter dated May 6, 2008 ("Defendant's Letter"). Defendant assert that the deposition is needed to evaluate the credibility of MediaSentry's investigations. This argument is simply a red herring. Defendant does not challenge the integrity of the evidence gathered by MediaSentry or claim that they are innocent. Instead, they raise the collateral licensing issue to avoid being identified. As noted in Plaintiffs' prior pleadings, even if MediaSentry did not comply with the licensing requirements, this is not a basis for excluding the evidence it gathered.[4]

---

[4] Defendant's Letter also includes an attack on Plaintiffs' candor that is disingenuous at best. Defendant claims that Plaintiffs should have filed the letter MediaSentry received with the Court. Plaintiffs first learned of the MediaSentry issue at the hearing on Does' Motion To Quash the Subpoena Served on Boston University. As a result, Plaintiffs were not in a position to address the issue at or prior to the hearing. And, even if they were, Defendant has cited to no authority that would require Plaintiffs' to have disclosed the letter.

5.  Finally, it is not clear that defense counsel even represents one of the defendants in this case. Defense counsel continues to refuse to disclose even by Doe number which Doe, if any, that he represents. Since only parties are permitted to serve discovery [*Mastercard Int'l Inc. v. Fred'n Internationale de Football Ass'n*, 471 F.3d 377, 382 (2d Cir. 2006) (finding that a non-party to the underlying action did not have standing to file a motion to dismiss); *PFIP, LLC v. Aspen Total Fitness Centereach, LLC*, 2006 U.S. Dist. LEXIS 37968, *3 (D.N.H. June 7, 2006) (holding that two non-parties to an action lacked standing to file a motion to dismiss and/or transfer)]. Because defense counsel has not disclosed which, if any party, he represents, the subpoena should be quashed on this basis as well. For all of the reasons set forth above Defendant's Subpoena should be Quashed.

                ARISTA RECORDS LLC; WARNER BROS. RECORDS INC.; ATLANTIC RECORDING CORPORATION; VIRGIN RECORDS AMERICA, INC.; UMG RECORDINGS, INC.; BMG MUSIC; CAPITOL RECORDS, INC.; SONY BMG MUSIC ENTERTAINMENT; MOTOWN RECORD COMPANY, L.P.; MAVERICK RECORDING COMPANY; ELEKTRA ENTERTAINMENT GROUP INC.; LAFACE RECORDS LLC; and INTERSCOPE RECORDS

By their attorneys,

Dated: May 12, 2008    By: Nancy M. Cremins
John R. Bauer, BBO# 630742
Nancy M. Cremins, BBO # 658932
ROBINSON & COLE LLP
One Boston Place
Boston, MA  02108-4404
Main Phone:  (617) 557-5900
Main Fax:  (617) 557-5999

#1331565 v1

## Local Rule 7.1(A)(2) Certificate

I, Nancy M. Cremins, attorney for Plaintiffs in the above-captioned matter, hereby certify that on May 8, 2008 and May 9, 2008, Plaintiffs' counsel conferred with Defense counsel regarding the subject of the within motion and that we attempted in good faith to resolve or narrow the issues raised by the instant motion.

/s/ Nancy M. Cremins
Nancy M. Cremins

## CERTIFICATE OF SERVICE

In accordance with Local Rule 5.2(b), I, Nancy M. Cremins, hereby certify that this document filed through the ECF system on May 12, 2008 will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Nancy M. Cremins
Nancy M. Cremins

#1331565 v1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LONDON-SIRE RECORDS, INC., et al.,

    Plaintiffs,

    -v.-

DOE 1 et al.,

    Defendants.

No. 1:04cv12434-NG
LEAD DOCKET NO.

DEPOSITION

SUBPOENA

DUCES TECUM

To:   Keeper of Records
Massachusetts State Police
Troop A Headquarters
485 Maple Street
Danvers, MA 01923

A TRUE COPY ATTEST

BY _David G. BeDugnis, Jr._
Constable of Revere

**GREETINGS.**

**YOU ARE HEREBY COMMANDED**, in the name of the Commonwealth of Massachusetts in accordance with the provisions of Rules 26, 30, 34 and 45 of the Federal Rules of Civil Procedure, to appear and testify on behalf of DOE 1 et al., before a Notary Public in and for the Commonwealth of Massachusetts, or before some other officer authorized by law to administer oaths, commencing at **10:00 a.m. on May 9, 2008** at the offices of Denner Pellegrino, LLP, 4 Longfellow Place, 35th Floor, Boston, MA 02114 and there to testify as to your knowledge at the taking of the deposition in the above-entitled action.

*And you are further required to bring with you:*

- All documents listed on the attached Schedule A.

**HEREOF FAIL NOT**, as you will answer your default under the pains and penalties in the law in that behalf made and provided.

Dated at: Boston, this 23rd day of April, 2008.

[SEAL]

                              Notary Public/Justice of the Peace
                              My Commission Expires: 3/14

## SCHEDULE A

### Deposition of Keeper of Records of Massachusetts State Police

You are required to bring with you as they relate to Safenet, Inc. "MediaSentry", and Chris Stephen Fedde, Jr.:

1. Any and all documents in the possession of the Commonwealth, including all agencies thereof, related to the investigation, prosecution, and enforcement activities against Safenet, Inc., MediaSentry, and Chris Stephen Fedde, Jr. following the attached letter of January 3, 2008 from Sgt. Bishop of the Certification Unit.

*YOUR ATTENDANCE IS NOT REQUIRED IF THE MATERIAL IS PROVIDED 24 HOURS IN ADVANCE WITH A NOTARIZED STATEMENT ADVISING THAT THE COPIES PROVIDED ARE TRUTHFUL AND ARE FROM RECORDS UNDER YOUR CONTROL AND ARE MAINTAINED IN THE REGULAR COURSE OF BUSINESS.*

**COMMONWEALTH OF MASSACHUSETTS**
County of Suffolk Docket/Case No: 1:04CV12434-NG

I hereby certify and return that today, April 23, 2008, at 2:50 PM, I summoned the within named witness Keeper of Records - Massachusetts State Police to appear and give testimony (*or produce*) as within directed, by delivering in hand to Trooper Sherber, the Agent and Person in Charge of the business at the time of service, a true and attested copy of the within Subpoena Duces Tecum, together with the sum of $7.00, (Seven Dollars and Zero Cents), being the fee for one day's attendance and travel. Said service was effected at: Troop A Headquarters, 485 Maple Street, Danvers, MA 01923.

Signed under the pains and penalties of perjury today, April 23, 2008.

*Richard Cornacchini*

Richard D. Cornacchini, Constable
& Disinterested Person over Age 18.
Roscoe, BeDugnis & Associates
Constables' Office
15 Court Square, Suite 450
Boston, MA, 02108-2519
(617) 523-1036, (617) 723-4247 Fax

Service:$50.00
Witness Fee:$7.00
Total:$57.00