UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LONDON-SIRE RECORDS, INC., et al., ) | No. **1:04cv12434-NG** |
| ) | LEAD DOCKET NO. |
| Plaintiffs, ) | |
| ) | |
| -v.- ) | |
| ) | |
| DOE 1 et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO STRIKE LINARES DECLARATIONS AND MOTION TO VACATE ALL ORDERS GRANTING EXPEDITED OR IMMEDIATE DISCOVERY**

This memorandum supplements Doe Memorandum in Support of Motions to Strike *(A) Declartaions of Carlos Linares In Support of Ex Parte Applications for Leave to Take Immediate Discovery and (B) Vacate All Orders Granting Said Applications,* pleading #172 in the above-referenced docket. Doe requests leave to file this supplemental memorandum because neither Doe nor Doe's counsel discovered less than two weeks ago an important fact regarding the truth of the Linares declarations and plaintiffs' representations regarding Linares's status as an attorney and Doe believes the newly discovered fact will be of interest to the Court in deciding the pending motions to strike and vacate.

*Plaintiffs' Opposition To Motion To Strike Declarations Of Carlos Linares In Support Of Ex Parte Applications For Leave To Take Immediate Discovery; And Vacate All Orders Granting Said Applications,* pleading 177, claimed on page 2 that "Mr. Linares is an attorney employed by the Recording Industry Association of America ('RIAA') to work on behalf of the Plaintiff record companies" and, on page 3, that "MediaSentry does not fall under the MGL Section 23 licensing requirements because the investigative work was performed on behalf of counsel [Linares] and accordingly was not subject to the Section 23 licensing requirements."

Plaintiffs were referring to the Chap. 147, Sec. 23, paragraph 6 exemption for "An attorney at law in the practice of his profession" and were contending, in effect, that Linares was acting as such an attorney at law performing the investigations, assisted by MediaSentry.

Doe recently found out that <u>Mr. Linares was never admitted to practice law in the District of Columbia</u>, the jurisdiction where his office was located. Plaintiffs did not call this important fact to the attention of the Court when they argued that Linares was an attorney and that MediaSentry's investigative work was on behalf of Linares acting as an attorney at law within the meaning of the MGL exemption.

The Linares declarations all state that he has been employed as Vice President, Anti-Piracy Legal Affairs by RIAA and his office is located at 1025 F St., NW, 10th Floor, Washington, DC 20004. The Linares declarations do <u>not</u> state that he is an attorney nor do they state that he conducted the investigations, nor that he hired MediaSentry. The Linares declarations <u>do</u> state that "the RIAA retained a third party investigator, MediaSentry, Inc. ('MediaSentry') to conduct searches of the Internet." Therefore there is a crucial inconsistency between plaintiffs' claims on pages 2 and 3 of their *Opposition* and the Linares declarations.

Because Linares was not acting as an attorney but was acting as an officer of RIAA, MediaSentry was not merely assisting with investigations being carried out by an "attorney at law in the practice of his profession."

Plaintiffs should not be permitted to rely on the Massachusetts "attorney at law in the practice of his profession" exemption when Linares was not admitted to practice law in D.C., did not declare that he practices an attorney, and when he did not personally hire or employ MediaSentry.

                                                     Respectfully submitted,
                                                     JOHN DOE
                                                     By its Attorneys

Dated June 3, 2008                          /s/ Raymond Sayeg_____
                                                     Raymond Sayeg, BBO #555437
                                                     DENNER PELLEGRINO, LLP
                                                     Four Longfellow Place, 35th Floor
                                                     Boston, Massachusetts  02114
                                                     (617 ) 742-1184

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system and will be served electronically to the registered participants identified on the Notice of Electronic Filing (NEF) and paper copies will be served on those indicated as non-registered participants.

                                                                                              _/s/ Raymond Sayeg_____
                                                                                              Denner Pellegrino LLP

: